# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

CHARLES C. CARELLA
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

DONALD F. MICELI
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
STEPHEN R. DANEK
MICHAEL A. INNES
MEGAN A. NATALE

5 BECKER FARM ROAD
ROSELAND, N.J.  07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

May 19, 2023

PETER G. STEWART
FRANCIS C. HAND
JAMES A. O'BRIEN, III
JOHN G. ESMERADO
STEVEN G. TYSON
MATTHEW J. CERES
MARC D. MORY
 ZACHARY A. JACOBS***
 JASON H. ALPERSTEIN++

OF COUNSEL

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
**MEMBER NY BAR
***MEMBER IL BAR
+MEMBER FL BAR
+ + MEMBER NY & FL BAR

RAYMOND J. LILLIE
GREGORY G. MAROTTA
KEVIN G. COOPER
MARYSSA P. GEIST
JORDAN M. STEELE**
MICHAEL K. BELOSTOCK
BRIAN F. O'TOOLE**
SEAN M. KILEY
ROBERT J. VASQUEZ

**VIA ECF**

Honorable William J. Martini
United States District Judge
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey  07102

       Re:   *Our Own Candle Company, Inc. v. Givaudan. S.A. et al.*
              Civil Action No. 23-2174 (WJM)(JBC)

Dear Judge Martini:

      This firm, and others, represent Plaintiff in the above matter.  We write to propose the entry of an Order pursuant to Rule 23(g) appointing interim class counsel on behalf of the proposed direct purchaser class.

      Successful prosecution of this complex class action litigation will require a team with the stature, experience, skill and proven track record to develop the record and certify the class, and with the capability to successfully try this case or negotiate a settlement.  We respectfully submit that we are willing and able to lead this team.  In our view, the most important experience, attributes and abilities for the leadership in this case are the ability to: (i) work cordially and cooperatively with *both* plaintiff and defense counsel; (ii) work efficiently with a solution-oriented, get-the-job-done approach; (iii) involve the Court to resolve disputes *only* when necessary; and (iv) expedite resolution of this case, while zealously protecting the interests of the class. To that end, since filing the Our Own Candle Company action, we conducted ongoing fact development and investigation in the best interest of the class, retained an economic expert, served all domestic defendants, commenced service on foreign defendants, and negotiated a stipulation with defendants.

### *Litigation Background*

      By way of background, Plaintiff asserts claims on behalf of itself and other direct purchasers of fragrance products, compounds and ingredients from Defendants, the major producers of such products.  Defendants are presently under investigation by competition authorities in the United States, Switzerland, United Kingdom, France and European Union for allegedly fixing prices, customer allocation and agreements to restrict supply in violation of

Honorable William J. Martini
May 19, 2023
Page 2

applicable antitrust laws. This putative class action was filed on April 18, 2023. To date, counsel have acted on behalf of the class, including the continued investigation of claims, discussions with market participants, retention of an expert, meeting and conferring with defense counsel, entering into a preliminary schedule that contemplates service on the foreign defendants, an amended complaint, ESI protocol and proposed protective order.

### *Appointment of Counsel*

In complex cases such as this, it is well-established that the Court may appoint counsel to coordinate the prosecution of the litigation. Rule 23 specifically provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The Advisory Committee Notes to Rule 23(g)(2)(A) explain that the rule "authorizes [a] court to designate interim counsel during the precertification period if necessary to protect the interests of the putative class."

"Although neither the federal rules nor the Advisory Committee Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)([A]), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Insulin Pricing Litig.*, 2017 WL 4122437, at *1 (D.N.J. Sept. 18, 2017) (citation omitted); *see also Waudby v. Verizon Wireless Servs., Inc.*, 248 F.R.D. 173, 175-76 (D.N.J. 2008).

We propose a leadership structure that avoids protracted motion practice and – more importantly – efficiently serves the interests of the aggrieved putative class. We hope that our proposed structure meets with Your Honor's approval.

In sum, we think our proposal is sensible, efficient, and in the best interests of the class and the Court. We propose a leadership structure consisting of Interim Lead Class Counsel: James E. Cecchi of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. and Linda Nussbaum of Nussbaum Law Group, P.C.

As detailed below, each individual lawyer and firm has extensive experience in complex antitrust class action matters, including in the District of New Jersey and each proposed candidate is prepared to devote their personal time and firm resources necessary to vigorously prosecute this action. This is a complex case that will require significant antitrust and case management expertise. Class Counsel will need to litigate with European entities and coordinate, as appropriate, with governmental authorities.

### *The Proposed Structure Satisfies Rule 23*

The responsibilities of interim class counsel mirror those of class counsel (appointed after the class has been certified). Courts therefore consider the same factors enumerated in Rule 23(g)(1)(A) in selecting interim class counsel. *In re Insulin Pricing Litig.*, 2017 WL 4122437, at *1. The Federal Rules of Civil Procedure instruct courts to consider the following when appointing class counsel: (i) the work counsel has done in identifying or investigating potential claims in the

Honorable William J. Martini
May 19, 2023
Page 3

action; (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

The court may also consider any other matter "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Appointment is appropriate where the Court concludes that "[c]lass counsel [will] fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(2) and (4).

Proposed Lead Interim Class Counsel satisfy the applicable criteria. Mr. Cecchi and Ms. Nussbaum and their firms have worked to identify and investigate the potential claims are experienced in handling complex antitrust class actions, possesses in-depth knowledge of the applicable law; and has resources necessary to commit to representing the proposed class. *See* Fed. R. Civ. P. 23(g)(1).

Each of these individuals are at firms that are all experienced in class action litigation, have worked collegially and collaboratively on many matters, and have substantial experience working in a wide range of complex matters. Attorneys at these firms have decades of experience litigating some of the nation's most complicated class actions and have successfully recovered billions of dollars in damages for class members.

### A.  Proposed Lead Interim Class Counsel Filed A Detailed and Comprehensive Complaint

Proposed Lead Interim Class Counsel have filed a detailed, comprehensive complaint on April 18, 2023 and have devoted, and will continue to devote, such care and commitment to this litigation. The proposed attorneys have already demonstrated efforts to work together in a collegial, efficient, and professional manner. The work performed to date by Proposed Lead Interim Class Counsel demonstrates that they are well-suited to lead this important matter.

### B.  Lead Interim Class Counsel Has Extensive Experience in Complex Class Action Litigation, including Antitrust Litigation

Lead Interim Class Counsel has served individually as lead or co-lead counsel in many similarly large and complex antitrust class actions including those, such as this, with foreign defendants and commodity products. A sampling of those cases is described below and supplemented by a short-form firm resume attached to this submission.

#### 1.   James E. Cecchi of Carella Byrne[1]

Mr. Cecchi and his firm Carella Byrne have served as lead counsel, co-lead counsel and as committee members in some of the most important antitrust class actions in New Jersey and the

---
[1] For additional information, please see Exhibit A submitted herewith.

Honorable William J. Martini
May 19, 2023
Page 4

nation. Examples of Carella Byrne's class representations in New Jersey and the nation over the last ten years include, but are not limited to:

- *In re: Mercedes-Benz Emissions Litig.*, Civil Action No. 16-881 (D.N.J.) (Hon. Kevin McNulty) (James Cecchi appointed as Co-Lead Counsel for Plaintiffs and the Class in a case arising out of the alleged use of a defeat device to evade U.S. emissions regulations; settlement with value in excess of $800,000,000 granted final approval in July 2021.)

- *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.) (Hon. Charles R. Breyer) (James Cecchi appointed to Steering Committee and as Settlement Class Counsel; settlement in excess of $15,000,000,000 for consumer fraud and warranty claims arising from the use of a defeat device to evade U.S. emissions regulations.)

- *In re: Takata Airbag Prods. Liab. Litig.*, MDL No. 2599 (S.D. Fla.) (Hon. Frederico A. Moreno) (James Cecchi appointed to six-firm Steering Committee and as Settlement Class Counsel; settlement in excess of $1,500,000,000 for consumer fraud and warranty claims arising from use of defective and dangerous airbags; the case is ongoing as it pertains to second-wave defendants, including Mercedes Benz USA.)

- *In re: Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*, MDL No. 2904 (D.N.J.) (Hon. Madeline Cox Arleo) (Multi-defendant data breach where James Cecchi is Sole Lead Counsel.)

- *In re National Prescription Opiate Litig.*, MDL No. 2804 (N.D. Ohio) (Hon. Dan A. Polster) (James Cecchi appointed to Plaintiffs' Executive Committee relating to marketing of opioid drugs; settlements in excess of $50,000,000,000 now being distributed to cities and towns across the United States to abate the Opioid epidemic.)

- *In Re: Vytorin/Zetia Marketing, Sales Practices & Prods. Liab. Litig.* MDL No. 1938 (D.N.J.) (Hon. Dennis M. Cavanaugh) (James Cecchi Co-lead counsel for class in case arising out of the marketing of drug Vytorin; settlement of $41,500,000 secured for consumer class.)

- *In re Schering-Plough/Enhance Sec. Litig.*, Civil Action No.: 08-397 (D.N.J.) (Hon. Dennis M. Cavanaugh)

- *In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*, Civil Action No. 08-2177 (D.N.J.) (Hon. Dennis M. Cavanaugh) (securities fraud claims arising from marketing and sale of anti-cholesterol drugs Vytorin and Zetia) (James Cecchi Co-Lead Counsel in Consumer Cases and Co-Liaison Counsel in Securities Cases which collectively settled for $688,000,000.)

Honorable William J. Martini
May 19, 2023
Page 5

- *In re: Liquid Aluminum Sulfate Antitrust Litig.*, MDL No. 2687 (D.N.J.) (Hon. Jose L. Linares) (Direct purchaser Antitrust case on behalf of municipalities and paper mills regarding price fixing claims arising from the sale of chemicals utilized in water treatment and paper production; James Cecchi appointed as Lead Counsel and secured a settlements greater than $100,000,000.)

- *In Re Effexor XR Antitrust Litig.*, Civil Action No. 11-5661 (D.N.J.) (Hon. Joel A. Pisano) (claims on behalf of indirect purchasers of brand-name drug alleging that manufacturer obtained patent by fraud and enforced patent by sham litigation to maintain illegal monopoly of brand-name drug; James Cecchi appointed as Chair of Plaintiffs' Indirect Purchaser Executive Committee.)

- *Davis Landscape v. Hertz Equip. Rental*, Civil Action No. 06-3830 (D.N.J.) (Hon. Dennis M. Cavanaugh) (Co-Lead Counsel in settlement valued at over $50,000,000 on behalf of contested nationwide class asserting claims that HERC's loss/damage waiver charges violated the New Jersey Consumer Fraud Act because it provides no benefit to customers.)

- *In Re: Merck & Co., Inc., Sec., Derivative & "ERISA" Litig.*, MDL No. 1658 (D.N.J.) (Hon. Stanley R. Chesler) (securities fraud claims arising from Merck's failure to disclose problems with commercial viability of anti-pain drug Vioxx which settled for more than $1,000,000,00; James Cecchi appointed as Sole Liaison Counsel for the Class.)

- *In re: Mercedes-Benz Tele-Aid Contract Litig.*, MDL No. 1914 (Hon. Dickson R. Debevoise) (Co-Lead Counsel in $40,000,000 settlement of consumer fraud claims arising from Mercedes' failure to notify Tele-Aid customers of mandated change from analog to digital system and charging customers to replace system Mercedes knew would be obsolete.)

2. **Linda P. Nussbaum of Nussbaum Law Group, P.C.**[2]

Nussbaum Law Group, PC ("NLG") is a litigation firm specializing in the prosecution of precedent-setting class litigation with the singular focus of providing the highest level of service and best results. Linda Nussbaum, the firm's founder, has been at the forefront of landmark fair competition and other complex class cases for over 40 years. The firm's experienced litigators have played leading roles in recovering billions of dollars for their clients from the world's largest corporations. The firm has repeatedly successfully represented individuals, public companies and classes in significant and high-stakes, multifaceted litigation in courts throughout the country.

---

[2] For additional information, please see Exhibit B submitted herewith.

Honorable William J. Martini
May 19, 2023
Page 6

**Co-Lead Positions in the District of New Jersey**

Ms. Nussbaum is proud of her track record in this District and across the United States. She has successfully managed cases with collegiality, effectiveness, and efficiency, in accordance with the letter and spirit of Rule 1, while, at the same time, recovering billions of in valuable relief for her clients. By way of example only, she has been honored to have been selected as one of two co-lead counsel in two antitrust class action cases in the District of New Jersey. First, in June 2003, she was appointed co-lead class counsel by Judge Faith S. Hochberg in *In re Remeron Antitrust Litig.*, 2:03cv0085-FSH-PS, Dkt. No. 37 (D.N.J.). After several years of contested litigation, that case settled for $75 million. In approving the settlement of that case, Judge Hochberg recognized the skill and contribution of the co-lead counsel, commenting that: "[W]e sitting here don't get to see such fine lawyering, and it's really wonderful for me both to have tough issues and smart lawyers. On behalf of the entire federal judiciary I want to thank you for the kind of lawyering we wish everybody would do."

In January 2012, Ms. Nussbaum was appointed by Judge Linares to serve as co-lead counsel in *Castro, et al. v. Sanofi Pasteur, Inc.*, 2:11cv07178-JLL-MAH, Dkt. No. 27 (D.N.J.). The *Castro* case alleged anticompetitive conduct by the manufacturer of Menactra and other pediatric vaccines. Judge Linares denied the motion to dismiss, and defendants' affirmative defenses and counterclaims against the named plaintiffs, in favorable opinions. *See* Dkt. Nos. 106, 135. After that case was later reassigned, Judge Arleo held a three-day *Daubert* hearing, rejected Defendants' *Daubert* attack, and certified the direct purchaser class. *See* Dkt. No. 415. That case ultimately settled for $61.5 million.

In addition, Ms. Nussbaum has recently served with Mr. Cecchi on the Plaintiffs' Steering Committee in *In re Liquid Aluminum Sulfate Antitrust Litig.*, 2:16-md-02687-MCA-MAH (D.N.J.) (now settled) and is currently serving as one of the Co-Lead Counsel for the LabCorp Track in *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation*, 2:19-md-02904-MCA-MAH (D.N.J.) pending before Judge Arleo.

**Co-Lead Counsel in Multi-Defendant, Chemical Additives Cases Similar to Fragrance Ingredients Industry**

Ms. Nussbaum been appointed to the leadership of numerous antitrust class actions alleging anticompetitive activity in the chemical additives industry. Over the years, she has developed expertise in handling those matters and the rather unique challenges that those cases can present in discovery and class certification. A number of those cases, like this one, had parallel criminal proceedings. These matters include: *In re Sorbates Direct Purchaser Antitrust Litig.*, No. 3:98cv04886-MMC (N.D. Cal.) (Co-Lead) (settled for $92 million, November 2002); *In re Methionine Antitrust Litig.*, MDL No. 1311, 3:00md01311-CRB (N.D. Cal.) (Co-Lead) (settled for $107 million, June 2003); *In re Plastics Additives Antitrust Litig.*, MDL No. 1684, Master Docket No. 2:03cv02038-LDD (E.D. Pa.) (Co-Lead) (settled for $46.8 million, June 2008); *In re Microcrystalline Cellulose Antitrust Litig.*, MDL No. 1402, Master File No. 2:01cv00111-TON (E.D. Pa.) (Co-lead) (settled for $50 million, November 2006); *In re Rubber Chemicals Antitrust*

Honorable William J. Martini
May 19, 2023
Page 7

*Litig.*, MDL No. 1648, 3:04md01648-MMC (N.D. Cal.) (Co-Lead) (settled for $319.5 million, November 2006); and *In re Foundry Resins Antitrust Litig.*, MDL No. 1638, 2:04md01638-GLF-MRA (S.D. Ohio) (Co-Lead) (settled for $14.1 million, March 2008). Many of these cases involved foreign defendants and international investigations.

### **Nearly Three Decades of Antitrust Experience**

Ms. Nussbaum has had considerable experience over almost three decades in serving in the leadership of class actions and other complex litigation, and in the types of claims asserted in this case. Chief Judge Hogan of the District of Columbia complemented her work as co-lead counsel in *In re Lorazepam & Clorazepate Antitrust Litig.* MDL 1290, 99ms00276-TFH (DDC) stating: "Obviously, the skill of the attorneys, and I'm not going to spend the time reviewing it, I'm familiar with counsel, and they, as I said, are among the best antitrust litigators in the country." Recently, Judge Paul A. Engelmayer in approving the settlement and fee *in In re Zinc Antitrust Litigation*, 14 Civ. 3728 complimented Ms. Nussbaum and her co-lead counsel stating: "I have been truly impressed by counsel's work in the case. I wish the caliber of lawyering in this case was the model for all cases before me."

She has successfully served in a variety of leadership structures, from sole lead, to one of 2, 3, or 4 co-leads. All structures in which she has participated have been efficient, collegial, and successful. No court has ever questioned the adequacy of her representation on behalf of any direct purchaser class.

Ms. Nussbaum has served as Lead or Co-Lead counsel in over 25 direct purchaser antitrust class actions, in jurisdictions throughout the United States, including the District of New Jersey described above.[3] Many of these have involved antitrust claims asserted against corporate

---

[3] *In re Sorbates Direct Purchaser Antitrust Litig.*, 3:98-cv-04886-MMC (N.D.Ca.) (USDJ Maxine M. Chesney); *In re Lorazepam & Clorazepate Antitrust Litig.*, MDL No. 1290, 99-ms-00276-TFH (D.D.C.) (Chief Judge Thomas F. Hogan); *In re Methionine Antitrust Litig.*, MDL No. 1311, 3:00-md-01311-CRB (N.D. Ca.) (USDJ Charles R. Breyer); *Oncology & Radiation Associates, P.A. v. Bristol-Myers Squibb Company & American Bioscience*, 1:01-cv-02313-EGS (D.D.C.) (USDJ Emmet G. Sullivan); *In re Relafen Antitrust Litig.*, 01-cv-12239 (D. Mass.); *Meijer, Inc. v. SmithKline Beecham*, 01-cv-12239-WGY (D. Mass.) (Chief Judge William G. Young); *In re Microcrystalline Cellulose Antitrust Litig.*, MDL No. 1402, 01-cv-00111-TNO (E.D. Pa.) (USDJ Thomas N. O'Neill Jr.); *In re Plastics Additives Antitrust Litig.*, MDL No. 1684, 03-cv-02038-LDD (E.D. Pa.) (USDJ Legrome D. Davis); *In re Remeron Direct Purchaser Antitrust Litig.*, Master Docket 02-2007-FSH (D.N.J.); *Meijer, Inc. v. Organon, Inc.*, 2:03-cv-0085-FSH (D.N.J.) (USDJ Faith S. Hochberg); *In re Foundry Resins Antitrust Litig.*, MDL No. 1638, 04-md-01638-GLF (S.D. Ohio) (USDJ Gregory L. Frost); *North Shore Hematology-Oncology Associates, P.C. v. Bristol-Myers Squibb Co.*, 1:04-cv-00248-EGS (D.D.C.) (USDJ Emmet G. Sullivan); *In re Children's Ibuprofen Oral Suspension Antitrust Litig.*, 1:04-mc-00535-ESH (D.D.C.); *Meijer, Inc. v. Perrigo Company and Alpharma Inc.* (D.D.C.) (USDJ Ellen S. Huvelle); *In re Rubber Chemicals Antitrust Litig.*, 04-md-01648 (N.D. Ca.) (USDJ Maxine M. Chesney); *Meijer, Inc. v. Warner*

defendants residing outside the United States and under investigation by competition authorities in the U.S. and European Union.

Ms. Nussbaum is currently serving as Co-Lead Class Counsel for a certified Rule 23(b)(2) putative class of merchants who accept credit cards in a long-running antitrust litigation challenging supra-competitive merchant fees brought against Visa, Mastercard and the major national banks in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 1:05-md-01720-MKB-VMS (E.D.N.Y.). She is Co-Lead Class Counsel in cutting-edge labor antitrust litigation representing a putative class of employees challenging anticompetitive "no poach" or no solicitation agreements in *In re Outpatient Medical Center Employee Antitrust Litigation*, 1:21-cv-00305-ARW-SRH (N.D. Ill.). She is Co-Lead Counsel representing direct purchasers in antitrust litigation brought against brand drug manufacturers challenging anticompetitive conduct involving the generic entry and various forms of manipulation of the patent laws and Hatch Waxman Act in *In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litigation*, 1:19-md-2895-CFC (D. Del); *In re Actos Direct Purchaser Antitrust Litigation*, 1:13-cv-09244-RA-SDA (S.D.N.Y.); and *In re Vascepa Antitrust Litigation Direct Purchaser Plaintiffs*, 3:21-cv-12747-ZNQ-LHG (D.N.J.).

**Chosen As Antitrust Counsel By Over a Dozen Fortune 500 Companies**

Ms. Nussbaum is unique among leaders of the Plaintiffs' antitrust bar in that she has also been retained by numerous Fortune 500 companies to serve as antitrust counsel in direct action antitrust cases. *See, e.g., In re Payment Card Interchange Fee and Merchant Antitrust Litig.*, 1:05md01720-JG-JO (E.D.N.Y.) (clients included Hewlett-Packard Company, Wegmans Food Markets, Inc., Bed Bath & Beyond Inc., Burlington Coat Factory Warehouse Corporation, Progressive Casualty Insurance Company, and Meijer, Inc.).

**Trial Experience**

Ms. Nussbaum is proud of her ability to handle all aspects of antitrust litigation, from discovery through trial. She has been a trial team member in several antitrust class actions in the past ten years. Although most commenced trial and then settled at some point before verdict, she has prosecuted as co-lead trial counsel and appeal a landmark RICO case concerning the

---

*Chilcott Holdings Co. III, Ltd.*, 05-cv-02195-CKK (D.D.C.) (USDJ Colleen Kollar-Kotelly); *In re DDAVP Direct Purchaser Antitrust Litig.*, 05-cv-02237-CS (S.D.N.Y.) (USDJ Cathy Seibel); *Meijer, Inc. v. Abbott Laboratories*, 07-cv-05985-CW (N.D. Ca.) (USDJ Claudia Wilkin); *Meijer, Inc. v. Braintree Laboratories, Inc.*, 07-cv-00143 (D. Del.) (Special Master B. Wilson Redfearn); *Castro v. Sanofi Pasteur, Inc.*, 2:11-cv-07178-JMV-JBC (D.N.J.) (USDJ Jose L. Linares); *Meijer, Inc. v. Warner Chilcott Public Limited Company*, 12-cv-03824-PSD (E.D. Pa.) (USDJ Paul S. Diamond); *In re Aluminum Warehousing Antitrust Litig.*, 1:13-md-02481-PAE (S.D.N.Y.) (USDJ Paul A. Engelmayer); *In re Zinc Antitrust Litig.*, 2:14-cv-03728-PAE (S.D.N.Y.) (USDJ Paul A. Engelmayer); *IV Saline Solutions Antitrust Litig.*, *Washington County Health Care Authority, Inc. v. Baxter International Inc.*, 1:16-cv-10324-JJT (N.D.Ill.) (USDJ John J. Tharp Jr.).

Honorable William J. Martini
May 19, 2023
Page 9

prescription drug Neurontin. *In re Neurontin Marketing and Sales Practices Litig.*, No. 04cv10981 (D. Mass.). Following six years of litigation, the case proceeded to a five-week jury trial in Boston, where the jury returned a verdict for Kaiser for over $47 million, which was statutorily trebled to over $142 million. Following the trial, Judge Patti Saris commented that: "[this was] a fabulous trial[.] [I]t's the kind of thing that you become a judge to sit on." For my lead trial work on that case, I was recognized as "Litigator of the Week" by the AMLAW LITIGATION DAILY and named as a Finalist for the Public Justice Foundation's 2011 Trial Lawyer of the Year Award.

**Experience with ACPERA, Coordination with DOJ and Guilty Plea Defendants**

Ms. Nussbaum worked cooperatively, extensively, and closely with the Department of Justice, the Federal Trade Commission, and States Attorneys General in many antitrust matters. Most recently, she coordinated extensively with senior attorneys from the Department of Justice in the *American Express* litigation, conducting joint discovery and depositions. She has experience in a number of cases involving defendant guilty pleas and in working with ACPERA defendants. She has expertise in organizing and making productive use of the cooperation offered by those defendants, and how to utilize such cooperation in the best interest of the class.

    **C.    Proposed Lead Interim Class Counsel Will Commit the Necessary Resources To Vigorously Prosecute This Action.**

In addition to their ample experience and qualifications, Proposed Lead Interim Class Counsel are supported by their firms which are well-capitalized, and fully capable and prepared to staff and finance this action without the use of litigation funders. Indeed, the firms have already devoted significant time investigating the bases for the claims asserted in this action and have devoted significant resources to researching, investigating, and drafting detailed pleadings. To achieve an efficient prosecution of this matter, Mr. Cecchi will collect monthly time-reports from each lawyer and firm doing work authorized by proposed leadership.

Thank you for your attention to this matter. Of course, should you have any questions, we are available to answer them at your convenience.

Respectfully submitted,

CARELLA, BYRNE, CECCHI, OLSTEIN
BRODY & AGNELLO, P.C.

/s/ James E. Cecchi

JAMES E. CECCHI

NUSSBAUM LAW GROUP, P.C.

/s/ Linda P. Nussbaum

Honorable William J. Martini
May 19, 2023
Page 10

                            LINDA P. NUSSBAUM

cc: All Counsel (via ECF)