UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OUR OWN CANDLE COMPANY, INC.,** *On behalf of itself and all other similarly situated*<br><br>Plaintiff,<br><br>v.<br><br>**GIVAUDAN S.A., et al.,**<br><br>Defendants. | Civ. No. 2:23-2174 (WJM)<br><br>**ORDER** |

This matter comes before the Court on Plaintiff's request for an Order pursuant to Fed. R. Civ. P. 23(g) for appointment of interim class counsel, ECF No. 5. In addition to the Rule 23(g) factors that the Court must consider in appointing class counsel, the "Manual for Complex Litigation provides further guidance concerning the propriety of interim class counsel appointment prior to class certification." *Yaeger v. Subaru of America, Inc.*, No. 14-4490, 2014 WL 7883689, at *2 (D.N.J. Oct. 8, 2014). The Manual states in pertinent part:

> If the lawyer who filed the suit is to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment.

*Manual for Complex Litigation, Fourth*, § 21.11, at 246 (Federal Judicial Center 2004). Here, because no other attorneys have made their appearance on behalf of other plaintiffs and Plaintiffs' counsel do not identify any "overlapping, duplicative, or competing suits

1

pending in other courts,"[1] the appointment of interim class counsel at this juncture is unnecessary. *See Kuzian v. Electrolux Home Prod., Inc.,*, 937 F. Supp. 2d 599, 620 (D.N.J. 2013); *Santos v. Carrington Mortgage Servs., LLC,* 15-864, 2016 WL 1029268, at *2 (D.N.J. March 15, 2016); *Yaeger,* 2014 WL 7883689, at *2; *see also Berkelhammer v. Automatic Data Processing, Inc.,* No. 20-5696, 2022 WL 3593855 (Aug. 23, 2022); and

For these reasons, and for good cause shown,

**IT IS** on this 7th day of June 2023, **ORDERED** that Plaintiff's request to appoint interim counsel is **denied without prejudice**. Should concerns listed in the *Manual for Complex Litigation* arise before this Court has certified a class, counsel may renew their request.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

---

[1] Plaintiff's counsel here is also the same and only counsel appearing on behalf of the plaintiffs in the two related cases pending before this Court, Nos. 23-3049 (WJM), 23-3050 (WJM).