

Eric T. Kanefsky, Senior Partner
862.772.8149   eric@ck-litigation.com

August 8, 2023

**VIA ECF**

Honorable William J. Martini
Senior United States District Judge
King Fed. Bldg. & United States Courthouse
50 Walnut St., P.O. Box 419
Newark, New Jersey 07101-0419

      Re:    *Our Own Candle Co. v. Givaudan S.A.*
              Civil Action No. 2:23-cv-2174-WJM-JBC

Dear Judge Martini:

We write on behalf of the *Crimson Candle* plaintiff and the Market-Allocation Group[1] in response to the "declaration" belatedly filed on the issue of the appointment of lead-counsel in these fragrance-related antitrust cases. That is, in the past few days, after briefing on the issue of lead-counsel was complete, yet another law firm (Lieff Cabraser) filed yet another copycat complaint and yet another copycat "declaration" in support of the Price-Fixing Group's leadership application. *See* Dkt. 48-1. Lieff Cabraser, like the other firms supporting the Price-Fixing Group, are transparently pre-arranging themselves to stuff the ballot box with the "votes" of self-interested attorneys. But the effort is both procedurally improper and self-defeating.

*First*, the "declaration" is improper because it serves as a *de facto* unauthorized sur-reply brief for the Price-Fixing Group. It is also improper because it does not present facts based on personal knowledge, but instead improperly engages in opinion and naked advocacy. *See, e.g.*, L. Civ. R. 7.2(a) ("Affidavits . . . shall be restricted to statements of fact within the personal knowledge of the signatory . . . Legal arguments and summation . . . will be disregarded by the Court . . . ."); *Hutchins v. United Parcel Serv.*, 197 F. App'x 152, 158-59 (3d Cir. 2006) (finding it "problematic" that declaration was "argumentative" and included "legal analysis"); Dkt. 48-1 ¶¶ 8 (citing case law in arguing that "efficiency concerns . . . can be effectively managed"), 9 (vouching summarily, without any personal knowledge, for the supposed "commitment" and "investment" of *other* law firms).

*Second*, the declaration's inclusion of Lieff Cabraser's "vote" for the Price-Fixing Group is irrelevant. Rule 23 sets forth the factors by which the Court is to determine which application would best serve the interests of the class. It is undisputed that Rule 23 does not allow for the Court to simply count "votes." *See* Dkt. 44-1 (MAG Cross-Motion) at 32-33. This is for good reason: the votes of attorneys may inform the Court about what is in the best interest of the *attorneys*, but very little about what is in the best interest *of the class*.

---

[1] That is, Quinn Emanuel and Cohen Milstein. *See* Dkt. 44-1 (MAG Cross-Motion), 47-1 (MAG Proposed Reply).

ck-litigation.com    862.397.1796    One Newark Center    85 Broad Street
862.902.5458    1085 Raymond Blvd., 14th Floor    Suite 17031
Newark, NJ 07102    New York, NY 10004
*Preferred Mailing Address*

August 8, 2023
Page 2 of 2

> *Finally*, the only actual relevance the declaration has is to re-confirm the efficiency problems inherent in the Price-Fixing Group's application.  On top of our investigation, resources,[2] expertise, and other factors that show we would best-serve the class under the actual standards of Rule 23, we also offer superior efficiency.  The new declaration parrots the Price-Fixing Group's talking points in focusing on the number of *lead* firms—three versus two.  *See* Dkt. 48-1 ¶ 8.  But the Price-Fixing Group yet again elides over the fact that they now have arranged to have a *thirteenth* firm join their group, which is yet another firm for lead counsel to dole assignments out to.  *See id.* at ¶ 10  (offering "resources" to lead firms).  We carry no such "gravy train" behind us, and thus will operate far more efficiently.  *See* Dkt. 44-1 (MAG Cross-Motion) at 31-34; Dkt. 47-1 (MAG Proposed Reply) at 4-5.

> For the reasons set forth above, in our cross-motion, and in our proposed reply, we respectfully request that the Market-Allocation Group's cross-motion for appointment of lead counsel be granted, and that of the Price-Fixing Group be denied.

Respectfully submitted,

Eric T. Kanefsky, Esq.,
Calcagni & Kanefsky LLP

cc:  Counsel of Record (via ECF)

---

[2] The declaration's feigned confusion as to *who* at our firms would lead the case is unavailing.  Our team can of course be seen both in the signature blocks to our papers as well as in the biographies submitted in our own declarations.  *See* Dkt 44-3 at 12-26 (providing biographies of, among others, antitrust partners Christopher Bateman and Michael Eisenkraft, as well as partner Laura Posner); Dkt. 44-4 at 23-38 (providing biographies of antitrust partners Daniel Brockett, Manisha Sheth, and Jeremy Andersen).