UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: FRAGRANCE DIRECT PURCHASER ANTITRUST LITIGATION | Civil Action No. 23-cv-02174 (WJM) (JSA) |
| IN RE: FRAGRANCE INDIRECT PURCHASER ANTITRUST LITIGATION | Civil Action No. 23-cv-3249 (WJM) (JSA) |
| IN RE: FRAGRANCE END-USER PLAINTIFF ANTITRUST LITIGATION | Civil Action No. 23-cv-16127 (WJM) (JSA) |
| | **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF SYMRISE AG'S
MOTION TO DISMISS THE CONSOLIDATED
COMPLAINTS OF DIRECT PURCHASER PLAINTIFFS,
INDIRECT PURCHASER PLAINTIFFS, AND END-USER PLAINTIFFS
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................1

BACKGROUND .........................................................................................................2

LEGAL STANDARD ..................................................................................................3

ARGUMENT ..............................................................................................................5

I.  PLAINTIFFS DO NOT—AND CANNOT—ALLEGE SUFFICIENT
    FACTS FOR THIS COURT TO EXERCISE GENERAL
    JURISDICTION OVER SYMRISE AG ........................................................5

II.  PLAINTIFFS DO NOT—AND CANNOT—ALLEGE SUFFICIENT
     FACTS FOR THIS COURT TO EXERCISE SPECIFIC
     JURISDICTION OVER SYMRISE AG ........................................................9

    A.  Plaintiffs' Allegations Are Insufficient to Find that Symrise AG
        Has Requisite Contacts with the Forum for Specific Jurisdiction ........9

        1.  Plaintiffs' Allegations Are Insufficient to Establish
            Purposeful Availment ...............................................................10

        2.  Plaintiffs' Allegations Are Insufficient to Determine
            Whether Named Plaintiffs' Claims Arise Out of or Relate
            to Any Purported Contacts with the Forum .............................13

        3.  Exercising Personal Jurisdiction over Symrise AG Would
            Contravene Traditional Notions of Fair Play and
            Substantial Justice ...................................................................14

    B.  Symrise Inc. Is Not an Agent of Symrise AG ....................................15

    C.  Plaintiffs Cannot Establish Specific Jurisdiction Through A
        Conspiracy Theory ............................................................................18

    D.  Plaintiffs Fail to Allege Anticompetitive Conduct Expressly
        Aimed at the United States to Satisfy the "Calder Effects Test" ........19

CONCLUSION .........................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Arch v. Am. Tobacco Co.*,
    984 F. Supp. 830 (E.D. Pa. 1997) ........................................................................9

*Asahi Metal Indus. Co. v. Superior Ct. of Cal.*,
    480 U.S. 102 (1987) ..............................................................................................14

*B&C Luxury Auto, LTD. v. Intex Cargo, Inc.*,
    2023 U.S. Dist. LEXIS 45187 (D.N.J. 2023) ......................................................3

*Briskin v. Shenzhen Fest Tech. Co. LTD*,
    2023 U.S. Dist. LEXIS 147046 (D.N.J. 2023) ..................................................12

*Bullard v. Jaguar Land Rover Auto. PLC*,
    2023 U.S. Dist. LEXIS 130741 (D.N.J. 2023) ....................................................7

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ................................................................................................3

*Calder v. Jones*,
    465 U.S. 783 (1984) ........................................................................................19, 20

*Cardenas v. Spinnaker Resorts, Inc.*,
    2017 U.S. Dist. LEXIS 122315 (D.N.J. 2017) ..................................................17

*Castillero v. Xtend Healthcare, LLC*,
    2023 U.S. Dist. LEXIS 212028 (D.N.J. 2023) ....................................................5

*Chavez v. Dole Food Co.*,
    836 F.3d 205 (3d Cir. 2016) (en banc) ................................................................5

*Chernus v. Logitech, Inc.*,
    2018 U.S. Dist. LEXIS 70784 (D.N.J. 2018) ................................................6, 13

*Craig v. Lake Asbestos of Quebec, Ltd.*,
    843 F.2d 145 (3d Cir. 1988) ..................................................................................8

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ..........................................................................................5, 7

*Danziger & De Llano, LLP v. Morgan Verkamp LLC*,
   948 F.3d 124 (3d Cir. 2020) .................................................................10

*Finegold v. Gen. Motors Co.*,
   2023 U.S. Dist. LEXIS 36640 (D.N.J. 2023) ....................................12

*Flipside Wallets LLC v. Brafman Grp., Inc.*,
   2020 U.S. Dist. LEXIS 50206 (E.D. Pa. 2020) ................................10

*Goodyear Dunlap Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011)..............................................................................3

*Heartrepreneur, LLC v. Jones*,
   2020 U.S. Dist. LEXIS 95191 (E.D. Pa. 2020) ................................12

*High 5 Games, LLC v. Marks*,
   2019 U.S. Dist. LEXIS 134359 (D.N.J. 2019) ...................8, 9, 15, 18

*IMO Industries, Inc. v. Kiekert AG*,
   155 F.3d 254 (3d. Cir. 1998) ..............................................................19

*In re Auto. Refinishing Paint Antitrust Litig.*,
   358 F.3d 288 (3d Cir. 2004) .................................................................4

*In re Chocolate Confectionary Antitrust Litig.*,
   602 F. Supp. 2d 538 (M.D. Pa. 2009)................................................20

*In re Diisocyanates Antitrust Litig.*,
   2020 U.S. Dist. LEXIS 40136 (W.D. Pa. 2020)..........................18, 20

*Ioengine, LLC v. Paypal Holdings, Inc.*,
   2019 U.S. Dist. LEXIS 12195 (D. Del. 2019)....................................18

*Jovanovic v. United States Olympic & Paralympic Comm.*,
   2023 U.S. Dist. LEXIS 56828 (D.N.J. 2023) ....................................11

*Kearney v. Bayerische Motoren Werke Aktiengesellschaft*,
   2021 U.S. Dist. LEXIS 62356 (D.N.J. 2021) ...............................16, 18

*Kehm Oil Co. v. Texaco, Inc.*,
   537 F.3d 290 (3d Cir. 2008) ...............................................................15

iv

*Kim v. Korean Air Lines Co.*,
513 F. Supp. 3d 462 (D.N.J. 2021)..........................................................4, 5, 6, 13

*Lasala v. Marfin Popular Bank Pub. Co.*,
410 F. App'x 474 (3d Cir. 2011)................................................................18, 19

*Laverty v. Cox Enters., Inc.*,
2019 U.S. Dist. LEXIS 13588 (D.N.J. 2019) ......................................................9

*Lehigh Coal & Navigation Co. v. Geko-Mayo, GmbH*,
56 F. Supp. 2d 559 (E.D. Pa. 1999)....................................................................15

*Miller v. Adler*,
2018 U.S. Dist. LEXIS 109044 (D.N.J. 2018) ...................................................19

*Murray v. Commercial Union Ins. Co. (Commercial)*,
782 F.2d 432 (3d Cir. 1986) ...............................................................................6

*Napoli v. First Choice Loan Servs. Inc.*,
2020 U.S. Dist. LEXIS 722 (D.N.J. 2020) .........................................................8

*Nicholas v. Saul Stone & Co.*,
224 F.3d 179 (3d Cir. 2000) ................................................................................3

*O'Connor v. Sandy Lane Hotel Co.*,
496 F.3d 312 (3d Cir. 2007) ........................................................................10, 14

*Ohio Sec. Ins. Co. v. Premium Food Grp., Inc.*,
2022 U.S. Dist. LEXIS 115816 (D.N.J. 2022) ..................................................11

*Operative Plasterers & Cement Masons Local No. 29 v. Indus. Constr. of N.J., Inc.*,
2021 U.S. Dist. LEXIS 128208 (D.N.J. 2021) ..................................................11

*Otsuka Pharm. Co. v. Mylan Inc.*,
106 F. Supp. 3d 456 (D.N.J. 2015)......................................................................3

*Ponzio v. Mercedes-Benz USA, LLC*,
447 F. Supp. 3d 194 (D.N.J. 2020)....................................................................13

*Pop Test Cortisol, LLC v. Univ. of Chi.*,
2015 U.S. Dist. LEXIS 79565 (D.N.J. 2015) ......................................................4

*Quality Int'l Packaging, Ltd. v. Chamilia Inc.*,
   2015 U.S. Dist. LEXIS 102919 (D.N.J. 2015) ....................................................17

*Remick v. Manfredy*,
   238 F.3d 248 (3d Cir. 2001) ...................................................................4

*Seltzer v. I.C. Optics, Ltd.*,
   339 F. Supp. 2d 601 (D.N.J. 2004).......................................................7, 16, 17

*Shuker v. Smith & Nephew, PLC*,
   885 F.3d 760 (3d Cir. 2018) ..................................................................12

*Smith v. Zimmer US, Inc.*,
   2020 U.S. Dist. LEXIS 15726 (D.N.J. 2020) ......................................................3

*State Dep't of Envtl. Prot. v. Ventron Corp.*,
   468 A.2d 150 (N.J. 1983) ......................................................................8

*Transp. Ins. Co. v. Am. Harvest Baking Co., Inc.*,
   2015 U.S. Dist. LEXIS 168018 (D.N.J. 2015) ....................................................7

*Trinity Indus. v. Greenlease Holding Co.*,
   903 F.3d 333 (3d Cir. 2018) ..................................................................7

*Turner v. Prince George's Cty. Pub. Sch.*,
   694 F. App'x 64 (3d Cir. 2017) ..............................................................4

*Zelma v. Burke*,
   2017 U.S. Dist. LEXIS 1209 (D.N.J. 2017) ......................................................11

## STATUTES AND RULES

Fed. R. Civ. P. 12(b)(2)...........................................................................1, 3

## **INTRODUCTION**

Symrise AG, a German corporation, moves to dismiss Plaintiffs' Complaints[1] pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for failure to establish personal jurisdiction. Symrise Inc. and Symrise US LLC[2]—U.S. subsidiaries of Symrise AG—do not move to dismiss based on personal jurisdiction. Plaintiffs' Complaints are devoid of factual allegations to establish that Symrise AG has contacts with the United States that are so continuous and systematic such that Symrise AG could be considered "at home" in the forum to support general personal jurisdiction.  Plaintiffs' vague and conclusory allegations are also insufficient to establish specific personal jurisdiction because they fail to show that Symrise AG purposefully directed any activities at the forum or that named Plaintiffs' claims arise out of or relate to those purported activities.  Finally, Plaintiffs cannot establish that Symrise AG deviated from the typical control asserted in a parent/subsidiary relationship in a global corporate group to allow piercing of the corporate veil and

---

[1] "Complaints" refers collectively to Direct Purchasers' Complaint ("DPP CAC") (No. 23-cv-02174, ECF No. 107), Indirect Purchaser Plaintiffs' Complaint ("IPP CAC") (No. 23-cv-03249, ECF No. 43), and End-User Plaintiffs' Complaint ("EUP CAC") (No. 23-cv-16127, ECF No. 38).

[2] This brief focuses on the relationship between Symrise Inc. and Symrise AG because Symrise US LLC is a holding company that "does not engage in any operational activities" nor does it "produce, market, or sell any fragrances, fragrance ingredients, or raw materials."  Declaration of Markus Sattler in Support of Defendant Symrise AG's Motion to Dismiss for Lack of Personal Jurisdiction ("Decl.") ¶¶ 21-22.

imputation of Symrise Inc.'s forum contacts under either an alter ego or agency theory.   Accordingly, the Court should dismiss Plaintiffs' Complaints against Symrise AG for lack of personal jurisdiction.

## <u>BACKGROUND</u>

Symrise AG is incorporated under German law, with its principal place of business in Holzminden, Germany.  Decl. ¶¶ 4-5.  Symrise AG is a producer and seller of flavors, fragrances, fragrance ingredients, and raw materials.  *Id*. ¶ 3. Symrise AG is not registered or licensed to do business in the United States.  *Id*. ¶ 6.  Symrise AG does not (1) maintain any offices or permanent employees in the United States; (2) pay taxes in the United States; (3) own or lease any real property in the United States; (4) possess any other assets in the United States; (5) maintain bank accounts in the United States; or (6) advertise in the United States.  *Id*. ¶¶ 7-11.  Symrise AG has never commenced a lawsuit in the United States.  *Id*. ¶ 12.

Symrise Inc. is an indirectly wholly owned subsidiary of Symrise AG.  *Id*. ¶ 13. Symrise AG and Symrise Inc. are distinct corporations with completely separate boards of directors and board meetings.  *Id*. ¶¶ 14, 15.  Symrise AG and Symrise Inc. maintain separate financial and accounting books and records.  *Id*. ¶ 16.  Symrise AG does not finance Symrise Inc.'s day-to-day business operations.  *Id*. ¶ 17. Symrise AG and Symrise Inc. undergo separate financial audits.  *Id*. ¶ 18.  Finally, Symrise AG does not control Symrise Inc.'s pricing.  *Id*. ¶ 19.

## LEGAL STANDARD

Rule 12(b)(2) permits a court to dismiss a complaint for lack of personal jurisdiction over a defendant.  Fed. R. Civ. P. 12(b)(2).  Once a defendant raises a jurisdictional defense, "plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Smith v. Zimmer US, Inc.*, 2020 U.S. Dist. LEXIS 15726, at *2-3 (D.N.J. 2020).[3]  Plaintiff "must establish with reasonable particularity sufficient contacts between the defendant and the forum state." *Otsuka Pharm. Co. v. Mylan Inc.*, 106 F. Supp. 3d 456, 462 (D.N.J. 2015).

Personal jurisdiction may be established by means of general or specific jurisdiction over a defendant.  *Goodyear Dunlap Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  General jurisdiction requires contacts with the forum that are so "continuous and systematic" as to render a defendant "essentially at home in the forum." *Id*.  Specific jurisdiction requires that a party "purposefully directed his activities at residents of the forum and that the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  "In the Third Circuit, the specific jurisdiction analysis is defendant-specific and claim-specific." *B&C Luxury Auto, LTD. v. Intex Cargo, Inc.*, 2023 U.S. Dist. LEXIS 45187, at *6-7 (D.N.J. 2023) (citing *Nicholas v. Saul*

---

[3] All internal quotation marks, citations, and alterations are omitted unless otherwise noted.

*Stone & Co.*, 224 F.3d 179, 184 (3d Cir. 2000) (specific jurisdiction required for each defendant); *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (specific jurisdiction required for each claim)).  Here, Plaintiffs have failed to sufficiently allege facts to support either general or specific jurisdiction over Symrise AG.

Personal jurisdiction must be consistent with constitutional due process. *Pop Test Cortisol, LLC v. Univ. of Chi.*, 2015 U.S. Dist. LEXIS 79565, at *85 (D.N.J. 2015) ("where jurisdiction is based on a federal question the Due Process Clause of the Fifth Amendment limits the exercise of personal jurisdiction").  In cases involving federal antitrust claims, the Third Circuit considers "defendants' aggregate contacts with the United States as a whole" rather than contacts with the state in which the court sits because federal antitrust statutes authorize nationwide service of process. *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 298 (3d Cir. 2004).

In contrast, for Plaintiffs' state law claims, the Third Circuit "authorizes federal courts to exercise personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Turner v. Prince George's Cty. Pub. Sch.*, 694 F. App'x 64, 65 (3d Cir. 2017).  New Jersey's long-arm statute "provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 468 (D.N.J. 2021).  As such, courts may find jurisdiction for the

4

state law claims only if the defendants are "essentially at home" in New Jersey (for general jurisdiction) or if plaintiffs can establish sufficient contacts with New Jersey (for specific jurisdiction). *Id*. at 468-70. As Plaintiffs have failed to show sufficient contacts with the United States as a whole, any alleged contacts with New Jersey are necessarily insufficient.

## ARGUMENT

## I.   PLAINTIFFS DO NOT—AND CANNOT—ALLEGE SUFFICIENT FACTS FOR THIS COURT TO EXERCISE GENERAL JURISDICTION OVER SYMRISE AG

A court may exercise general jurisdiction over a foreign corporation "to hear any and all claims against it only when the corporation's affiliations with the [forum] in which suit is brought are so constant and pervasive as to render it essentially at home in the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). For corporations, like Symrise AG, the place of incorporation and principal place of business are "paradig[m] . . . bases for general jurisdiction." *Id*. at 137; *see also Castillero v. Xtend Healthcare, LLC*, 2023 U.S. Dist. LEXIS 212028, at *12 (D.N.J. 2023). Indeed, the Third Circuit has found that "it is 'incredibly difficult to establish general jurisdiction . . . in a forum *other* than the place of incorporation or principal place of business.'" *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (en banc).

Symrise AG is incorporated in Germany.  Decl. ¶ 4.  Its principal place of business is in Holzminden, Germany, which serves as "the primary location of the entity's managerial and production functions."  Decl. ¶ 5; *Murray v. Commercial Union Ins. Co. (Commercial)*, 782 F.2d 432, 434 (3d Cir. 1986).  Plaintiffs concede this in all three Complaints.  DPP CAC ¶ 29; EUP CAC ¶ 84; IPP CAC ¶ 39.

General jurisdiction may exist beyond a corporation's state of incorporation and principal place of business only in "exceptional cases" where "its contacts with another forum are so substantial as to render it 'at home' in that state."  *Chernus v. Logitech, Inc.*, 2018 U.S. Dist. LEXIS 70784, at *12 (D.N.J. 2018).  Plaintiffs make no allegations to establish that this is such an "exceptional case" or that Symrise AG conducts any "continuous or systematic" activities so that it could be considered "at home" in either the United States or New Jersey.  *Kim*, 513 F. Supp. 3d at 468 (declining to assert general jurisdiction without a showing of continuous and systematic contacts with the relevant forum).  In fact, Plaintiffs' allegations that Symrise AG conducted any activities in the United States are all qualified by language indicating these activities could have been conducted "through its wholly-owned and controlled subsidiaries and affiliates."  DPP CAC ¶ 29.

Plaintiffs' vague allegations are wholly insufficient to establish general jurisdiction.  In fact, Symrise AG is not registered or otherwise licensed to do business, does not maintain any offices or permanent employees, does not pay taxes,

does not own any assets, does not maintain bank accounts, does not advertise, and has not commenced any lawsuits in the United States.  Decl. ¶¶ 6-12.  As such, there is no basis to find Symrise AG is "at home" in either the United States or New Jersey.

Finally, Plaintiffs cannot establish general jurisdiction over Symrise AG through its relationship with Symrise Inc.  DPP CAC ¶ 29; EUP CAC ¶ 84; IPP CAC ¶ 42.  There is a "strong presumption against attributing a subsidiary's forum contacts to its corporate parent."  *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 613 (D.N.J. 2004).  To assert general jurisdiction, Plaintiffs must prove that the companies are alter egos and pierce the corporate veil,[4] which is a burden that "is notoriously difficult for plaintiffs to meet."  *Trinity Indus. v. Greenlease Holding Co.*, 903 F.3d 333, 365 (3d Cir. 2018).  The veil-piercing analysis is governed by New Jersey state law.  *Transp. Ins. Co. v. Am. Harvest Baking Co., Inc.*, 2015 U.S. Dist. LEXIS 168018, at *8 (D.N.J. 2015).

To pierce the corporate veil, Plaintiffs must plead and prove both that: "(1) the subsidiary was an alter ego or the parent so dominated the subsidiary that it had

---

[4] An agency relationship between a parent and subsidiary, even if established, should only apply to specific jurisdiction.  *Daimler*, 571 U.S. at 135 n.13 ("Agency relationships, we have recognized, may be relevant to the existence of specific jurisdiction . . . It does not inevitably follow, however, that similar reasoning applies to general jurisdiction."); *Bullard v. Jaguar Land Rover Auto. PLC*, 2023 U.S. Dist. LEXIS 130741, at *9 (D.N.J. 2023) (finding that agency theory for establishing general jurisdiction is "currently suspect" after *Daimler* decision).  Plaintiffs' failure to establish specific jurisdiction through the agency theory is discussed infra § II.B.

no separate existence but was merely a conduit for the parent and (2) the parent has abused the privilege of incorporation by using the subsidiary to perpetrate a fraud or injustice, or otherwise circumvent the law." *High 5 Games, LLC v. Marks*, 2019 U.S. Dist. LEXIS 134359, at *18 (D.N.J. 2019); *see also State Dep't of Envtl. Prot. v. Ventron Corp.*, 468 A.2d 150, 164 (N.J. 1983) (finding that alter ego theory requires evidence that parent "dominated" the subsidiary). "It is patently clear since *Ventron* that in New Jersey even the exercise of significant control by the parent over the subsidiary will not suffice to pierce the corporate veil." *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1988). In deciding whether a subsidiary was "merely a conduit for the parent," courts consider various factors such as "failure to observe corporate formalities, gross undercapitalization, absence of corporate records, siphoning of funds of the corporation, and the corporation's existence as a façade for the operations of the dominant stockholder." *Napoli v. First Choice Loan Servs. Inc.*, 2020 U.S. Dist. LEXIS 722, at *13 (D.N.J. 2020).

Plaintiffs allege nothing to suggest that Symrise AG so dominated Symrise Inc. that the subsidiary had no separate existence. Indeed, Symrise AG and Symrise Inc. are distinct corporations which maintain separate corporate existences. Decl. ¶ 14. The entities have different board members and hold separate board meetings and each entity maintains its own financial records and undergoes its own financial audits. *Id*. ¶¶ 15-16, 18. Further, Symrise AG does not provide financial support to

8

Symrise Inc. for its everyday business operations, and it does not control Symrise
Inc.'s pricing decisions. *Id.* ¶¶ 17, 19. As such, the alter ego theory must fail because
there is no evidence of Symrise AG's "undue domination and control" over Symrise
Inc. *Arch v. Am. Tobacco Co.*, 984 F. Supp. 830, 838 (E.D. Pa. 1997); *see also
Laverty v. Cox Enters., Inc.*, 2019 U.S. Dist. LEXIS 13588, at *9-13 (D.N.J. 2019)
(declining to apply alter ego theory where plaintiff failed to present evidence of
parent corporation's undue control over subsidiary).

Plaintiffs' failure to plausibly allege the second prong, that Symrise AG used
its subsidiary to perpetrate a fraud or injustice, provides an independent basis to
reject the alter ego theory for establishing general jurisdiction. *High 5 Games*, 2019
U.S. Dist. LEXIS 134359, at *18 (rejecting alter ego theory where plaintiff made
"no plausible allegations that the corporate structure of the relevant entities reflects
fraud or an effort to circumvent the law").

## II.   PLAINTIFFS DO NOT—AND CANNOT—ALLEGE SUFFICIENT FACTS FOR THIS COURT TO EXERCISE SPECIFIC JURISDICTION OVER SYMRISE AG

### A.   Plaintiffs' Allegations Are Insufficient to Find that Symrise AG Has Requisite Contacts with the Forum for Specific Jurisdiction

The Third Circuit applies a three-part test to determine whether specific
jurisdiction should attach: (1) the defendant must have purposefully directed its
activities at the forum; (2) the litigation must arise out of or relate to at least one of
those activities; and (3) if the prior two requirements are met, a court should consider

9

whether the exercise of jurisdiction otherwise comports with fair play and substantial justice.  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Plaintiffs bear the burden to establish the first two elements with reasonable particularity.  *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020).  Defendant bears the burden of establishing the third requirement only if the first two are met.  *Flipside Wallets LLC v. Brafman Grp., Inc.*, 2020 U.S. Dist. LEXIS 50206, at *3 (E.D. Pa. 2020).

### 1. Plaintiffs' Allegations Are Insufficient to Establish Purposeful Availment

Plaintiffs' threadbare allegations in all three Complaints are too vague to establish that Symrise AG purposefully directed its activities at either the United States or New Jersey.   Plaintiffs fail to offer anything more than imprecise, nonspecific conclusions to support personal jurisdiction over all "Defendants," let alone make any attempt to segregate any U.S. contacts of Symrise AG from its U.S. subsidiary, Symrise Inc.  IPP CAC ¶ 52 ("Defendants have sufficient minimum contacts with the United States . . . Defendants otherwise intentionally avail themselves of the markets in this District"); EUP CAC ¶ 14 ("Defendants . . . transacted substantial business in the United States . . . committed substantial acts in furtherance of the unlawful scheme in the United States"); DPP CAC ¶ 54 ("Defendants also import fragrance ingredients and compounds . . . into the United States").  Such boilerplate recitations, rehashing the legal standard, are regularly

rejected. *Ohio Sec. Ins. Co. v. Premium Food Grp., Inc.*, 2022 U.S. Dist. LEXIS 115816, at *14 (D.N.J. 2022) (finding "[g]eneral allegations" such as that a defendant "regularly conduct[s] business" in the forum state "are insufficient to establish personal jurisdiction"); *Operative Plasterers & Cement Masons Local No. 29 v. Indus. Constr. of N.J., Inc.*, 2021 U.S. Dist. LEXIS 128208, at *6 (D.N.J. 2021) (finding that vague and conclusory allegations are insufficient demonstrate specific jurisdiction); *Zelma v. Burke*, 2017 U.S. Dist. LEXIS 1209, at *8 (D.N.J. 2017) (finding "speculative and conclusory allegations . . . are insufficient to meet [plaintiff's] burden to prove a *prima facia* case of specific jurisdiction with reasonable particularity").

Moreover, Plaintiffs engage in insufficient group pleading when making their personal jurisdiction allegations. Plaintiffs define "Symrise" collectively to include Symrise AG, Symrise Inc., and Symrise US LLC. DPP CAC ¶ 31, EUP CAC ¶ 86; IPP CAC ¶ 42. This renders factual allegations made against "Symrise" meaningless. For example, IPPs allege that "Symrise" "operates in roughly 160 countries, including the United States" and that it has offices in New Jersey, New York, Wisconsin, and South Carolina. IPP CAC ¶ 39. Such group pleading fails to establish jurisdiction as to **Symrise AG** because allegations of specific jurisdiction must be detailed as to each defendant. *Jovanovic v. United States Olympic & Paralympic Comm.*, 2023 U.S. Dist. LEXIS 56828, at *23 (D.N.J. 2023) (finding

11

that "group pleading to establish personal jurisdiction . . . is improper, because each defendant's contacts with the forum state must be assessed individually"); *Heartrepreneur, LLC v. Jones*, 2020 U.S. Dist. LEXIS 95191, at *9-10 (E.D. Pa. 2020) ("Plaintiffs may not simply lump Defendants together to establish [specific] jurisdiction").

Compounding the group pleading deficiencies, Plaintiffs collectively define "Defendants" and vaguely allude to conduct directed at the United States without any specificity as to particular entities or defendants.  DPP CAC ¶ 1; EUP CAC at 1; IPP CAC at 1, ¶ 72.  Indeed, Plaintiffs' Complaints are entirely lacking in any specific factual allegations that relate to Symrise AG's purported contacts with the United States or New Jersey.

The Third Circuit requires Plaintiffs establish that each defendant "deliberately target[ed]" the relevant forum; simply "inject[ing] its goods into the forum state indirectly via the so-called stream of commerce" is insufficient to assert jurisdiction over a defendant.  *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018); *Briskin v. Shenzhen Fest Tech. Co. LTD*, 2023 U.S. Dist. LEXIS 147046, at *11 (D.N.J. 2023) (finding no personal jurisdiction under the stream of commerce theory because the plaintiff failed to establish the defendant "purposefully directed any actions towards [the forum state]"); *Finegold v. Gen. Motors Co.*, 2023

U.S. Dist. LEXIS 36640, at *10 (D.N.J. 2023) (same).  As such, Plaintiffs have failed

to provide any basis to find that Symrise AG deliberately targeted the United States.

> 2. **Plaintiffs' Allegations Are Insufficient to Determine Whether Named Plaintiffs' Claims Arise Out of or Relate to Any Purported Contacts with the Forum**

Even if Plaintiffs' allegations established any Symrise AG contacts with the

relevant forums, it is "not enough for a defendant to have general contacts with a

state" if those contacts do not relate to the plaintiff's claims.  *Kim*, 513 F. Supp. 3d

at 470.  "In a class action, it is the named plaintiff's claim that must arise out of or

result from the defendant's forum-related activities, not the claims of the unnamed

members of the proposed class, who are not party to the litigation absent class

certification."  *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 216

(D.N.J. 2020); *see also Chernus*, 2018 U.S. Dist. LEXIS 70784, at *10 ("[I]n the

context of a class action," personal jurisdiction "must be satisfied for each and every

named plaintiff for the suit to go forward.").

Plaintiffs' allegations are insufficient to establish that the litigation arose out

of or relates to any alleged activities directed at the forum.  Plaintiffs fail to identify

a single product that they purchased that was subject to an overcharge, much less

when and where the sale occurred, the amount of the overcharge, or the defendant

purportedly responsible for the overcharge.  *See* Defendants' Memorandum of Law

in Support of Omnibus Motion to Dismiss at 48-50.  Instead, Plaintiffs allege merely

that they purchased broadly defined "Fragrances" or "Fragrance Ingredients" manufactured or sold by defendants, or "Fragrance Products" containing those inputs, from third parties. IPP CAC ¶¶ 13-27; EUP CAC ¶¶ 17-74; DPP CAC ¶¶ 14-19. But Plaintiffs themselves acknowledge that there are numerous fragrance ingredients and products. IPP CAC ¶¶ 2 n. 3, 4; EUP CAC ¶¶ 3, 214; DPP CAC ¶¶ 3, 159. Thus, Plaintiffs' vague references to "Fragrances," "Fragrance Ingredients," and "Fragrance Products" could be referring to any of these different products and provide no basis for the Court to conclude that Defendants, let alone Symrise AG specifically, manufactured or sold any specific product that gives rise to or relates to named Plaintiffs' claims.

3. **Exercising Personal Jurisdiction over Symrise AG Would Contravene Traditional Notions of Fair Play and Substantial Justice**

If the first two requirements of the *O'Connor* test are not met, courts need not consider the third to find a lack of personal jurisdiction. *O'Connor*, 496 F.3d at 317. Nonetheless, even assuming the first two requirements have been satisfied, the exercise of personal jurisdiction over Symrise AG would not "comport with the traditional notions of fair play and substantial justice." *Id.* It would be unduly burdensome for Symrise AG, a foreign corporation, to be forced to defend against claims in the United States. *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 115 (1987) (noting that "[g]reat care and reserve should be exercised when

14

extending our notions of personal jurisdiction into the international field").  Indeed, it would be "fundamentally unfair" to require Symrise AG to defend against these claims in a faraway forum based on such "attenuated contacts."  *Lehigh Coal & Navigation Co. v. Geko-Mayo, GmbH*, 56 F. Supp. 2d 559, 569 (E.D. Pa. 1999) (finding that it would be "extremely burdensome" for German corporation to defend claims in Pennsylvania where all the relevant evidence was located in Germany); *see also* Decl. ¶¶ 4-12; *supra* § I and § II.A(1).

## B.    Symrise Inc. Is Not an Agent of Symrise AG

Plaintiffs allege no facts which make it plausible that Symrise Inc. is functioning as an "agent" for Symrise AG.  "The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 301 (3d Cir. 2008).  To determine if a subsidiary is acting as an agent of the parent for purposes of imputing the subsidiaries' forum related conduct to the parent, courts consider the following factors: "(1) whether the subsidiary is doing business in the forum that would otherwise be performed by the parent; (2) whether there is common ownership of the parent and subsidiary; (3) whether there is financial dependency; and (4) whether the parent interferes with the subsidiary's personnel, disregards the corporate formalities, and/or controls the subsidiary's marketing and operational policies." *High 5 Games*, 2019 U.S. Dist. LEXIS 134359, at *18-19.  Apart from merely

asserting ownership, Plaintiffs plead no facts pertinent to the other elements of the agency test.

Plaintiffs' Complaints provide no basis to impute Symrise Inc.'s forum related activities to Symrise AG.  Plaintiffs' only allegations related to the Symrise Inc./Symrise AG relationship are that Symrise Inc. is "a U.S. subsidiary of Symrise AG" and the unsupported, conclusory claim that "Symrise AG controls Symrise Inc."  DPP CAC ¶ 30; EUP CAC ¶ 85.  Even Plaintiffs' allegations about Symrise AG are vague as to whether Symrise AG itself, as opposed to another Symrise corporation, engaged in the alleged activity.  *See* DPP CAC ¶ 29; EUP CAC ¶ 84. In fact, Symrise Inc. is not a mere agent of Symrise AG.  They are distinct corporations.  Decl. ¶ 14.  Their boards of directors are composed of different people and hold separate board meetings.  *Id*. ¶ 15.  And Symrise AG does not control Symrise Inc.'s prices or operations.  *Id*. ¶ 19.

Plaintiffs cannot establish the first agency factor, that the subsidiary is doing business in the forum that would otherwise be performed by the parent, because Symrise AG "does not dictate the day-to-day operations" of Symrise Inc.  *Kearney v. Bayerische Motoren Werke Aktiengesellschaft*, 2021 U.S. Dist. LEXIS 62356, at *8 (D.N.J. 2021) (rejecting agency as basis for specific jurisdiction over parent); *Seltzer,* 339 F. Supp. 2d at 610 (finding no agency where parent "required

[subsidiary] to perform within certain parameters, [but] did not control the day-to-day time, manner, and method of executing the work"); *see also* Decl. ¶ 19.

As to the second factor, while Symrise Inc. is an indirectly wholly owned subsidiary of Symrise AG, ownership "alone is not sufficient to establish agency" because that would "entirely obviate[]" the "limits on personal jurisdiction." *Quality Int'l Packaging, Ltd. v. Chamilia Inc.*, 2015 U.S. Dist. LEXIS 102919, at *17 (D.N.J. 2015); *Seltzer*, 339 F. Supp. 2d at 609 ("It is well-established in New Jersey that the forum contacts of a subsidiary corporation will not be imputed to a parent corporation for jurisdictional purposes without a showing of something more than mere ownership.") (citing cases); *Cardenas v. Spinnaker Resorts, Inc.*, 2017 U.S. Dist. LEXIS 122315, at *14 (D.N.J. 2017) (same). Plaintiffs have failed to offer anything more than mere ownership to establish personal jurisdiction.

To establish the third element, financial dependency, Plaintiffs need to provide "specific evidence showing that [Symrise Inc.] needs financial support from its parent corporation ***on a regular basis***." *Quality Int'l Packaging*, 2015 U.S. Dist. LEXIS 102919, at *17-18 (emphasis added). Symrise Inc. does not require financial support from Symrise AG on a regular basis to operate its business. Decl. ¶ 17. Moreover, the fact that Symrise Inc. and Symrise AG maintain separate bank accounts and financial statements, Decl. ¶¶ 10, 16, provides an additional basis to reject the agency theory here for specific jurisdiction. *Cardenas*, 2017 U.S. Dist.

LEXIS 122315, at *14-15 (finding no financial dependency because the parent and subsidiaries had "separate and various bank accounts"); *Kearney*, 2021 U.S. Dist. LEXIS 62356, at *8 (no financial dependency where subsidiary maintained its own "corporate books, records, or bank accounts").

Plaintiffs also allege no facts to establish the necessary "degree of control" required to satisfy the final factor.  *In re Diisocyanates Antitrust Litig.*, 2020 U.S. Dist. LEXIS 40136, at *21-22 (W.D. Pa. 2020); *Ioengine, LLC v. Paypal Holdings, Inc.*, 2019 U.S. Dist. LEXIS 12195, at *28-29 (D. Del. 2019) (finding plaintiff "must show more than the normal relationship between a parent and subsidiary" to establish agency).  Where, as here, Plaintiffs fail to establish that the corporate relationship "deviate[d] from the normal amount of control a parent has over its subsidiary," courts refuse to impute the activities of the subsidiary to the parent. *Kearney*, 2021 U.S. Dist. LEXIS 62356 at *9; *High 5 Games*, 2019 U.S. Dist. LEXIS 134359, at *18-19 (rejecting agency theory where there were no allegations of financial dependency or interference with the subsidiary's operations).

### C.    Plaintiffs Cannot Establish Specific Jurisdiction Through A Conspiracy Theory

The conspiracy theory for specific jurisdiction, which may allow imputation of jurisdictional contacts from alleged co-conspirators in certain situations, "is a question of state law." *Lasala v. Marfin Popular Bank Pub. Co.,* 410 F. App'x 474, 478 (3d Cir. 2011).  The Third Circuit has found that New Jersey state law does not

recognize the conspiracy theory for asserting personal jurisdiction, and thus, it cannot apply here.  *Id*. ("[W]e predict the New Jersey Supreme Court would decline to adopt [conspiracy] theory of personal jurisdiction."); *see also Miller v. Adler*, 2018 U.S. Dist. LEXIS 109044, at *10 n.4 (D.N.J. 2018) (noting that "New Jersey has never and likely will not recognize the conspiracy theory of jurisdiction").

### D.    Plaintiffs Fail to Allege Anticompetitive Conduct Expressly Aimed at the United States to Satisfy the "*Calder* Effects Test"

The Third Circuit recognizes the "*Calder* effects test" as a basis for asserting specific jurisdiction.  *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 263-64 (3d. Cir. 1998) (citing *Calder v. Jones*, 465 U.S. 783 (1984)).  The "*Calder* effects test" may apply to allow specific jurisdiction over alleged actions that occurred outside the forum if the effects of those actions are felt in the forum.  *Id*. at 264-65.  This "effects" test requires Plaintiffs to show: (1) "defendant committed an intentional tort"; (2) "plaintiff felt the brunt of the harm in the forum"; and (3) "defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity."  *Id*. at 265-66.  The third element requires that Plaintiffs "point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum."  *Id*. at 266.

Plaintiffs broadly allege that the Court has personal jurisdiction because "Defendants engaged in anticompetitive conduct that was directed at and had the foreseeable and intended effect of causing injury to residents and businesses residing

or located in this District."  IPP CAC ¶ 52; EUP CAC ¶ 14; DPP CAC ¶¶ 196-98. Plaintiffs, however, have not alleged any facts to show that Symrise AG directed its conduct at the United States.  Plaintiffs point to generalized statements Symrise made to investors without identifying the particular market to which these statements referred.  *See, e.g.*, DPP CAC ¶ 79; IPP CAC ¶ 109; EUP CAC ¶ 133.

Courts routinely find that the effects test cannot provide a basis for jurisdiction where, as here, Plaintiffs fail to allege any facts to show that Symrise AG discussed prices specifically for the United States market.  *Diisocyanates*, 2020 U.S. Dist. LEXIS 40136, at *18 (finding "allegations that Defendants knowingly price-fixed a global commodity, which was then sold by them or their subsidiaries in the United States, causing harm to consumers" were insufficient to assert specific jurisdiction under the effects test); *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 564-65 (M.D. Pa. 2009) (declining to find that the *Calder* effects test confers personal jurisdiction where there was no support that defendant's conduct was expressly aimed at United States market).

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaints against Symrise AG for failure to establish personal jurisdiction.

Dated: April 8, 2024                    Respectfully submitted,

                                                        */s/ Liza M. Walsh*
                                                        Liza M. Walsh

Jessica K. Formichella
**WALSH PIZZI O'REILLY**
**FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Telephone: (973) 757-1100
Facsimile: (973) 757-1090

Robert Milne (*pro hac vice*)
Martin M. Toto
William H. Bave, III (*pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: 212-819-8200
rmilne@whitecase.com
mtoto@whitecase.com
william.bave@whitecase.com

*Attorneys for Defendant Symrise AG*