# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE FRAGRANCE DIRECT PURCHASER ANTITRUST LITIGATION** | Civil Action No. 23-cv-02174 (WJM)(JSA) |
| **IN RE FRAGRANCE INDIRECT PURCHASER ANTITRUST LITIGATION** | Civil Action No. 23-cv-03249 (WJM)(JSA) |
| **IN RE FRAGRANCE END-USER PLAINTIFF ANTITRUST LITIGATION** | Civil Action No. 23-cv-16127 (WJM)(JSA)  **ORAL ARGUMENT REQUESTED** |

# FIRMENICH FOREIGN DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR (1) INSUFFICIENT SERVICE OF PROCESS AS TO FIRMENICH SA AND (2) LACK OF PERSONAL JURISDICTION

Arthur J. Burke (*pro hac vice*)
Anna M. Kozlowski (*pro hac vice*)
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
arthur.burke@davispolk.com
anna.kozlowski@davispolk.com

Sean P. McConnell (NJ #31352009)
Sarah O'Laughlin Kulik (NJ #110942014)
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19380
(215) 979-1947
spmcconnell@duanemorris.com
sckulik@duanemorris.com

*Counsel for Defendants DSM-Firmenich AG, Firmenich International SA, Firmenich SA*

# TABLE OF CONTENTS

_____

PAGE

PRELIMINARY STATEMENT ............................................................................1

STATEMENT OF FACTS .................................................................................3

    A.    Plaintiffs' Non-Jurisdictional Allegations...............................................3

    B.    The Foreign Defendants ....................................................................4

    C.    Plaintiffs' Other Jurisdictional Allegations..........................................6

LEGAL STANDARD......................................................................................6

ARGUMENT ...............................................................................................8

I.     IP PLAINTIFFS HAVE NOT PROPERLY SERVED FIRMENICH SA ..........................................................................................................9

II.    GENERAL JURISDICTION IS LACKING AS TO EACH FOREIGN DEFENDANT ........................................................................................10

III.   SPECIFIC JURISDICTION IS LACKING AS TO EACH FOREIGN DEFENDANT ........................................................................................12

    A.    Plaintiffs Cannot Establish that the Foreign Defendants Purposefully Availed Themselves in the Forum ...................................12

    B.    Plaintiffs' Claims Do Not Arise Out of or Relate to Any In-Forum Conduct...................................................................................16

IV.   THE EXERCISE OF PERSONAL JURISDICTION OVER THE FOREIGN DEFENDANTS WOULD BE UNREASONABLE ...................19

CONCLUSION ...........................................................................................20

# TABLE OF AUTHORITIES

## CASES

PAGE(S)

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
  480 U.S. 102 (1987) ..................................................................... 15, 20

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................... 13

*In re Auto. Refinishing Paint Antitrust Litig.*,
  358 F.3d 288 (3d Cir. 2004) ............................................................... 8

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
  582 U.S. 255 (2017) ................................................................. 2, 16, 17

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ..................................................................... 12, 20

*Calder v. Jones*,
  465 U.S. 783 (1984) .......................................................................... 13

*Chavez v. Dole Food Co.*,
  836 F.3d 205 (3d Cir. 2016) ............................................................. 11

*In re Chocolate Confectionary Antitrust Litig.*,
  602 F. Supp. 2d 538 (M.D. Pa. 2009) ............................................... 17

*In re Chocolate Confectionary Antitrust Litig.*,
  641 F. Supp. 2d 367 (M.D. Pa. 2009) .......................................... 11, 12

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ............................................................... 2, 10, 11

*Dayhoff Inc. v. H.J. Heinz Co.*,
  86 F.3d 1287 (3d Cir. 1996) ............................................................... 7

*In re Diisocyanates Antitrust Litig.*,
  No. 18-mc-01001, 2020 WL 1140245 (W.D. Pa. Mar. 9, 2020) ...... 18

*Display Works, LLC v. Bartley*,
  182 F. Supp. 3d 166 (D.N.J. 2016) ................................................... 10

*D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*,
566 F.3d 94 (3d Cir. 2009) ..................................................................... 8

*Eaton Corp. v. Maslym Holding Co.*,
929 F. Supp. 792 (D.N.J. 1996) ..................................................... 19, 20

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
592 U.S. 351 (2021) ........................................................................... 10

*Gray v. Apple Inc.*,
No. 13-cv-07798, 2016 WL 4149977 (D.N.J. Aug. 3, 2016) ........................... 11

*Gutierrez v. Medtronic plc*,
No. 22-cv-05573, 2023 WL 376014 (D.N.J. Jan. 5, 2023),
*report and recommendation adopted*, No. 22-cv-05573, 2023 WL 375729
(D.N.J. Jan. 24, 2023) ......................................................................... 15

*Hanson v. Deckla*,
357 U.S. 235 (1958) ........................................................................... 12

*Heartrepreneur, LLC v. Jones*,
No. 18-cv-2417, 2020 WL 2839102 (E.D. Pa. June 1, 2020) ........................... 16

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) ........................................................................... 12

*IMO Indus., Inc. v. Kiekert AG*,
155 F.3d 254 (3d Cir. 1998) ............................................................... 7, 8

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ........................................................................... 19

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984) ............................................................................. 7

*LaSala v. Marfin Popular Bank Pub. Co.*,
410 F. App'x 474 (3d Cir. 2011) .................................................... 16, 19

*Levy v. Jaguar Land Rover N. Am., LLC*,
No. 19-cv-13497, 2020 WL 563637 (D.N.J. Feb. 4, 2020) ........................ 13, 14

*Linus Holding Corp. v. Mark Line Indus., LLC*,
376 F. Supp. 3d 417 (D.N.J. 2019) ........................................................ 19

*Lucas v. Gulf & W. Indus., Inc.*,
666 F.2d 800 (3d Cir. 1981), *abrogated on other grounds by EF Operating
Corp. v. Am. Bldgs.*, 993 F.2d 1046 (3d Cir. 1993) ........................................... 11

*McMahon v. Volkswagen Aktiengesellschaft*,
No. 22-cv-01537, 2023 WL 4045156 (D.N.J. June 16, 2023) ......................... 15

*In re NBR Antitrust Litig.*,
No. 03-cv-1898, 2005 WL 8179729 (W.D. Pa. July 5, 2005),
*report and recommendation adopted*, No. 03-cv-1898, 2005 WL 8179728
(W.D. Pa. Aug. 24, 2005) ................................................................................. 17

*O'Connor v. Sandy Lane Hotel Co.*,
496 F.3d 312 (3d Cir. 2007) ............................................................... 7, 12, 13

*Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*,
484 U.S. 97 (1987) ............................................................................................. 8

*Peterson v. HVM LLC*,
No. 14-cv-1137, 2016 WL 845144 (D.N.J. Mar. 3, 2016) ................................ 7

*Rickman v. BMW of N. Am. LLC*,
538 F. Supp. 3d 429 (D.N.J. 2021) ................................................................. 19

*Rush v. Savchuk*,
444 U.S. 320 (1980) ..................................................................................... 7, 16

*Sims v. City of Phila.*,
552 F. App'x 175 (3d Cir. 2014) ....................................................................... 8

*Telcordia Techs., Inc. v. Alcatel S.A.*,
No. 04-cv-00874, 2005 WL 1268061 (D. Del. May 27, 2005) ........................ 18

*Walden v. Fiore*,
571 U.S. 277 (2014) ..................................................................................... 7, 13

## STATUTES & RULES

Fed. R. Civ. P. 4 ................................................................................................... 1, 9

Fed. R. Civ. P. 4(h) ................................................................................................. 8

Fed. R. Civ. P. 12(b)(2) ...................................................................................... 1, 6

Fed. R. Civ. P. 12(b)(5) ................................................................................... 1, 8, 9

Fed. R. Civ. P. 12(g) ................................................................................................4

Fed. R. Civ. P. 12(h) ................................................................................................4

Defendants DSM-Firmenich AG, Firmenich International SA, and

Firmenich SA (collectively, the "Foreign Defendants") submit this Memorandum

of Law in support of their Motion to Dismiss Plaintiffs' Complaints under Federal

Rule of Civil Procedure 12(b)(5) for insufficient service of process as to Firmenich

SA and Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[1]

## PRELIMINARY STATEMENT

The Foreign Defendants are Swiss corporations organized, operated, and

headquartered in Switzerland. Through their Complaints, Plaintiffs improperly

seek to hale the Foreign Defendants into this Court despite failing entirely to serve

one of the Foreign Defendants and falling far short of their burden to allege facts

sufficient to support the exercise of personal jurisdiction over any of them.

*First*, the Producer Indirect Purchaser Plaintiffs' (the "IP Plaintiffs") claims

against Firmenich SA should be dismissed due to lack of service of process as

required by Federal Rule of Civil Procedure 4. Firmenich SA was first named as a

defendant over 10 months ago, giving the IP Plaintiffs ample time to serve

Firmenich SA. Indeed, Firmenich SA (like other Defendants) made it easier for

Plaintiffs to serve foreign persons by stipulating that "[s]ervice on a Defendant

---

[1] As used herein, "Complaints" refers collectively to the Direct Purchasers' Consolidated Complaint ("DPPC") (No. 23-cv-02174, ECF No. 107), the Producer Indirect Purchaser Plaintiffs' Consolidated Class Action Complaint ("IPPC") (No. 23-cv-03249, ECF No. 43), and the End-User Plaintiffs' Consolidated Class Action Complaint ("EUPC") (No. 23-cv-16127, ECF No. 38).

shall be deemed complete once that Defendant has been served" by any of the Plaintiffs, rather than requiring each Plaintiff group to serve each Defendant. (Stipulation and Scheduling Order ¶ 1, No. 23-cv-02174 (D.N.J. Dec. 19, 2023), ECF No. 89 (hereinafter, "Stipulation")).  Yet, even with this accommodation, the IP Plaintiffs have failed to serve their Complaint on Firmenich SA.  This lack of basic diligence is fatal to their claims against Firmenich SA.

*Second*, the Complaints are devoid of any factual allegations to suggest that the Foreign Defendants are "at home" in New Jersey or the United States.  The Foreign Defendants are not headquartered or incorporated in the United States and lack the continuous and systematic contacts required to find general jurisdiction. The Supreme Court is clear that absent such contacts, a court cannot exercise general jurisdiction.  *Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014).

*Third*, the Foreign Defendants are not subject to specific jurisdiction in New Jersey or the United States.  The Complaints fail to allege particularized facts necessary to establish that any of the Foreign Defendants purposefully directed activities in the United States, let alone activities *related to* Plaintiffs' claims. Thus, Plaintiffs have failed to meet their burden to establish specific jurisdiction by showing that their asserted claims arise from or relate to in-forum activities. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 262 (2017).  Further, throughout most of the Complaints, Plaintiffs impermissibly lump all Defendants

together and resort to conclusory allegations, which are insufficient to sustain a finding of specific jurisdiction.

*Fourth*, exercising personal jurisdiction over the Foreign Defendants would offend traditional notions of fair play and substantial justice under the Due Process Clause.  Accordingly, Plaintiffs' claims against the Foreign Defendants must be dismissed for lack of personal jurisdiction.

## STATEMENT OF FACTS

### A.      Plaintiffs' Non-Jurisdictional Allegations

On February 5 and 6, 2024, Plaintiffs filed three Complaints against Firmenich Incorporated and Agilex Flavors & Fragrances, Inc. (collectively, the "Firmenich U.S. Defendants"), the Foreign Defendants,[2] and various other defendants (collectively, the "Defendants"), alleging that Defendants participated in a conspiracy to fix the prices of fragrance ingredients and fragrance compounds (together, "Fragrance Products") in the United States in violation of Sections 1 and 3 of the Sherman Act as well as state antitrust and consumer protection laws. (DPPC ¶¶ 207-215; IPPC ¶¶ 245-308; EUPC ¶¶ 257-324.)  A full recitation of the facts and claims as alleged in the Complaints is set forth in Defendants' Omnibus

---

[2] DSM-Firmenich AG and Firmenich International SA are named defendants across all three Complaints (DPPC ¶¶ 25-26; IPPC ¶¶ 28-29; EUPC ¶¶ 80-81). Firmenich SA is a named defendant in the IPP Complaint only (IPPC ¶ 30).

Motion to Dismiss the Complaints and is incorporated herein by reference.[3]

### B.    The Foreign Defendants

The Foreign Defendants are Swiss corporations headquartered in Switzerland.  (DPPC ¶¶ 25-26; IPPC ¶¶ 28-30; EUPC ¶¶ 80-81.)  Each has its legal seat and registered office in Switzerland.  (Decl. ¶ 3.)[4]  Foreign Defendant DSM-Firmenich AG is listed on the Netherlands-based Euronext Amsterdam stock exchange.  (DPPC ¶ 25; IPPC ¶ 28; EUPC ¶ 80.)  None of the Foreign Defendants is registered or licensed to do business in the United States; maintains U.S. mailing addresses, bank accounts, or registered agents; pays U.S. taxes; owns or leases U.S. real property; or keeps books or records in the United States.  (Decl. ¶¶ 6-11.)

The Complaints allege that DSM-Firmenich AG and Firmenich International SA have "extensive operations throughout the United States" and "manufactured and/or sold" Fragrance Products "to purchasers in the United States."  (DPPC ¶¶ 25-26; IPPC ¶¶ 28-29; EUPC ¶¶ 80-81.)  Both defendants, however, are organized as holding companies, whose main purpose is to purchase, organize, and manage other entities.  (Decl. ¶ 4.)  Neither company directly engages in the manufacture or sale of Fragrance Products.  (Decl. ¶ 4.)  Additionally, while the IP Plaintiffs

---

[3] Pursuant to Rules 12(g) and 12(h), Foreign Defendants join Defendants' Omnibus Motion to Dismiss the Complaints filed on April 8, 2024 without waiving their insufficient service of process and personal jurisdiction defenses.

[4] Citations in the form of "Decl." refer to the Declaration of Laetitia Pictet submitted contemporaneously herewith.

allege that DSM-Firmenich AG has a "strategic partnership[]" in the United States with distributor Vigon International (IPPC ¶ 210), this relationship is maintained by Firmenich Incorporated (Decl. ¶ 14).[5]

Plaintiffs further assert that DSM-Firmenich AG and Firmenich International SA engaged in U.S. operations, manufacturing, and sales "through" unnamed affiliates (DPPC ¶¶ 25-26; IPPC ¶¶ 28-29; EUPC ¶¶ 80-81), and that they "have controlled" the Firmenich U.S. Defendants "both generally and with respect to the[ir] conduct . . . in furtherance of the unlawful acts alleged in th[e] Complaint[s]." (DPPC ¶¶ 27-28; IPPC ¶¶ 31-32; EUPC ¶¶ 82-83.) But Plaintiffs provide no evidence in support of these allegations of control beyond the mere fact of the parent-subsidiary relationship. Moreover, the Foreign Defendants are distinct from the Firmenich U.S. Defendants, with separate boards of directors and board meetings, and separate financial books and records. (Decl. ¶¶ 15-16.)

Separately, the IP Plaintiffs assert personal jurisdiction over Firmenich SA – which they have not served – on the basis that it operates U.S. manufacturing sites. (IPPC ¶ 30.) Yet all U.S. Firmenich manufacturing capacity is owned and operated by U.S. entities. (Decl. ¶ 12.) The foregoing are the only jurisdictional

---

[5] The Complaints also allege that "New Jersey is a primary production site for the fragrance industry," including for "Firmenich in Princeton," but do not specify which Firmenich entity is located there. (DPPC ¶ 54; IPPC ¶ 72; EUPC ¶ 108.) The relevant Firmenich entity is Firmenich Incorporated, which is headquartered in Plainsboro, NJ (Decl. ¶ 13), and is not the subject of this Motion.

allegations particular to the Foreign Defendants.

### C.    Plaintiffs' Other Jurisdictional Allegations

Plaintiffs assert their remaining allegations of personal jurisdiction with respect to Defendants collectively.  Plaintiffs allege in a conclusory and aggregated fashion that Defendants transacted substantial, systematic, and continuous business in New Jersey and the United States (*see* DPPC ¶ 3; IPPC ¶¶ 44, 52; EUPC ¶ 14); intentionally availed themselves of the New Jersey markets through the promotion and marketing of Fragrance Products (IPPC ¶ 52); have "sufficient minimum contacts" with New Jersey and the United States (*id.*); and are authorized to do business in New Jersey (*id.*).  Plaintiffs also claim Defendants transacted with and injured class members in New Jersey and the United States (EUPC ¶ 14); committed overt or substantial acts in New Jersey and the United States in furtherance of the alleged conspiracy (IPPC ¶ 45; EUPC ¶ 14); and impacted U.S. competition and/or interstate commerce (DPPC ¶¶ 196-98).  The IP Plaintiffs also allege that a "portion of the wrongdoing" took place in New Jersey.  (IPPC ¶ 52.) The Complaints lack individualized allegations to support any of the above.

### LEGAL STANDARD[6]

To survive a Rule 12(b)(2) motion to dismiss for lack of personal

---

[6] Internal quotation marks, citations, and alterations are omitted unless otherwise noted.

jurisdiction, plaintiffs bear the burden of establishing the court's jurisdiction over the moving defendants. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). While a court must initially "accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff . . . the court must still examine any evidence presented with regard to disputed factual allegations." *Peterson v. HVM LLC*, No. 14-cv-1137, 2016 WL 845144, at *3 (D.N.J. Mar. 3, 2016). Although plaintiffs "need only establish a prima facie case of personal jurisdiction," they are not permitted to "rely on the bare pleadings alone," *id.*, and "must prove by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). Further, "[e]ach defendant's contacts with the forum State must be assessed individually," *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984), and allegations against defendants as a group are insufficient. *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980). This defendant-specific analysis is mandatory even when measuring personal jurisdiction over a group of affiliated entities. *See, e.g.*, *Walden v. Fiore*, 571 U.S. 277, 284-86 (2014).

A federal district court's exercise of personal jurisdiction over a nonresident defendant is limited by both the forum state's long-arm statute and the Due Process requirements of the Fourteenth Amendment. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998). Because the New Jersey long-arm statute

provides for jurisdiction coextensive with the due process requirements of the U.S. Constitution, the sole question is whether the exercise of jurisdiction comports with Due Process. *See id.* at 259.

Under the Due Process Clause, courts may exercise two kinds of personal jurisdiction, general and specific. *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd*., 566 F.3d 94, 102 (3d Cir. 2009). In federal antitrust cases, the "forum" for purposes of both types of personal jurisdiction may be established over a defendant based on its aggregate contacts with the United States as a whole, rather than with a specific forum state. *In re Auto. Refinishing Paint Antitrust Litig*., 358 F.3d 288, 298-99 (3d Cir. 2004).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Rule 4(h) provides the requirements of service of process on foreign corporations, and Rule 12(b)(5) allows a party to assert the defense of insufficient service of process by motion. "The party asserting the validity of service bears the burden of proof on that issue." *Sims v. City of Phila.*, 552 F. App'x 175, 177 (3d Cir. 2014).

## **ARGUMENT**

Plaintiffs' claims against the Foreign Defendants should be dismissed because (1) the IP Plaintiffs have failed to serve Firmenich SA; (2) the Complaints

fail to make a prima facie showing that this Court has general jurisdiction over the Foreign Defendants; (3) the Complaints fail to allege facts sufficient to establish specific personal jurisdiction over the Foreign Defendants; and (4) the exercise of personal jurisdiction over the Foreign Defendants would be incompatible with the Due Process Clause.  Simply put, the allegations in the Complaints relating to personal jurisdiction are entirely conclusory and devoid of particularized factual details.  They are plainly insufficient to withstand the present motion.

## I.      IP PLAINTIFFS HAVE NOT PROPERLY SERVED FIRMENICH SA

At the outset, the IP Plaintiffs' claims against Firmenich SA should be dismissed under Rule 12(b)(5) because none of the Plaintiffs have served Firmenich SA.  To complete service of process, a plaintiff must serve a copy of the summons and complaint on the defendant, adhering to the form and method required under Federal Rule of Civil Procedure 4.  Yet the IP Plaintiffs have not complied with this rudimentary requirement.

This failure is notable because Defendants, including Firmenich SA, agreed to a stipulation making it easier for the Plaintiffs to serve foreign defendants. (Stipulation ¶ 1.)  Defendants agreed that service would be "deemed complete" once Plaintiffs served "any complaint" upon any Defendant.  *Id.*[7]  Even with this

---

[7] Moreover, Plaintiffs have had ample time to serve Firmenich SA, which was first named as a defendant over 10 months ago, on June 2, 2023.  *See* Compl.,

accommodation, the IP Plaintiffs have failed to serve Firmenich SA.

Without proper service, this court may not exercise jurisdiction over Firmenich SA, and therefore the claims against it must be dismissed.

## II.   GENERAL JURISDICTION IS LACKING AS TO EACH FOREIGN DEFENDANT

General jurisdiction is appropriate "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum State." *Daimler*, 571 U.S. at 122.  In the "paradigm case," a corporation is subject to general jurisdiction in "its place of incorporation and principal place of business." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358-59 (2021).  Here, the Foreign Defendants are Swiss corporations with their principal places of business in Switzerland.  This alone should foreclose the exercise of general jurisdiction over them.[8]

Additionally, nothing in the Complaints supports classifying this action as an "exceptional" case warranting exercise of general personal jurisdiction outside of *Daimler's* rule.  The Third Circuit has acknowledged that "it is incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than

---

*B&E Associates, Inc. v. Firmenich SA et al.*, No. 23-cv-03050 (D.N.J. June 2, 2023), ECF No. 1.

[8] *See, e.g.*, *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016) (finding no general jurisdiction where defendant "was not incorporated in New Jersey and its principal place of business is not in this state").

the place of incorporation or principal place of business." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016).  Indeed, courts within the Third Circuit routinely refuse to exercise general jurisdiction over entities even where the entity had significant contacts with the relevant forum.

For example, in *Gray v. Apple Inc.*, the court declined to exercise general jurisdiction over Apple – a California corporation with its principal place of business in California – in New Jersey, despite allegations that Apple had 12 stores in New Jersey, shipped its products there, and had $182.8 billion in sales to New Jersey customers.  No. 13-cv-07798, 2016 WL 4149977, at *1, 3-4 (D.N.J. Aug. 3, 2016).  Such a finding is consistent with the Supreme Court's statement in *Daimler* that "[a] corporation that operates in many places can scarcely be deemed at home in all of them."  571 U.S. at 139 n.20.  Accordingly, the Foreign Defendants are not subject to general personal jurisdiction in New Jersey or elsewhere in the United States.[9]

---

[9] Nor may general jurisdiction over Foreign Defendants be established through the Firmenich U.S. Defendants.  The Complaints do not allege conduct specific to the U.S. subsidiaries or provide facts sufficient to establish that "the independence of the separate corporate entities was disregarded."  *See Lucas v. Gulf & W. Indus., Inc.*, 666 F.2d 800, 805-06 (3d Cir. 1981), *abrogated on other grounds by EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046 (3d Cir. 1993).  Merely alleging that one corporation is the parent of another is inadequate: "[T]he level of control necessary to substantiate an alter ego relationship must exceed the usual supervision that a parent exercises over a subsidiary. . . . More intrusive control is necessary."  *In re Chocolate Confectionary Antitrust Litig.*, 641 F. Supp.

## III.    SPECIFIC JURISDICTION IS LACKING AS TO EACH FOREIGN DEFENDANT

Plaintiffs likewise fail to allege sufficient facts to justify the exercise of specific jurisdiction over the Foreign Defendants.  To find specific jurisdiction over a defendant, the Third Circuit applies a three-part test.  First, the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum."  *O'Connor*, 496 F.3d at 317 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  Second, the plaintiff's claim must "arise out of or relate to" the defendant's contacts with the forum.  *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).  Third, the Court may exercise specific personal jurisdiction only if doing so "comport[s] with fair play and substantial justice."  *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).  The Complaints fall short of these three requirements.

### A.    Plaintiffs Cannot Establish that the Foreign Defendants Purposefully Availed Themselves in the Forum

Plaintiffs plead no facts supporting the conclusion that Foreign Defendants purposefully availed themselves of this forum, whether that be New Jersey or the United States.  To establish that a defendant "purposefully avail[ed] itself of the privilege of conducting activities in the forum," a plaintiff must plead contacts

---

2d 367, 384 (M.D. Pa. 2009).  Plaintiffs do not and cannot present evidence to warrant piercing the corporate veil.  (*See* Decl. ¶¶ 15-16.)

demonstrating "deliberate targeting of the forum." *O'Connor*, 496 F.3d at 317.

Moreover, "the relationship must arise out of contacts that the 'defendant *himself*'

creates with the forum state." *Walden*, 571 U.S. at 284.[10]  Plaintiffs' allegations

fail to establish specific jurisdiction for four reasons.

*First*, Plaintiffs' allegations are conclusory and should not be credited.  *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it

tenders naked assertions devoid of further factual enhancement.").  The

Complaints allege that DSM-Firmenich AG and Firmenich International SA have

"extensive operations" in the United States and "manufactured and/or sold

Fragrance Products to purchasers in the United States" directly or through

affiliates (DPPC ¶¶ 25-26; IPPC ¶¶ 28-29; EUPC ¶¶ 80-81), and that Firmenich

SA operates U.S. manufacturing sites (IPPC ¶ 30), without providing any factual

support for these cursory assertions.  Plaintiffs do not specify *what* operations

these entities engage in, *which* Fragrance Products they manufactured or sold, or

*where* they manufactured or *to whom* they sold Fragrance Products.  In *Levy v.*

*Jaguar Land Rover North America, LLC*, a court in this District granted a motion

to dismiss for lack of personal jurisdiction where it found that plaintiffs made

similar "conclusory allegations" that defendants "intentionally maintained

---

[10] *See also Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually.").

business contacts with New Jersey through [their subsidiaries]" or were "responsible for the design, development, manufacture, assembly, distribution, and sale" of the products at issue.  No. 19-cv-13497, 2020 WL 563637, at *5-7 (D.N.J. Feb. 4, 2020).  The Court should reach the same conclusion here.

*Second*, the Court should also reject Plaintiffs' conclusory jurisdictional allegations because Foreign Defendants have slim to no contacts with New Jersey or the United States.  DSM-Firmenich AG and Firmenich International SA are organized as holding companies, whose main purpose is to purchase, organize, and manage companies (Decl. ¶ 4), and neither directly engages in the manufacture or sale of Fragrance Products (*id.*).[11]  As for Firmenich SA, it does not operate U.S. manufacturing sites (Decl. ¶ 12).[12]  Moreover, none of the Foreign Defendants is registered to do business in the United States; maintains U.S. mailing addresses, bank accounts, or registered agents; pays U.S. taxes; owns or leases U.S. real estate; or keeps books or records in the United States.  (Decl. ¶¶ 6-11).

---

[11] IP Plaintiffs rely on Vigon's website to allege that Vigon International has a "strategic partnership with DSM-Firmenich" in the United States.  (IPPC ¶ 210 n.205).  Vigon's website, however, only shows the DSM-Firmenich logo and its commercial relationship is with the U.S. Defendant, Firmenich Incorporated. (Decl. ¶ 14.)

[12] The IP Plaintiffs rely on Firmenich's ESG report to allege that Firmenich SA operates manufacturing plants in the United States (IPPC ¶ 30 n.12, 13), however, Plaintiffs overlook that the report does not specify which Firmenich entity operates the U.S. manufacturing plants.  In fact, all U.S. manufacturing facilities are owned and operated by Firmenich U.S. entities.  (Decl. ¶ 12.)

*Third*, even if the Foreign Defendants manufactured or sold products "through" U.S. entities as Plaintiffs allege (DPPC ¶¶ 25-26; IPPC ¶¶ 28-30; EUPC ¶¶ 80-81), such conduct alone would not establish that Foreign Defendants deliberately targeted the forum.[13]  As a court in this District has found, "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant that is purposefully directed toward the forum State." *Gutierrez v. Medtronic plc*, No. 22-cv-05573, 2023 WL 376014, at *10 (D.N.J. Jan. 5, 2023) (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 112 (1987)), *report and recommendation adopted*, No. 22-cv-05573, 2023 WL 375729 (D.N.J. Jan. 24, 2023) (finding that defendant did not purposefully direct activities at the forum where U.S. subsidiary distributed and sold its products).

*Fourth*, apart from the allegations described immediately above, Plaintiffs fail to make any individualized jurisdictional allegations against the Foreign Defendants.  Instead, Plaintiffs impermissibly engage in group pleading, referring to all Defendants together to make boilerplate allegations, including that Defendants "regularly sold products" in New Jersey" (EUPC ¶ 14); "are

---

[13] *See McMahon v. Volkswagen Aktiengesellschaft*, No. 22-cv-01537, 2023 WL 4045156, at *6 (D.N.J. June 16, 2023) (finding allegations that foreign company distributed products through in-forum distributor insufficient to establish specific jurisdiction).

authorized to do business" in New Jersey" (IPPC ¶ 52); and "engaged in anticompetitive conduct" in New Jersey," *id.*  The Court should not consider any non-specific allegations when determining whether it has personal jurisdiction over Foreign Defendants.[14]  As the court found in *Heartrepreneur, LLC v. Jones*, "Plaintiffs may not simply lump Defendants together to establish jurisdiction." No. 18-cv-2417, 2020 WL 2839102, at *3 (E.D. Pa. June 1, 2020).[15]

## B.    Plaintiffs' Claims Do Not Arise Out of or Relate to Any In-Forum Conduct

Even if Plaintiffs could establish purposeful availment, specific personal jurisdiction would still be lacking over the Foreign Defendants because Plaintiffs cannot show their claims arise from or relate to any alleged contacts between the Foreign Defendants and New Jersey or the United States.  In *Bristol-Myers Squibb Co. v. Superior Court of California*, the Supreme Court stated that "there must be an affiliation between the forum and the underlying controversy, principally, [an]

---

[14] *See, e.g.*, *Savchuk*, 444 U.S. at 331-32 (finding that a personal jurisdiction analysis of "the defending parties together" was improper and stressing that "the requirements of *International Shoe* must be met as to each defendant").

[15] For this reason, the Complaints fail adequately to allege specific jurisdiction through the "effects" test for out-of-forum conduct.  Plaintiffs allege that Defendants as a group "expressly aimed their conspiracy at the U.S. marketplace" (EUPC ¶ 16) and "engaged in anticompetitive conduct that was directed at . . . residents and businesses residing or located in [New Jersey]" (IPPC ¶ 52).  Plaintiffs therefore fail to allege with necessary particularity that each Foreign Defendant "committed an intentional tort" and "expressly aimed his tortious conduct at the forum," as required by the effects test.  *See, e.g.*, *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 477 (3d Cir. 2011).

activity or an occurrence that takes place in the forum State."  582 U.S. at 263.

Absent sufficient claim-related contacts, "specific jurisdiction is lacking regardless

of the extent of a defendant's unconnected activities in the State."  *Id.*

Plaintiffs allege, without factual support, that Defendants collectively

engaged in anticompetitive conduct that was directed at and had the foreseeable

and intended effect of causing injury to residents in New Jersey.  (IPPC ¶ 52;

EUPC ¶ 14.)  But Plaintiffs fail to allege facts establishing the Foreign Defendants

individually and directly furthered the purported price-fixing conspiracy via

actions in the United States.  As Third Circuit courts have found, jurisdictional

allegations in price-fixing cases must relate to the pricing of products, and

allegations that products were merely manufactured by or sold to U.S. subsidiaries

are insufficient.  For example, in *In re Chocolate Confectionary Antitrust*

*Litigation*, the court found that foreign defendants' "production and supply of

chocolate candy into the United States bear no clear relationship to the price-fixing

harms of which plaintiffs complain."  602 F. Supp. 2d 538, 560 (M.D. Pa. 2009).[16]

Here, Plaintiffs make no allegations that Foreign Defendants had a role in setting

prices for Fragrance Products manufactured or distributed in the United States.

---

[16] *See also In re NBR Antitrust Litig.*, No. 03-cv-1898, 2005 WL 8179729, at
*3 (W.D. Pa. July 5, 2005), *report and recommendation adopted*, No. 03-cv-1898,
2005 WL 8179728 (W.D. Pa. Aug. 24, 2005) (finding that sale of the relevant
product to a U.S. subsidiary was insufficient to establish jurisdiction in a price-
fixing case because it did not relate to the plaintiffs' cause of action).

Moreover, to the extent Plaintiffs try to establish specific jurisdiction by imputing the Firmenich U.S. Defendants' forum contacts to the Foreign Defendants based on an alter ego or agency relationship, Plaintiffs fail to allege facts to support such a relationship. As set forth *infra* in Section II n.9, Plaintiffs' Complaints are devoid of allegations that establish the requisite level of control to establish an alter ego relationship. The Complaints also fail to establish an agency relationship, which requires not "the mere fact of agency" but rather a significant "degree of control exercised by a foreign entity." *In re Diisocyanates Antitrust Litig.*, No. 18-mc-01001, 2020 WL 1140245, at \*6 (W.D. Pa. Mar. 9, 2020).[17] Indeed, other than passing allegations that the Foreign Defendants "controlled [the] Firmenich [U.S. Defendants] in furtherance of the unlawful acts alleged in this Complaint" (*see* DPPC ¶¶ 27-28; IPPC ¶¶ 31-32; EUPC ¶¶ 82-83) and that "[e]ach Defendant acted as the principal, agent, or joint venture of, or for, other Defendants," (DPPC ¶¶ 33-35; IPPC ¶¶ 47-49; EUPC ¶¶ 88-90), Plaintiffs plead no facts to support *any* purported control by the Foreign Defendants over the U.S. Firmenich Defendants.[18] The Court should therefore decline to impute jurisdiction

---

[17] *See also Telcordia Technologies, Inc. v. Alcatel S.A.*, No. 04-cv-00874, 2005 WL 1268061, at \*4 (D. Del. May 27, 2005) (finding no agency relationship where there was only "minor overlap" between parent and subsidiary).

[18] U.S. Foreign Defendants are distinct entities, with separate boards of directors, board meetings, and financial books and records from Foreign Defendants. (Decl. ¶¶ 15-16.)

on this basis.  *See, e.g.*, *Linus Holding Corp. v. Mark Line Indus., LLC*, 376 F. Supp. 3d 417, 426 (D.N.J. 2019) (declining to impute jurisdiction where plaintiff did not "specifically allege facts as to each of the defendants that demonstrate how each entity . . . purportedly controlled or dominated [the other defendant] such that it failed to assume a separate corporate identity").[19]

## IV. THE EXERCISE OF PERSONAL JURISDICTION OVER THE FOREIGN DEFENDANTS WOULD BE UNREASONABLE

The foregoing facts and analysis should lead the Court to conclude that the Due Process Clause forbids the exercise of personal jurisdiction over the Foreign Defendants.  A contrary conclusion would "offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To determine reasonableness, the Supreme Court has identified the following factors: "the burden on the defendant, the interests of the forum state, plaintiff's interest in obtaining relief, [and] the interstate judicial system's interest in obtaining efficient resolution of controversies."  *Eaton Corp. v. Maslym Holding*

---

[19] For these same reasons, Plaintiffs also cannot establish jurisdiction through a "conspiracy jurisdiction" theory.  Even if Plaintiffs established sufficient facts to establish a conspiracy, the Third Circuit has not recognized conspiracy jurisdiction.  *LaSala*, 410 F. App'x at 478 (finding that conspiracy jurisdiction is a matter of state law and predicting that the New Jersey Supreme Court would decline to adopt such a theory of personal jurisdiction); *see also Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 440 (D.N.J. 2021) ("[F]ederal due process does not square with the conspiracy-jurisdiction theory.  Purposeful availment must be analyzed individually to assure that each defendant deliberately targeted this State.").

*Co.*, 929 F. Supp. 792, 798 (D.N.J. 1996) (citing *Burger King Corp.*, 471 U.S. at 476-77).

*First*, exercising jurisdiction would impose a severe burden on the Foreign Defendants.  As the Supreme Court has warned, with respect to foreign defendants, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching . . . personal jurisdiction over national borders." *Asahi Metal Indus. Co.*, 480 U.S. at 114.  The Foreign Defendants, each incorporated and headquartered in Switzerland, would face a substantial burden if required to defend themselves half a world away in a state in which they do not operate.

As for the second, third, and fourth factors, while New Jersey may have an interest in adjudicating the dispute, the vast majority of the Foreign Defendants' evidence and witnesses would be located in Switzerland.  Moreover, exercising personal jurisdiction over the Foreign Defendants would impede upon Swiss sovereignty and contravene Supreme Court guidance that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Id*. at 115.

## **CONCLUSION**

For the foregoing reasons, the Complaints should be dismissed in their entirety as to each Foreign Defendant.

Dated:  April 8, 2024

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Sean P. McConnell*
Sean P. McConnell
Sarah O'Laughlin Kulik
30 S. 17th Street
Philadelphia, PA 19380
(215) 979-1947
spmcconnell@duanemorris.com
sckulik@duanemorris.com

**DAVIS POLK & WARDWELL LLP**

Arthur J. Burke (*pro hac vice*)
Anna M. Kozlowski (*pro hac vice*)
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
arthur.burke@davispolk.com
anna.kozlowski@davispolk.com

*Attorneys for Defendants DSM-Firmenich AG, Firmenich International SA, and Firmenich SA*

.