UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: FRAGRANCE DIRECT PURCHASER ANTITRUST LITIGATION | Case No. 2:23-02174 |
| IN RE: FRAGRANCE INDIRECT PURCHASER ANTITRUST LITIGATION | Case No. 2:23-03249 |
| IN RE: FRAGRANCE END-USER PLAINTIFF ANTITRUST LITIGATION | Case No. 2:23-16127<br><br>**ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court are Plaintiffs' Motion for Judicial Notice, Defendants' Joint Motion to Dismiss the Consolidated Complaints Pursuant to Rule 12(b)(6), and three separate Motions to Dismiss Pursuant to Rule 12(b)(2) for lack of personal jurisdiction.[9] Upon careful consideration of the pending motions, and for the reasons set forth in the Court's corresponding Opinions, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Judicial Notice (D-ECF No. 167; I-ECF No. 126; E-ECF No. 107) is **DENIED**;

2. Defendants' Joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. D-ECF No. 140; I-ECF No. 94; E-ECF No. 78) is **DENIED** in its entirety with respect to the Direct Purchaser Complaint;

3. Defendants' Joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. D-ECF No. 140; I-ECF No. 94; E-ECF No. 78) is **GRANTED** as to IP Plaintiffs' claims brought pursuant to the antitrust statutes of Arizona, Arkansas, Colorado, Connecticut, Hawaii, Illinois, Iowa, Kansas, Maine, Mississippi, Nebraska, New Hampshire, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and the District of Columbia; **GRANTED** as to IP Plaintiffs' claims brought pursuant to the consumer protection statutes of Arizona, Arkansas, Colorado, Connecticut, Hawaii, Iowa, Kansas, Maine, Montana, Nebraska, New Hampshire, North Dakota, Oregon, Rhode Island, South Carolina, South

---

[9] For the purpose of this Order, the Court refers to the Direct Purchaser Docket, Case No. 2:23-02174, as "D-ECF"; the Indirect Purchaser Docket, Case No. 2:23-03249, as "I-ECF"; and the End-User Plaintiff Docket, Case No. 2:23-16127, as "E-ECF".

Dakota, Tennessee, Utah, Vermont, West Virginia, and the District of Columbia; and **DENIED** as to IP Plaintiffs' remaining claims;

4. Defendants' Joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. D-ECF No. 140; I-ECF No. 94; E-ECF No. 78) is **GRANTED** as to EUP Plaintiffs' claim for unjust enrichment; **GRANTED** as to claims brought pursuant to the antitrust statute of Illinois; **GRANTED** as to EUP Plaintiffs' claims brought pursuant to the consumer protection statutes of Montana and South Carolina; and **DENIED** as to EUP Plaintiffs' remaining claims;

5. Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), ECF Nos. (D-ECF Nos. 126, 136, 138; I-ECF Nos. 80, 90, 92; E-ECF Nos. 65, 74, 76), are **DENIED WITHOUT PREJUDICE** pending jurisdictional discovery.

Indirect Purchaser Plaintiffs and End-User Plaintiffs are granted **LEAVE TO AMEND** their consolidated complaints with respect to the claims dismissed for failure to state a claim pursuant to Rule 12(b)(6) (as described in Numbered Paragraphs 3 and 4 of this Order). Any amended complaint(s) filed pursuant to this Order shall be filed no later than **30 DAYS** following the issuance of this Order, unless such time is extended by order of this Court for good cause shown. Because leave to amend the consolidated complaints to establish personal jurisdiction over the Foreign Defendants would be futile, the Court instead instructs the parties to participate in **JURISDICTIONAL DISCOVERY**, which shall commence at a date later than the filing of any amended complaint(s).

The parties shall attempt to agree to a schedule concerning (1) the filing of the amended complaints, (2) the filing, if appropriate, of any motion(s) to dismiss the amended complaints, and (3) jurisdictional discovery. Within **14 DAYS** of this Order, the parties are instructed to either:

(a) Jointly file an agreed scheduling order to the Court, or alternatively
(b) Separately file proposed scheduling orders, each accompanied by a memorandum (not to exceed three (3) pages) to inform the Court of the party's position regarding scheduling.

**IT IS SO ORDERED.**

DATE: February 21, 2024

WILLIAM J. MARTINI, U.S.D.J.