# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: FRAGRANCE DIRECT PURCHASER ANTITRUST LITIGATION** | Case No. 2:23-cv-02174-WJM-JSA <br><br> Jury Trial Demanded |

**JOINT DECLARATION OF INTERIM CO-LEAD AND LIAISON CLASS COUNSEL IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT INTERNATIONAL FLAVORS & FRAGRANCES, INC., AND PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS**

James E. Cecchi
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700
Fax: (973) 994-1744
jcecchi@carellabyrne.com

*Liaison Counsel for Direct Purchaser Class*

[Additional Attorneys on Signature Page]

Linda P. Nussbaum of Nussbaum Law Group, P.C.; Christopher M. Burke of Burke LLP; Hilary K. Scherrer of Hausfeld LLP (together "Interim Co-Lead Class Counsel for the Direct Purchaser Plaintiffs"); and James E. Cecchi ("Liaison Class Counsel for the Direct Purchaser Plaintiffs"), pursuant to 28 U.S.C. § 1746, hereby declare as follows:

## I.    INTRODUCTION AND OVERVIEW

1.    Interim Co-Lead Class Counsel for the Direct Purchaser Plaintiffs ("Interim Co-Lead Counsel") and Liaison Class Counsel for the Direct Purchaser Plaintiffs ("Liaison Counsel") make this Declaration based on personal, firsthand knowledge, and if called upon and sworn as witnesses, could and would testify competently to the facts contained herein.

2.    Interim Co-Lead Counsel and Liaison Counsel are counsel for B & E Associates, Inc. (d/b/a Keystone Candle Company), Cospro Development Corp., Demeter F.L., Inc. (d/b/a Demeter Fragrance Library), Hanna's Candle Company, and Our Own Candle Company, Inc. (collectively the "DPPs" or "Plaintiffs") and the putative DPP Class.

3.    Interim Co-Lead Counsel and Liaison Counsel submit this Declaration in support of the Motion for Preliminary Approval of Settlement With Defendant International Flavors & Fragrances, Inc., Certification of Settlement Class, and Production of Non-Settling Defendants' Customer Information ("Preliminary

Approval Motion") seeking entry of an Order (1) preliminarily approving the settlement reached between DPPs, on behalf of themselves and the proposed settlement class, and Defendant International Flavors & Fragrances, Inc. ("IFF"), as set forth in the Settlement Agreement dated October 16, 2025 (the "Settlement Agreement" or "Settlement"); (2) provisionally certifying the DPP Settlement Class for settlement purposes and appointing Linda Nussbaum, Christopher Burke, and Hilary Scherrer as DPP Settlement Class Counsel; (3) staying the Action as to IFF pending final approval of the Settlement Agreement, except as may be necessary to implement the cooperation provisions set forth in the Settlement Agreement or otherwise comply with the Settlement Agreement; and (4) appointing The Huntington National Bank as the Escrow Agent.

4.      Attached to this Declaration are true and correct copies of the following:

Exhibit A:    Settlement Agreement between DPP Class Plaintiffs and International Flavors & Fragrances, Inc. ("Settlement Agreement" or "SA").

5.      This Declaration summarizes the factual and procedural history of this litigation, starting with the appointment of Interim Co-Lead and  Liaison Counsel and continuing through the events leading up to this Proposed Settlement.  Interim Co-Lead and Liaison Counsel and DPPs have: (a) been fully engaged in this litigation; (b) gained a full understanding and appreciation of all the risks to the DPP

Class if the case were to proceed to trial against IFF; and (c) conducted vigorous and contested settlement negotiations at arm's length and in the best interests of the DPP Class.

6.    The Proposed Settlement was achieved following more than two years of litigation and vigorous opposition of Defendants, the dominant manufacturers of fragrance ingredients and fragrance compounds ("Fragrance Products") in the world, and their counsel, members of some of the preeminent defense firms in the country.

7.    Under the leadership of the Interim Co-Lead Counsel and Liaison Counsel, the icebreaker settlement with IFF achieves substantial monetary relief of $26,000,000 and full, timely and valuable cooperation relief and irreplaceable inside information with respect to a secret cartel and conspiracy that will greatly assist Interim Co-Lead Counsel and Liaison Counsel in the continuing litigation against the non-settling Defendants. The relief provided for the DPP Class is fair, reasonable and adequate, taking into account the costs, risks, and delay of trial and appeal of the case against IFF.

8.    Interim Co-Lead Counsel and Liaison Counsel and DPPs have adequately represented the DPP Class. Among other things, Interim Co-Lead Counsel and Liaison Counsel prepared complex and sophisticated pleadings, retained renowned experts, successfully opposed a motion to dismiss, and negotiated jurisdictional discovery, prevailing at each step of this litigation in the face of

formidable opposition from Defendants and their counsel.  Interim Co-Lead Counsel and Liaison Counsel also coordinated with other plaintiff groups in an efficient manner with respect to shared discovery efforts and other pretrial matters.

9.      The Proposed Settlement was negotiated at arm's length and with the assistance of a highly experienced, knowledgeable and neutral mediator.

10.      Finally, the Proposed Settlement treats all members of the DPP Class equitably relative to each other. The relief achieved by the Settlement benefits all members of the DPP Class.  The monetary relief will be distributed to the DPP Class *pro rata*, based on their volume and dollars of purchases of Fragrance Products directly from Defendants or their subsidiaries.

11.      This Declaration describes the great effort, dedication, and expertise put forth by Interim Co-Lead Counsel and Liaison Counsel and DPPs to bring about this challenging and highly complex case against IFF to a successful conclusion via the Proposed Settlement.

12.      Under the circumstances discussed below, the Proposed Settlement with IFF is well within the range of reasonableness to warrant notice to the DPP Class and preliminary approval by this Court.

13.      Unless otherwise defined, all capitalized terms have the meanings prescribed to them in the Settlement.

## II.    HISTORY OF THE LITIGATION

### A.    Nature of the Litigation

14.    This lawsuit arises from an alleged unlawful conspiracy to fix, raise, and/or maintain the prices for fragrance ingredients and fragrance compounds sold in the U.S. (together "Fragrance Products") by Defendants in violation of Sections 1 and 3 of the Sherman Act (15 U.S.C. §§ 1, 3).

15.    Defendants are the world's largest producers of Fragrance Products. Together, Defendants control approximately two-thirds of the U.S. fragrance market, with IFF holding an approximate 22% share.

### B.    Investigation and Complaint

16.    On March 7, 2023, the European Commission announced that it had carried out dawn raids at several suppliers and an industry association in the Fragrance Products industry in coordination with the United Kingdom's Competition and Markets Authority, the Swiss Competition Authority, and the U.S. Department of Justice Antitrust Division ("DOJ"). The raids were predicated on concerns that certain Defendants had "coordinated their pricing policy, prohibited their competitors from supplying certain customers and limited the production of certain fragrances." IFF subsequently disclosed that it had received a criminal grand jury subpoena.

17.    On April 18, 2023, the first of several DPP actions was filed in this

Court.[1]  Thereafter, additional DPPs filed actions, as did indirect purchaser plaintiffs ("IPPs") and end user plaintiffs ("EUPs").[2]

18.    DPPs allege a common course of conduct, namely that IFF, Non-Settling Defendants, and other conspirators engaged in anticompetitive behavior and an unlawful conspiracy to fix, raise, or maintain the prices for Fragrance Products in violation of Sections 1 and 3 of the Sherman Act (15 U.S.C. §§ 1, 3).

## C.    The Court's Appointment of Experienced Interim Co-Lead Counsel and the DPP Consolidated Complaint

19.    On November 7, 2023, the Court ordered the consolidation of nine DPP cases filed in the U.S. District Court for the District of New Jersey into the present action. *See* ECF No. 72.

20.    On November 21, 2023, the Court appointed Linda Nussbaum of Nussbaum Law Group; Christopher Burke of Burke LLP (then of Korein Tillery); and Hilary Scherrer of Hausfeld LLP, as Interim Co-Lead Counsel  and James E. Cecchi as Liaison Counsel for the DPP Class.  ECF No. 77.

21.    DPP Settlement Class Counsel have substantial experience, individually and collectively, successfully prosecuting antitrust class actions and other complex litigation throughout the United States. At the outset of this case, after

---

[1]  *See* 3:23-cv-2174, ECF No. 1.
[2]  *See* 2:23-cv-03249 (Indirect Purchaser action) and 2:23-cv-16127 (End User action).

full briefing by competing slates of attorneys, the Court appointed Proposed DPP Settlement Class Counsel as Interim Co-Lead Counsel. ECF No. 77 at 2. Since their appointment, Interim Co-Lead Counsel have continued to vigorously prosecute this case. They successfully opposed Defendants' motions to dismiss the DPPs' Consolidated Complaint and engaged in extensive meet and confers with the foreign Defendants regarding jurisdictional discovery. Moreover, these firms have demonstrated commitment to this litigation, devoting the resources and personnel necessary to get to this point—quickly achieving this substantial icebreaker settlement that will be highly valuable to the prosecution of claims against the remaining Defendants.

### D.    Defeat of Motion to Dismiss and the Court's Stay of Discovery

22.    The DPPs, IPPs, and EUPs filed their Consolidated Complaints on February 5, 2024 (the "Complaints"). ECF No. 107. In response, Defendants filed two sets of motions to dismiss the Complaints: (1) all Defendants moved pursuant to Rule 12(b)(6) to dismiss the Complaints on the grounds that they failed to adequately allege a conspiracy; and (2) Defendants DSM-Firmenich AG, Firmenich International SA, Firmenich SA, Symrise AG, and Givaudan SA ("Foreign Defendants") moved to dismiss pursuant to Rule 12(b)(2) on personal jurisdiction grounds. ECF Nos. 126, 136, 138, 140.

23.    On February 21, 2025, the Court denied the Rule 12(b)(6) motion

addressed to the DPPs, finding that the DPP Complaint plausibly alleged an anticompetitive conspiracy. ECF No. 187. The Court also denied the Foreign Defendants' Rule 12(b)(2) motions, but without prejudice to renew the motions after the parties conduct jurisdictional discovery. ECF No. 185.

24.     The Court stayed discovery on the merits pending discovery related to jurisdiction over the Foreign Defendants and any renewed Rule 12(b)(2) motions to dismiss. ECF Nos. 154, 193. The parties were in the midst of negotiations regarding jurisdictional discovery when the DOJ moved to intervene to ensure that discovery in the civil cases did not interfere with the government's criminal investigation of the Fragrance Products industry. The Court granted the DOJ's motion on June 20, 2025. ECF No. 216. Thereafter, Plaintiffs engaged in negotiations with the DOJ regarding a limited stay of discovery. They ultimately reached agreement, and on August 26, 2025, the Court entered the stipulation. ECF No. 230.

## III.   SETTLEMENT

### A.    Settlement Negotiations and Resulting Agreement with IFF

25.     DPPs and IFF first explored the possibility of settlement in early 2025.

26.     In March 2025, the parties engaged in in-person negotiations mediated by the well-respected mediator, the Hon. Layn R. Phillips. While the parties did not reach an agreement during the mediation, thereafter, they continued to negotiate through the mediator, as well as in direct communications, including email

8

exchanges, telephonic communications, and video conference meetings. Settlement negotiations were conducted over a period of more than six months and were arm's-length and hard-fought. The Settlement was negotiated by counsel with extensive experience in antitrust litigation, who were well-versed in the strengths and weaknesses of their respective clients' positions. Further negotiations took place under the supervision of Judge Phillips.

27.    The parties executed a term sheet setting forth an agreement in principle in August 2025. The parties then engaged in additional arm's-length negotiations regarding the detailed terms of the settlement to reach a final Settlement Agreement, which was executed on October 16, 2025.

### B.    The Settlement Process

28.    DPP Class and Liaison Counsel retained and consulted with economic and industry experts to assist Interim Co-Lead Counsel and Liaison Counsel in evaluating Defendant IFF's offers and crafting the relief contained in the Settlement Agreement.

29.    Negotiations leading up to the proposed Settlement were entirely non-collusive and strictly at arm's length.  As discussed above, Interim Co-Lead Counsel and Liaison Counsel and the DPPs were well-informed regarding the strengths and weaknesses of the DPP Class's claims and IFF's defenses.

30.    Throughout the mediation process, the Parties engaged in adversarial

9

negotiations over a number of issues. These facilitated discussions were lengthy, principled, exhaustive, and informed. The negotiations, on both sides, were conducted by highly qualified attorneys with extensive experience and knowledge of the fragrance industry, as well as antitrust and class action law.

31.   The Settlement represents Interim Co-Lead Counsel and Liaison Counsel best professional efforts and judgments and is a fair, reasonable and adequate results reached after a thorough investigation and assessment conducted over many months. The Settlement accounts Interim Co-Lead Counsel and Liaison Counsel's view of the risks, strengths, and weaknesses of the parties' respective positions, the risks and costs of continued litigation and appeals, and is in the best interest of the DPP Class.

32.   Interim Co-Lead Counsel and Liaison Counsel accounted for the significant litigation risks of settling and of not settling with Defendant IFF based on their independent research into the industry; their independent research into the investigation of the global competition authorities; the limited factual record in the case; expert opinions and insights; DPP client opinions and insights; the briefing and Court decisions on the motion to dismiss; information learned in the IFF mediation; and their experience in the negotiations with Defendants on jurisdictional discovery.

33.   The parties have also entered into a confidential provision relating to the threshold percentage of opt-outs necessary to trigger IFF's right to terminate the

proposed Settlement, as is routinely utilized in class settlements in this District and elsewhere.

34.    Through this settlement, the DPP Class receives the certainty of substantial relief in the form on monetary damages and in the form of highly valuable cooperation from an entity in the inside of a global antitrust conspiracy.

35.    In the collective judgment of the Interim Co-Lead Counsel and Liaison Counsel, the Settlement easily exceeds the applicable legal standard of being fair, reasonable, and adequate for all DPPs Class Members of all sizes and types.

36.    This Settlement is far preferable to continuing contentious litigation against Defendant IFF for many more years with no guarantee of a favorable, let along more favorable, result.

**C.    The Value of the Settlement Relief and Benefits to the DPP Class**

37.    The Proposed Settlement can be divided into two main components: cooperation and monetary relief.

38.    **Monetary Relief in the Proposed Settlement**: The proposed Settlement recovers $26,000,000 for the DPP Settlement Class. Although IFF could possibly withstand a greater monetary payment, it agreed to provide DPPs with evidence to use against the remaining Defendants, making this an excellent result for the DPP Settlement Class.

39.    **Cooperation Relief in the Proposed Settlement**: The proposed

Settlement also requires that IFF provide substantial cooperation in assisting DPPs with prosecuting their action against the remaining Defendants, including: (1) a proffer of all facts relating to the Defendants' conspiracy in violation of the antitrust laws in the United States and globally, including the Foreign Defendants' participation in the conspiracy and in the U.S. market; (2) the production of transaction data; (3) the production of documents related to the conspiracy; (4) depositions of IFF personnel with knowledge of the anticompetitive conduct; and (5) assistance at trial including testimony and/or authentication of documents. This cooperation is critical to the prosecution of this Action and is, therefore, a highly valuable undertaking by IFF.

40.     The named DPPs support the Settlement. The named DPPs have been active participants in this Action and have spent time consulting with Interim Co-Lead Counsel, reviewing the pleadings, and keeping informed of the progress of the litigation. When called upon to do so, DPPs have agreed to respond to discovery propounded by Defendants.

41.     As a part of the settlement process, DPP Interim Lead and Liaison Counsel conducted a competitive bidding process for an escrow agent, and on the basis of the bids, selected Huntington Bank. Huntington has experience managing similar accounts resulting from class action settlements.

42.     **Confidential Provision**:  The parties have entered into a confidential

provision relating to the threshold percentage of opt-outs necessary to trigger IFF's right to terminate the proposed Settlement.

43.    **Method of Distribution:** Settlement Class Members submitting valid claims will be reimbursed their damages from the Net Settlement Fund based upon a *pro rata* distribution. The proposed *pro rata* plan of distribution, which minimizes administrative burdens and is widely accepted in antitrust cases, is fair, reasonable and adequate, and warrants preliminary approval.

44.    **Claims Process:** The claims process will rely on Defendants' transaction data to the extent possible. Distributions to Settlement Class members will be made by check or electronic means.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | |
|---|---|
| Executed on October 17, 2025<br>Roseland, New Jersey | *James E. Cecchi*<br>James E. Cecchi<br>**CARELLA, BYRNE, CECCHI,**<br>**BRODY & AGNELLO, P.C.**<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>Tel.: (973) 994-1700<br>jcecchi@carellabyrne.com<br>*Liaison Counsel for Direct*<br>*Purchaser Class* |
| Executed on October 17, 2025<br>New York, New York | Linda P. Nussbaum<br>**NUSSBAUM LAW GROUP, P.C.** |

|  | 1133 Avenue of the Americas, 31st Floor<br>New York, NY 10036<br>Tel.: (917) 438-9189<br>lnussbaum@nussbaumpc.com<br>*Interim Co-Lead Class Counsel for Direct Purchaser Class* |
|---|---|
| Executed on October 17, 2025<br>San Diego, California | Christopher M. Burke<br>**BURKE LLP**<br>402 W. Broadway, Suite 1890<br>San Diego, CA 92101-8577<br>Tel.: (619) 369-8244<br>cburke@burkelaw.com<br>*Interim Co-Lead Class Counsel for Direct Purchaser Class* |
| Executed on October 17, 2025<br>Arlington, Virginia | Hilary K. Scherrer<br>**HAUSFELD LLP**<br>1200 17th Street, N.W., Suite 600<br>Washington, DC 20006<br>Tel.: (202) 540-7200<br>hscherrer@hausfeld.com<br>*Interim Co-Lead Class Counsel for Direct Purchaser Class* |

# EXHIBIT A

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

IN RE: FRAGRANCE DIRECT
PURCHASER ANTITRUST LITIGATION

Case No. 2:23-cv-02174-WJM-JSA

## STIPULATION AND AGREEMENT OF SETTLEMENT
## BETWEEN DIRECT PURCHASER PLAINTIFFS AND INTERNATIONAL
## FLAVORS AND FRAGRANCES, INC.

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

Contents

RECITALS ..................................................................................................................1

DEFINITIONS.............................................................................................................3

PRELIMINARY APPROVAL ORDER AND NOTICE ORDER..............................12

MUTUAL RELEASES AND COVENANTS NOT TO SUE ...................................14

SETTLEMENT CLASS CERTIFICATION.............................................................16

GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT..............17

CONSIDERATION ...................................................................................................17

USE OF THE SETTLEMENT FUND.......................................................................28

FEE AND EXPENSE APPLICATION, ATTORNEYS' FEES, AND LITIGATION
     EXPENSES.......................................................................................................31

NOTICE AND SETTLEMENT ADMINISTRATION .............................................33

TERMINATION OF SETTLEMENT ........................................................................42

EFFECTIVE DATE OF SETTLEMENT ..................................................................43

MISCELLANEOUS ..................................................................................................44

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

## RECITALS

This Stipulation and Agreement of Settlement, together with any exhibits attached hereto and supplements described herein, which are incorporated herein by reference ("Settlement Agreement"), is made and entered into on October 16, 2025, by and between direct purchaser plaintiffs B & E Associates, Inc. (d/b/a Keystone Candle Company), Cospro Development Corp., Demeter F.L., Inc. (d/b/a Demeter Fragrance Library), Hanna's Candle Company, and Our Own Candle Company, Inc. ("Plaintiffs" or "Class Plaintiffs") on behalf of themselves and the other members of the Settlement Class (as defined below), and Defendant International Flavors and Fragrances, Inc. ("IFF") (IFF and Plaintiffs together, the "Settling Parties").  This Settlement Agreement is intended to fully, finally, and forever resolve, discharge, and settle the Settlement Class Released Claims and IFF Released Claims (as defined below), upon and subject to the terms and conditions hereof.

WHEREAS, on April 18, 2023, the first direct purchaser complaint in this Consolidated Action was filed against IFF and other defendants alleging that IFF and its alleged co-conspirators engaged in an unlawful conspiracy to restrain trade, by, among other things, fixing the prices of Fragrance Products in violation of the Sherman Act, 15 U.S.C. §§ 1, 3;

WHEREAS, thereafter, multiple other direct purchasers filed complaints against IFF and its alleged co-conspirators alleging the same or similar misconduct;

WHEREAS, on February 5, 2024, Plaintiffs filed their Consolidated Complaint against IFF and the other Defendants alleging that they engaged in an unlawful conspiracy to restrain trade, by, among other things, fixing the prices of Fragrance Products in violation of the Sherman Act, 15 U.S.C. §§ 1, 3;

1

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

WHEREAS, Plaintiffs allege that they and members of their putative class are entitled to treble damages, declaratory relief, and injunctive relief as a result of violations of the laws as alleged in the Consolidated Action, arising from IFF's (and the other Defendants') alleged conduct;

WHEREAS, Plaintiffs, for themselves individually and on behalf of each member of the Settlement Class, and IFF agree that neither this Settlement Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by IFF or of the truth of any of the claims or allegations alleged in the Consolidated Action;

WHEREAS, Lead Counsel for the Plaintiffs and their putative class have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Consolidated Action, the legal and factual defenses alleged by Defendants in response thereto, and the applicable law, that: (1) it is in the best interests of the Plaintiffs and their putative class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein, including immediate and valuable cooperation and the value of the settlement amount to be paid by IFF under this Settlement Agreement, are obtained for the Plaintiffs and their putative class; and (2) the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Plaintiffs and their putative class;

WHEREAS, IFF, while continuing to deny that it is liable for any damages in connection with the claims asserted against it in the Consolidated Action, has nevertheless agreed to enter into this Settlement Agreement to avoid the further risk, expense, inconvenience, and distraction of burdensome and protracted litigation, and thereby to put fully to rest this controversy, to avoid the

2

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

risks inherent in complex litigation, and to obtain complete dismissal of the Consolidated Action as to IFF and a release of claims and a covenant not to sue as set forth herein;

WHEREAS, this Settlement Agreement is the product of arm's-length negotiations between Class Lead Counsel (as defined below) and IFF's Counsel under the guidance and oversight of the Mediator (the Hon. Layn R. Phillips), and this Settlement Agreement embodies all of the terms and conditions of the settlement agreed upon between IFF and the Plaintiffs, both for themselves individually and on behalf of the members of their putative class;

NOW, THEREFORE, in consideration of the Recitals above, which are a material part of this Agreement, and the covenants, terms, and releases in this Settlement Agreement, it is agreed, by and among the Plaintiffs (for themselves individually and on behalf of the Settlement Class defined below and each member thereof) and IFF, by and through Class Lead Counsel and IFF's Counsel, that, subject to the approval of the Court, the Consolidated Action be settled, compromised, and dismissed with prejudice as to IFF only, without costs, except as stated herein, and releases be extended, as set forth in this Settlement Agreement.

## **DEFINITIONS**

1.      As used in this Settlement Agreement, the following capitalized terms have the meanings specified below:

a.      "Alternative Judgment" means a Final Judgment and Order of Dismissal entered by the Court but in a form other than proposed by Class Lead Counsel and IFF's Counsel.

b.      "Authorized Claimant" means any Settlement Class member who will be entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Distribution

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

approved by the Court in accordance with the terms of this Settlement Agreement.

      c.      "Claims Administrator" means the third party to be retained by Class Lead Counsel and approved by the Court to manage and administer the process by which each member of the Settlement Class is notified of and paid pursuant to this Settlement Agreement.

      d.      "Class Counsel" means counsel for direct purchasers in *In re Fragrance Direct Purchaser Antitrust Litigation.*

      e.      "Class Distribution Order" has the meaning given to it in paragraph 48.

      f.      "Class Lead Counsel" means Linda Nussbaum of Nussbaum Law Group, Christopher Burke of Burke LLP, and Hilary Scherrer of Hausfeld.

      g.      "Class Notice" means, collectively, the Mail Notice and Publication Notice, which shall be subject to consultation and agreement with IFF's Counsel before being submitted to the Court for approval.

      h.      "Class Period" shall be the period of time between January 1, 2018 and December 31, 2023.

      i.      "Consolidated Action" means *In re: Fragrance Direct Purchaser Antitrust Litigation*, No. 2:23-cv-02174-WJM-JSA, which is currently pending in the United States District Court for the District of New Jersey, and includes all actions filed in or transferred to the United States District Court for the District of New Jersey and consolidated thereunder and all actions that may be so transferred and consolidated in the future, including: 23-03049(WJM)(JSA); 23-3050 (WJM) (JSA); 23-03265 (WJM) (JSA); 23-03266 (WJM) (JSA); 23-03368 (WJM) (JSA); 23-03875 (WJM) (JSA); 23-04147 (WJM) (JSA); and 23-20972 (WJM) (JSA).

      j.      "Cooperation" means reasonable best efforts by IFF to provide the

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

Settlement Class, at IFF's sole cost and expense, with nonmonetary assistance in the prosecution of this matter through, including but not limited to, the provision of attorney proffers, witness interviews, documents, structured data, depositions, and witnesses at trial, as more fully explained in paragraphs 18-20.

      k.     "Court" means the United States District Court for the District of New Jersey.

      l.     "Defendants" means IFF, Givaudan SA, Givaudan Fragrances Corporation, Ungerer & Company, Inc., Custom Essence LLC, DSM-Firmenich AG, Firmenich International SA, Firmenich Inc., Agilex Flavors & Fragrances, Inc., Symrise AG, Symrise Inc., and Symrise US LLC.

      m.     "Effective Date" with respect to the Settlement means the first business day following occurrence or waiver of all the events and conditions specified in paragraphs 55-56.

      n.     "End User Plaintiff Action" means *In re: Fragrance End-User Plaintiff Antitrust Litigation*, No. 23-16127 (WJM) (JSA) (D.N.J.), which is currently pending in the United States District Court for the District of New Jersey, and includes all actions filed in or transferred to the United States District Court for the District of New Jersey and consolidated thereunder and all actions that may be so transferred and consolidated in the future.

      o.     "Escrow Agent" means the third party to be retained by Class Lead Counsel and approved by the Court to serve as the escrow agent for the Settlement Fund.

      p.     "Execution Date" means the date of the execution of this Settlement Agreement by counsel for all Parties thereto.

      q.     "Fairness Hearing" means the hearing to be held by the Court to determine

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

whether the settlement set forth in this Settlement Agreement shall receive final approval pursuant to Fed. R. Civ. P. 23.

r.    "Fee and Expense Application" means the Class Lead Counsels' application or applications to the Court seeking an award of attorneys' fees and costs in accordance with paragraph 30.

s.    "Final Judgment and Order of Dismissal" means the order of the Court finally approving the settlement set forth in this Settlement Agreement and dismissing the Consolidated Action against IFF.  The Final Judgment and Order of Dismissal shall become final when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (1) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (2) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this paragraph, an appeal includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind.

t.    "Flavor Products" means ingredients and compounds used, sold, or purchased by IFF or one of its co-conspirators for use as a flavor or component of flavor.  For avoidance of doubt, no Fragrance Product shall be treated as a Flavor Product by this Agreement.

u.    "Fragrance Products" means fragrance ingredients, fragrance formulas, and fragrance compounds, regardless of whether they are natural, synthetic, or otherwise, including related auxiliary technologies sold in combination with the fragrance, such as encapsulation, printing service, or other technologies intended to deliver the fragrance.  For avoidance of doubt,

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

Fragrance Products include, without limitation, consumer fragrances and fine fragrances.

v.      "IFF Released Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, or foreign law or regulation, by IFF against Plaintiffs, any members of the Settlement Class, or Class Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Consolidated Action.  IFF Released Claims shall not include any future claims relating to the enforcement of any terms of this Settlement Agreement.  For the avoidance of doubt, the release in this paragraph is intended to cover only litigation conduct in this Consolidated Action.

w.      "IFF's Counsel" means Skadden, Arps, Slate, Meagher, and Flom LLP.

x.      "IFF Released Parties" shall mean IFF and each of its past, present, and future, direct and indirect parents (including holding companies), subsidiaries, affiliates, associates, divisions, predecessors, successors, and each of their respective officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns.

y.      "Indirect Purchaser Action" means *In re: Fragrance Indirect Purchaser Antitrust Litigation*, No. 23-cv-03249 (WJM) (JSA) (D.N.J.), which is currently pending in the United States District Court for the District of New Jersey, and includes all actions filed in or transferred to the United States District Court for the District of New Jersey and consolidated thereunder and all actions that may be so transferred and consolidated in the future.

z.      "Mail Notice" means the Notice of Proposed Settlement of Class Action to be provided to the Settlement Class as provided in this Settlement Agreement and the Preliminary

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

Approval Order or Notice Order.

aa.     "Mediator" means Hon. Layn R. Phillips or, if he is unable or unwilling to serve in that capacity, an alternate jointly selected in good faith by Class Lead Counsel and IFF's Counsel.

bb.     "Net Settlement Fund" has the meaning given to it in paragraph 25.

cc.     "Non-Settling Defendants" means all Defendants other than IFF.

dd.     "Notice Order" or "Order Approving the Plan of Distribution and Form and Manner of Notice of Settlement Agreements" means an order of the Court that approves the form of Class Notice and preliminarily approves the proposed Plan of Distribution.

ee.     "Parties" means Plaintiffs, on behalf of themselves and other members of the Settlement Class, and IFF.

ff.     "Person" means an individual or entity, and his, her, or its spouses, heirs, predecessors, successors, representatives, or assignees.

gg.     "Plaintiffs" means B & E Associates, Inc. (d/b/a Keystone Candle Company), Cospro Development Corp., Demeter F.L., Inc. (d/b/a Demeter Fragrance Library), Hanna's Candle Company, and Our Own Candle Company, Inc.

hh.     "Plan of Distribution" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants after payment of settlement notice and administration expenses, Taxes and tax expenses, and such attorneys' fees, costs, expenses, interest, and other expenses as may be awarded by the Court.

ii.     "Preliminary Approval Order" means an Order of the Court, substantially in the form of Exhibit A attached hereto, that preliminarily approves the settlement set forth in this

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

Settlement Agreement, which shall be the subject of a motion filed in accordance with paragraphs 2-3 of this Settlement Agreement.

jj.    "Publication Notice" means the summary notice of proposed settlements and hearing for publication.

kk.    "Settlement Amount" means $26,000,000.

ll.    "Settlement Class" means the settlement class to be certified by the Court in accordance with paragraph 12 of this Settlement Agreement, which shall include all Persons and entities, and their successors and assigns, in the United States and its territories who purchased Fragrance Products directly from any of the Defendants or their subsidiaries or affiliates during the Class Period (as defined above), INCLUDING Plaintiffs, but specifically EXCLUDING: Defendants, IFF Released Parties, conspirators, the officers, directors, or employees of any Defendant or conspirator, any entity in which any Defendant or conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator, and any Person acting on their behalf.  Also excluded from the Class are any judicial officer presiding over the Consolidated Action and the members of his/her immediate family and judicial staff, and any juror assigned to the Consolidated Action, as well as any Person or entity who or which submits a valid and timely request for exclusion in accordance with the requirements set forth in the Class Notice and whose request is accepted by the Court.

mm.    "Settlement Class Released Claims" means any and all manner of claims, including Unknown Claims as defined below, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or

9

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

individual, in law or equity or arising under constitutions, statutes, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, arising from or relating in any way to any conduct alleged or that could have been alleged in and arising from the factual predicate of the Consolidated Action, or any amended complaint or pleading therein, or the sale of Fragrance Products during the Class Period, which shall be deemed to include but not be limited to: (i) communications related to Fragrance Products between any IFF Released Party and any other Defendants or other seller of Fragrance Products or participant in the conspiracy alleged in the Consolidated Action; (ii) agreements, arrangements, or understandings whether express or implied related to Fragrance Products between any IFF Released Party and any other Defendant or other seller of Fragrance Products or any other participant in the conspiracy alleged in the Consolidated Action; (iii) the sharing of customer information between any IFF Released Party and any other Defendant or other seller of Fragrance Products or any other participant in the conspiracy alleged in the Consolidated Action; and (iv) the establishment, calculation, communication, manipulation, or use of the price of any Fragrance Product. Provided, however, Settlement Class Released Claims do not include claims based upon transactions executed solely outside the United States and arising under foreign laws belonging to any Person that is domiciled outside the United States. For avoidance of doubt, the term "Settlement Class Released Claims" shall not include (i) any claims, whether or not alleged in the Consolidated Action, against any Non-Settling Defendant; (ii) any claims against IFF asserting personal injury or physical harm arising from the purchase or use of IFF Fragrance Products; (iii) any claims related to or arising

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

from IFF Flavor Products; (iv) any claims asserted in the Indirect Purchaser Action; and (v) any claims asserted in the End User Plaintiff Action.

nn.    "Settlement Class Released Parties" shall mean Plaintiffs, the Settlement Class and each of the Settlement Class members' past, present, and future, direct and indirect parents (including holding companies), subsidiaries, affiliates, associates, divisions, predecessors, successors, and each of their respective officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns, whether or not they object to the settlement set forth in this Settlement Agreement, and whether or not they make a claim for payment from the Net Settlement Fund.

oo.    "Settlement Fund" has the meaning given to it in paragraph 15.

pp.    "Taxes" has the meaning given to it in paragraphs 26-29.

qq.    "Unknown Claims" means any claims that a Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement Agreement. The Parties stipulate and agree that by operation of the Final Judgment and Order of Dismissal, upon the Effective Date, the Parties shall expressly waive, and each member of the Settlement Class shall be deemed to have waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, including Cal. Civ. Code § 1542 itself, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
DEBTOR OR RELEASED PARTY.

The Parties and members of the Settlement Class may hereafter discover facts other than or
different from those which he, she, or it now knows or believes to be true with respect to the
subject matter of the IFF Released Claims and Settlement Class Released Claims.  Nevertheless,
Settlement Class Released Parties and IFF Released Parties shall expressly, fully, finally, and
forever settle and release, by operation of the Final Judgment and Order of Dismissal, any and all
Settlement Class Released Claims and IFF Released Claims, respectively, whether or not
concealed or hidden, without regard to the subsequent discovery or existence of such different or
additional facts.  The Parties acknowledge, and each member of the Settlement Class shall be
deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of IFF
Released Claims and Settlement Class Released Claims was separately bargained for and was a
key element of the Settlement Agreement.

## PRELIMINARY APPROVAL ORDER AND NOTICE ORDER

2.    Within thirty (30) days following the Execution Date, or such later date agreed to
by the Parties, Class Lead Counsel shall submit to the Court, and IFF shall support, a motion
requesting entry of the Preliminary Approval Order.  That preliminary approval motion shall:

a.    seek certification of the Class solely for settlement purposes, pursuant to
Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3);

b.    request preliminary approval of the settlement set forth in this Settlement

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

Agreement as fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23;

       c.      seek the appointment of Plaintiffs as Settlement Class representatives, and Class Lead Counsel as interim Settlement Class Counsel under Fed. R. Civ. P. 23(g);

       d.      if practicable at the time the motion is filed or otherwise at a later time, seek appointment of the Escrow Agent and Claims Administrator;

       e.      stay all proceedings in the Consolidated Action against IFF, except as provided in paragraphs 18-20, and enjoin prosecution of any Settlement Class Released Claims by Settlement Class Released Parties against any IFF Released Parties, until the Court renders a final decision on approval of the settlement set forth in this Settlement Agreement; and

       f.      attach a proposed form of order, which includes such provisions as are typical in such orders, including a provision that, if final approval of the settlement is not obtained, the settlement is null and void, and the Parties will revert to their positions *ex ante* without prejudice to their rights, claims, or defenses and without admissions.

       3.      If practicable at the time the motion seeking entry of the Preliminary Approval Order is filed or otherwise at a later time, Class Lead Counsel shall submit to the Court, and IFF shall support, a motion requesting entry of a Notice Order that seeks approval of the Class Notice. With the object of reducing the costs of Class Notice, Class Lead Counsel shall use their reasonable best efforts to coordinate the provision of Class Notice pertaining to this Settlement Agreement with the provision of notice for any other settlements that may be reached in the Consolidated Action. Class Lead Counsel shall also submit for Court approval a Plan of Distribution that will provide for the distribution of the Net Settlement Fund. The Plan of Distribution shall be devised and implemented with the assistance of the Claims Administrator.

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

## MUTUAL RELEASES AND COVENANTS NOT TO SUE

4.      The obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition of: (a) the Consolidated Action as against IFF; (b) any and all Settlement Class Released Claims against the IFF Released Parties; and (c) any and all IFF Released Claims against the Plaintiffs, Settlement Class, and Class Counsel.

5.      Upon the Effective Date, Settlement Class Released Parties shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have fully, finally, and forever waived, released, relinquished, and discharged all Settlement Class Released Claims against all IFF Released Parties, and agree and covenant not to sue any IFF Released Party on the basis of any Settlement Class Released Claims or to assist any third party in commencing or maintaining any suit against any IFF Released Party related in any way to any Settlement Class Released Claims.

6.      Upon the Effective Date, IFF Released Parties shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, any of IFF Released Claims against Settlement Class Released Parties, and agree and covenant not to sue any Settlement Class Released Party on the basis of any IFF Released Claim or to assist any third party in commencing or maintaining any suit against any Settlement Class Released Party related in any way to any IFF Released Claims.

7.      The releases provided in this Settlement Agreement shall become effective immediately upon the occurrence of the Effective Date without the need for any further action,

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

notice, condition, or event.

8.      As an express and material condition of this Settlement Agreement, the Court shall enter an order of Final Judgment and Order of Dismissal or otherwise, to the extent not prohibited by law, barring claims by any Person against IFF for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Consolidated Action by way of settlement, judgment, or otherwise.

9.      The Parties hereby acknowledge that the releases herein, which specifically include Unknown Claims, are binding on the Parties, IFF Released Parties, and Settlement Class Released Parties, even if they may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Settlement Class Released Claims or the IFF Released Claims.  The Parties acknowledge, and IFF Released Parties and Settlement Class Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement Agreement.

10.      In the event that this Settlement Agreement is terminated pursuant to paragraphs 22, 51, or 52, or any condition for the final approval of this Settlement Agreement is not satisfied, the release and covenant not to sue provisions of the foregoing paragraphs shall be null and void and unenforceable.

11.      The sale of Fragrance Products by IFF shall, to the extent permitted and/or authorized by law, remain in the case against the Non-Settling Defendants or future defendants in the Consolidated Action as a potential basis for damage claims and shall be part of any joint and several liability claims against the Non-Settling Defendants or future defendants in the

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

Consolidated Action.


## SETTLEMENT CLASS CERTIFICATION

12.     The Parties hereby stipulate solely for settlement purposes that the requirements of Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) are satisfied, and, subject to Court approval, the Settlement Class shall be certified as to IFF.

13.     The Parties' agreement as to certification of the Settlement Class is solely for purposes of effectuating a settlement and for no other purpose.  IFF retains all of its objections, arguments, and defenses with respect to class certification, and reserves all rights to contest class certification, if the settlement set forth in this Settlement Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the settlement set forth in this Settlement Agreement otherwise fails to close.  The Parties acknowledge that if the settlement set forth in this Settlement Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the settlement set forth in this Settlement Agreement otherwise fails to close, this agreement as to certification of the Settlement Class becomes null and void *ab initio*, and this Settlement Agreement or any other settlement-related statement may not be cited in support of an argument for certifying a class for any purpose related to this proceeding.  If Plaintiffs broaden the settlement class definition in an amended complaint at any time up to the date that Mail Notice is distributed, the settlement class definition in this Settlement Agreement shall incorporate by reference the broader definition.

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

**GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT**

14.     The Parties agree to cooperate with one another in good faith to effectuate and implement the terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the terms of this Settlement Agreement.  This includes IFF serving notice on those entities required to receive notice pursuant to 28 U.S.C. § 1715.

**CONSIDERATION**

Monetary Consideration

15.     IFF shall cause the Settlement Amount to be transferred to the Escrow Agent within five (5) business days after entry of the Preliminary Approval Order and receiving such information from Class Lead Counsel as IFF may require in completing the wire transfer.  These funds, together with any interest earned thereon, shall constitute the Settlement Fund.  All costs and expenses incurred in connection with providing Class Notice and the administration of the settlement shall be paid from the Settlement Fund, subject to approval from the Court and shall not be the responsibility of IFF.

16.     Except as required by the above paragraph concerning payment of the Settlement Amount, and except as provided in below paragraph concerning refund upon termination of the Settlement, IFF shall have no responsibility for any other costs, including, as further detailed in this Settlement Agreement, any attorneys' fees and expenses or any Taxes or tax-related costs relating to the Settlement Fund, but all such fees, expenses, and costs shall be paid from the Settlement Fund, as approved by the Court.

17.     Prior to the Court granting final approval of the Settlement, Class Lead Counsel

17

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

may pay from the Settlement Fund, without further approval from the Court, up to four hundred thousand dollars ($400,000) to cover the costs and expenses reasonably and actually incurred in connection with providing Class Notice.  After final approval, any additional costs and expenses incurred in connection with providing Class Notice and costs and expenses incurred in connection with the administration of the settlement shall be paid from the Settlement Fund, subject to approval from the Court and shall not be the responsibility of IFF.  If for any reason the settlement set forth in this Settlement Agreement fails to become effective, the amounts paid or incurred for Class Notice up to four hundred thousand dollars ($400,000) shall not be recoupable by IFF from Class Lead Counsel or any other Person.

<u>Non-Monetary Consideration</u>

18.    As part of the Consideration for this Settlement Agreement, IFF agrees to provide, subject to any order from the Court, at IFF's sole cost and expense, Cooperation, as requested by Class Lead Counsel, to the benefit of the Settlement Class, relating to all forms and types of Settlement Class Released Claims, provided, however, that IFF's obligations with respect to Cooperation, including the timing and substance of Cooperation, shall in all instances be subject to such limitations as are ordered by the Court or as necessary to comply with IFF's obligation to cooperate with the Department of Justice or any other government body.  All Cooperation and confirmatory discovery shall be coordinated in such a manner to avoid unnecessary duplication and expense, except that IFF and Plaintiffs expressly agree that Plaintiffs' right to obtain Cooperation under this Agreement shall not be abridged or otherwise affected by any similar obligations IFF may have as a result of other settlements with other plaintiffs.  IFF's Cooperation obligations shall apply only to the Settlement Class members who act with, by or through Class

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

Lead Counsel pursuant to this Settlement Agreement.  For the avoidance of doubt, IFF's Cooperation will not include the provision of any expert testimony.  Notwithstanding any other provision of this Settlement Agreement, in the event that IFF believes that any of Class Lead Counsel's requests for confirmatory discovery and Cooperation are unreasonable, the Parties agree to meet and confer regarding such requests and seek resolution from the Mediator if necessary.  Notwithstanding any other provision in this Settlement Agreement, IFF may assert, where applicable, the work-product doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege, obligations under applicable data privacy laws or regulations, and/or any other applicable privilege or protection with respect to any documents, interviews, declarations and/or affidavits, depositions, testimony, material, and/or information requested under this Settlement Agreement.  For any documents withheld from production of documents to Plaintiffs pursuant to this Settlement Agreement, the Parties shall meet and confer in good faith regarding the creation of and appropriate scope of a privilege log.  In the event of a disagreement between IFF and Class Lead Counsel regarding the appropriateness or appropriate scope of a privilege log, the Parties will seek resolution from the Mediator.  After production of a privilege log, the Parties will make a good faith effort to resolve any dispute.  In the event of a disagreement between IFF and Class Lead Counsel regarding a claim of privilege or work product, the Parties will seek resolution of such disputes from the Mediator, with IFF retaining the right to seek a ruling from the Court with respect to the applicability of privilege or work product.  If any document protected by the attorney-client privilege, attorney work-product doctrine, the common interest doctrine, the joint defense privilege, and/or any other applicable privilege or protection, or by any law, regulation, policy, or other rule of any governmental body protecting disclosure of such documents

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

is accidentally or inadvertently produced, the document shall promptly be returned to IFF, and its production shall in no way be construed to have waived any privilege or protection attached to such document.   The confidentiality of any documents, declarations, affidavits, deposition testimony, and information provided to Plaintiffs pursuant to this provision shall be covered by the protective order in effect in the Consolidated Action, in the same manner as discovery material. If no protective order is in effect, any such documents, declarations, affidavits, deposition testimony, and information shall be maintained as confidential and available only to Class Lead Counsel and IFF's Counsel.  None of the cooperation provisions are intended to, nor do they, waive any applicable privilege or protection.  IFF's Counsel will meet with Class Lead Counsel as is reasonably necessary to discuss any applicable domestic or foreign privilege or protection.  The Parties expressly agree that any of the information provided in connection with the Cooperation and confirmatory discovery set forth in this Settlement Agreement, including without limitation oral presentations, may be used by Plaintiffs or Class Lead Counsel solely in the prosecution of the Consolidated Action against Non-Settling Defendants and for no other purpose whatsoever.

19.     Subject to the foregoing paragraph, IFF will provide Class Plaintiffs and Settlement Class members the following Cooperation and confirmatory discovery relating and in all events limited to the subject matter of the Settlement Class Released Claims and based on IFF's knowledge and good faith understanding of the underlying facts:

a.     **Preliminary Approval:** IFF shall cooperate to the extent reasonably necessary in connection with Class Lead Counsel's preparation of the motion for preliminary approval and any related documents necessary to effectuate and implement the terms and conditions of this Settlement Agreement.

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

b.      **Proffers:** IFF's Counsel will meet with Class Lead Counsel at mutually agreeable times and places to provide: (1) a general description of the manufacture and sale of Fragrance Products; and (2) a description of facts relevant to conduct described in the Consolidated Action, including but not limited to (a) the complained-of conduct and (b) the products affected by such conduct.  To the extent not prohibited by any law, regulation, policy, or other rule of any governmental body protecting disclosure of such information, the proffer shall also identify all current and former officers, directors, and employees of IFF who have been interviewed by any United States or European governmental body, including but not limited to the U.S. Department of Justice ("DOJ"), United Kingdom Competition and Markets Authority ("CMA"), European Commission ("EC"), and the Swiss Competition Commission ("Swiss WEKO"), investigating alleged manipulative or anticompetitive conduct in, or affecting, Fragrance Products, and include the last known contact information for any former officers, directors, and employees of IFF identified pursuant to this paragraph, and, if represented by counsel, then contact information for counsel.

c.      **Production of Data:** As soon as possible after the Execution Date, the Parties shall agree on a schedule to meet and confer about production by IFF of sales data related to the subject matter of the Consolidated Action.  If the Parties are unable to agree on the scope of the data to be produced, the issue shall be submitted to the Mediator for resolution.  IFF shall produce the data agreed upon (or, in the event no agreement can be reached, that the Mediator directs) as expeditiously as practicable.

d.      **Production of Documents Produced to Governmental Bodies:** Within ten (10) business days after the Execution Date, IFF shall commence preparation for production to

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

Plaintiffs, in a mutually agreeable electronic format, and to the extent not prohibited by any law, regulation, policy, or other rule of any governmental body protecting disclosure of such documents, those documents that it has already produced or made available to any grand jury or United States or European country governmental body, including but not limited to DOJ, CMA, EC, and Swiss WEKO, pursuant to investigations of alleged anticompetitive conduct in, or affecting, Fragrance Products. Once collected and as soon as practicable within ten (10) business days after entry of the Preliminary Approval Order, IFF shall produce these documents to Plaintiffs, to the extent not prohibited by any law, regulation, policy, or other rule of any governmental body protecting disclosure of such documents.

e.    **Production of Additional Documents and Data:** After the entry of the Preliminary Approval Order, while the Consolidated Action or any action related to any Settlement Class Released Claims remains pending, at Class Lead Counsel's written request and explanation, IFF will use its reasonable best efforts to produce reasonably requested documents and transactional or other structured data in a mutually agreeable electronic format, to the extent such production is not prohibited by any law, regulation, policy, or other rule of any governmental body protecting disclosure of such documents. The Parties shall meet and confer over any such requests, and in the event of a disagreement between IFF and Class Lead Counsel regarding the scope, burden, relevance, or permissibility of any such requests, the Parties will seek resolution of such disputes from the Mediator. To the extent that it is reasonably able to do so, IFF shall also identify any documents formerly in its possession, custody, or control that it is currently unable to produce.

f.    **Further Oral Presentation(s):** After the production of transaction data and documents described in paragraphs 19(c), (d), and (e), or as otherwise agreed to by the Parties,

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

and to the extent not prohibited by any law, regulation, policy, or other rule of any governmental body protecting disclosure of such information, IFF's Counsel shall provide another oral presentation(s) at a mutually agreeable time and place to provide Class Lead Counsel: (1) IFF's Counsel's understanding of the information contained in such documents; and (2) to the extent known, the specific locations and dates of all meetings or communications relating to the transactions and conduct that are the subject matter of all forms and types of Settlement Class Released Claims including, the identification and last known contact information of all current and former officers, directors, and employees of IFF or any other manufacturer of Fragrance Products in each such meeting or communication.  In connection with the production of sales data, IFF shall use reasonable best efforts to make available its current personnel, at reasonable times, to assist Class Lead Counsel in understanding such data.

g.      **Interviews**: After the entry of the Preliminary Approval Order, upon reasonable notice, and to the extent not prohibited by any law, regulation, policy, or other rule of any governmental body protecting disclosure of such information, at IFF's expense, IFF shall use its reasonable best efforts to make available for interviews with Class Lead Counsel and/or their experts up to five (5) current IFF employees designated by Class Lead Counsel.  Each interview shall take place on a single day and shall not exceed eight hours.  The interviews will not be videotaped, recorded, or professionally transcribed.  IFF will also respond to reasonable follow-up inquiries of Class Lead Counsel throughout the duration of this Consolidated Action or any action related to any Settlement Class Released Claims.  At Class Lead Counsel's request, and for good cause including, for example, by reason of new information learned by Plaintiffs during discovery, IFF will meet and confer regarding up to three (3) additional interviews of current IFF

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

employees sought by Class Lead Counsel, but failing agreement between the Parties, the Parties will seek resolution of such disputes from the Mediator.  If IFF is unable to make a requested current IFF employee available in the United States, IFF shall use its reasonable best efforts to make the individual available at such alternative location as Class Lead Counsel may reasonably request.  Notwithstanding any other provision of this Settlement Agreement, in the event that IFF believes that Class Lead Counsel has unreasonably designated any current employee for interview, the Parties agree to meet and confer regarding such designation and seek resolution from the Mediator if necessary.  IFF shall use good faith efforts to assist Class Lead Counsel in arranging interviews with former IFF employees.  To the extent not prohibited by any law, regulation, policy, or other rule of any governmental body protecting disclosure of such information, IFF will provide Class Lead Counsel with the last known contact information for any former employees of IFF identified pursuant to this paragraph, and, if represented by counsel, the counsel's contact information.  Class Lead Counsel and IFF will confer regarding the use of virtual interviews where appropriate.  Other than its own legal fees, IFF shall not be responsible for any expenses associated with interviews of former IFF employees, so long as such former employees are separately represented or unrepresented.

h.      **Declarations and Affidavits:** After the entry of the Preliminary Approval Order, upon reasonable notice, and to the extent not prohibited by any law, regulation, policy, or other rule of any governmental body protecting disclosure of such information, at IFF's expense, IFF shall use its reasonable best efforts to make available to Class Lead Counsel no more than five (5) current IFF employees designated by Class Lead Counsel for the preparation of declarations and/or affidavits throughout the duration of this Consolidated Action or any action related to any

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

Settlement Class Released Claims. At Class Lead Counsel's request and for good cause including for example, by reason of new information learned by Plaintiffs during discovery, IFF will meet and confer regarding no more than three (3) additional individuals, but failing agreement the Parties shall seek resolution by the Mediator. IFF will also use its reasonable best efforts to make current IFF employees available to provide declarations, certifications, or affidavits regarding the authentication of documents, including their certification as records of a regularly conducted activity pursuant to Fed. R. Evid. 803(6) (such declarations, certifications, and/or affidavits shall not count towards the five (5) permitted pursuant to this paragraph). Notwithstanding any other provision of this Settlement Agreement, in the event that IFF believes that Class Lead Counsel has unreasonably designated any current employee for the preparation of declarations and/or affidavits, the Parties agree to meet and confer regarding such designation and seek resolution from the Mediator if necessary. IFF shall make good faith efforts to assist Class Lead Counsel in arranging for such declarations and/or affidavits from former IFF employees for such purposes. To the extent not prohibited by any law, regulation, policy, or other rule of any governmental body protecting disclosure of such information, IFF will provide Class Lead Counsel with the last known contact information for any former employees of IFF identified pursuant to this paragraph, and, if represented by counsel, the counsel's contact information. Other than its own legal fees, IFF shall not be responsible for any expenses associated with the preparation of declarations and/or affidavits.

      i.    **Depositions:** After the entry of the Preliminary Approval Order and upon reasonable notice, IFF shall use its reasonable best efforts to make available for depositions in the Consolidated Action or any action related to any Settlement Class Released Claims up to five (5)

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

current IFF employees designated by Class Lead Counsel.  At Class Lead Counsel's request and for good cause, including, for example, by reason of new information learned by Plaintiffs during discovery, IFF will meet and confer regarding up to three (3) additional individuals, but failing agreement, the Parties will seek resolution by the Mediator.  Written notice by Class Lead Counsel upon IFF's Counsel shall constitute sufficient service for such depositions.  If IFF is unable to make a requested individual available in the United States, IFF shall use its reasonable best efforts to make the individual available at such alternative location as Class Lead Counsel may reasonably request.  IFF shall use good faith efforts to assist Class Lead Counsel in arranging the deposition of former IFF employees.  To the extent not prohibited by any law, regulation, policy, or other rule of any governmental body protecting disclosure of such information, IFF will provide Class Lead Counsel with the last known contact information for any former employees of IFF identified pursuant to this paragraph, and, if represented by counsel, the counsel's contact information.  For witnesses represented by IFF's Counsel, or for whom IFF is providing counsel, depositions shall be administered according to the rules and limitations of the Federal Rules of Civil Procedure, regardless of the location at which they take place or the citizenship of the deponent.  Notwithstanding any other provision of this Settlement Agreement, in the event that IFF believes that Class Lead Counsel has unreasonably designated any current employee for deposition, the Parties agree to meet and confer regarding such designation and seek resolution from the Mediator if necessary.  Other than its own legal fees, IFF shall not be responsible for any expenses associated with the depositions of former employees, so long as such former employees are separately represented or unrepresented.

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

      j.     **Testimony at Trial:** Upon reasonable notice and at IFF's expense, IFF shall use its reasonable best efforts to make available for testimony at trial in the Consolidated Action or any action related to any Settlement Class Released Claims, but not for the prosecution of any action or proceeding against any IFF Released Party (nor for any other purpose whatsoever), up to five (5) of the then-current IFF employees designated by Class Lead Counsel pursuant to the paragraphs above, who possess information, based on Class Lead Counsel's good faith belief, that would assist Class Plaintiffs in trial of the Class Plaintiffs' claims as alleged in the Consolidated Action or any action related to any Settlement Class Released Claim, but not for the prosecution of any action or proceeding against any IFF Released Party, nor for any other purpose whatsoever. IFF shall use good faith efforts to assist Class Lead Counsel in arranging for the appearance of former employees at trial. Other than its own legal fees, IFF shall not be obligated to bear the expenses, including but not limited to legal fees, of testimony of such former employees, so long as such former employees are separately represented or unrepresented. To the extent not prohibited by any law, regulation, policy, or other rule of any governmental body protecting disclosure of such information, IFF will provide Class Lead Counsel with the last known contact information for any former employees of IFF identified pursuant to this paragraph, and, if represented by counsel, the counsel's contact information. Notwithstanding any other provision of this Settlement Agreement, in the event that IFF believes that Class Lead Counsel has unreasonably designated any then-current employee for testimony at trial, the Parties agree to meet and confer regarding such designation and seek resolution from the Mediator if necessary.

      k.     **Continuation, Scope, and Termination of IFF's Obligation:** IFF's obligations to cooperate under the Settlement Agreement are continuing until and shall terminate

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

upon the date when final judgment has been rendered, with no remaining rights of appeal, in the

Consolidated Action against all Defendants.

20.    In the event of a disagreement between IFF and Class Lead Counsel with respect

to IFF's Cooperation obligations, the Parties will seek resolution from the Mediator, if necessary.


## USE OF THE SETTLEMENT FUND

21.    The Settlement Fund shall be established as an escrow account and administered

by the Escrow Agent, subject to approval by the Court.  The Settlement Fund shall be administered

pursuant to this Settlement Agreement and subject to the Court's continuing supervision and

control.  No monies shall be paid from the Settlement Fund without the specific authorization of

Class Lead Counsel.  Counsel for the Parties agree to cooperate, in good faith, to form an

appropriate escrow agreement in conformance with this Settlement Agreement.

22.    Without prejudice to the Settlement Class's right to seek enforcement of this

Settlement Agreement, if the total Settlement Amount is not timely transferred to the escrow

account, Class Lead Counsel may terminate this Settlement Agreement if: (i) Class Lead Counsel

has notified IFF's Counsel in writing of Class Lead Counsel's intention to terminate this

Settlement Agreement; and (ii) the entire, total Settlement Amount is not transferred to the

Settlement Fund within ten (10) business days after Class Lead Counsel has provided such written

notice.

23.    The Settlement Fund shall be invested exclusively in accounts backed by the full

faith and credit of the United States Government or fully insured by the United States Government

or an agency thereof, including a U.S. Treasury Fund or a bank account that is either: (i) fully

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

insured by the Federal Deposit Insurance Corporation ("FDIC"); or (ii) secured by instruments backed by the full faith and credit of the United States Government. The proceeds of these accounts shall be reinvested in similar instruments at their then-current market rates as they mature. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

24.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Settlement Agreement and the Plan of Distribution approved by the Court.

25.     The Settlement Fund shall be applied as follows:

      a.     to pay the Fee and Expense Award (defined below), if and to the extent allowed by the Court;

      b.     to pay all the costs and expenses reasonably and actually incurred in connection with providing Class Notice and the administration of the settlement, including, without limitation, locating members of the Settlement Class, soliciting Settlement Class members' claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, and processing proof of claim and release forms;

      c.     to pay the Taxes and tax expenses described in paragraphs 26-29 hereof;

      d.     to pay any other Court approved fees and expenses; and

      e.     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants for the Class as allowed by the Court pursuant to the Class Distribution Order (defined below).

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

26.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement

Fund within the meaning of Treasury Regulation § 1.468B-1, and agree not to take any position

for Tax purposes inconsistent therewith.  The Settlement Fund, less any amounts incurred for

notice, administration, and/or Taxes (as defined below), plus any accrued interest thereon, shall be

returned to IFF, as provided in paragraph 53, if the settlement does not become effective for any

reason, including by reason of a termination of this Settlement Agreement pursuant to paragraphs

22, 51, or 52.

27.     For the purpose of § 468B of the Code and the Treasury regulations thereunder,

Class Lead Counsel shall be designated as the "administrator" of the Settlement Fund.  Class Lead

Counsel shall timely and properly file all income, informational, and other tax returns necessary

or advisable with respect to the Settlement Fund (including, without limitation, the returns

described in Treas. Reg. § 1.468B-2(k)).  Such returns shall be consistent with paragraphs 26-29

and in all events shall reflect that all Taxes (as defined below) on the income earned by the

Settlement Fund shall be paid out of the Settlement Fund as provided herein.

28.     All: (i) taxes or other similar imposts or charges (including any estimated taxes,

interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement

Fund, including any taxes or tax detriments that may be imposed upon IFF with respect to any

income earned by the Settlement Fund for any period during which the Settlement Fund does not

qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1

(or any relevant equivalent for state tax purposes); and (ii) other taxes or tax expenses imposed on

or in connection with the Settlement Fund (collectively "Taxes"), shall promptly be paid out of the

Settlement Fund by the Escrow Agent without prior order from the Court.  The Escrow Agent, in

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

conjunction with the Claims Administrator, shall also be obligated to, and shall be responsible for, withholding from distribution to Settlement Class members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes. The Parties agree to cooperate with the Escrow Agent, the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

29.    Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent, Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Distribution; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. The Escrow Agent shall indemnify and hold harmless the Parties out of the Settlement Fund from and against any claims, liabilities, or losses relating to the matters addressed in the preceding sentence.

## FEE AND EXPENSE APPLICATION, ATTORNEYS' FEES, AND LITIGATION EXPENSES

30.    Class Lead Counsel will submit a Fee and Expense Application(s) to the Court for an award from the Settlement Fund of: (i) attorneys' fees not to exceed 33-1/3% of the Settlement Fund; (ii) reimbursement of litigation expenses, plus interest, incurred in connection with the prosecution of the Consolidated Action; and/or (iii) service awards for Plaintiffs in conjunction

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

with their representation of the Class.  IFF will take no position regarding the Fee and Expense Application.  Attorneys' fees, expenses, and interest as are awarded by the Court ("Fee and Expense Award") to Class Lead Counsel shall be paid from the Settlement Fund to Class Lead Counsel immediately upon entry by the Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Class Lead Counsel's joint and several obligation to repay those amounts to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced or reversed, or return of the Settlement Fund is required consistent with the provisions of paragraphs 51-54 hereof.  In such event, Class Lead Counsel shall, within ten (10) business days from the event which requires repayment of the Fee and Expense Award, refund to the Settlement Fund the Fee and Expense Award paid to them, along with interest.

31.    Notwithstanding any other provision of this Settlement Agreement to the contrary, the Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement or the settlement of the Consolidated Action, or affect the finality or binding nature of any of the releases granted hereunder.  IFF shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Class Lead Counsel.

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

## NOTICE AND SETTLEMENT ADMINISTRATION

32.     Upon entry by the Court of the Preliminary Approval Order, Class Lead Counsel shall engage a qualified claims administrator as the Claims Administrator.

33.     The Claims Administrator shall effectuate the notice plan approved by the Court in the Preliminary Approval Order and the Notice Order, shall administer and calculate the claims submitted by Settlement Class members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Distribution.

34.     The Claims Administrator shall assist in the development of the Plan of Distribution and the resolution of any disputes regarding the claims process.

35.     Class Notice shall, consistent with due process and the Federal Rules of Civil Procedure, endeavor to apprise each member of the Settlement Class of his, her or its right to exclude themselves from, or object to, the settlement.

36.     IFF shall, at its own expense and as reasonably available to IFF and permissible by law, supply to Class Lead Counsel in electronic format, the names and addresses of all customers in the United States or its territories, who purchased Fragrance Products in the United States or its territories from IFF during the Class Period who can be reasonably identified based on client records that IFF has in its possession, custody, or control.  Any information provided pursuant to this provision shall be covered by the protective order in effect in the Consolidated Action. Moreover, any information provided pursuant to this provision shall be used solely for purposes of providing notice and administering and verifying claims and not as an admission if the settlement is terminated, as set forth in paragraphs 2-3, 39-49, 53, and 64, and any distribution of such information shall be limited to what is necessary for those purposes.  If the Parties are unable

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

to agree on the scope of the client-identifying data to be produced, the issue shall be submitted to the Mediator for resolution. Mail Notice, or other direct notice including email, shall be mailed to those Persons that are identified by IFF. Notice to other members of the Class shall be by mail, email, and/or publication as approved by the Court.

37.     Any Person falling within the definition of the Settlement Class may request to be excluded from the Class ("Request for Exclusion"). A Request for Exclusion must be: (i) in writing, (ii) signed by the Person or his, her, or its authorized representative, (iii) state the name, address, and phone number of that Person, and (iv) include: (1) proof of membership in the Settlement Class, including documentation evidencing the purchase of Fragrance Products in the United States or its territories during the Class Period; and (2) a signed statement that "I/we hereby request that I/we be excluded from the Settlement Class in the *In re: Fragrance Direct Purchaser Antitrust Litigation*." The request must be mailed to the Claims Administrator at the address provided in the Class Notice and be postmarked no later than fifty (50) days prior to the date set for the Fairness Hearing or any other date set by the Court. Unless the Court orders otherwise, a Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Class Notice, or that is not sent within the time specified, shall be invalid, and the Person(s) filing such an invalid request shall be a Settlement Class member and shall be bound by the settlement set forth in the Settlement Agreement, if approved. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall be excluded from the Settlement Class, shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement. The Claims Administrator

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

shall cause to be provided to Class Lead Counsel and IFF's Counsel copies of all Requests for Exclusion, together with all documents and information provided with such Requests, and any written revocation of Requests for Exclusion, within three (3) business days of receipt.

38.    Any Person who has not requested exclusion from the Class and who objects to the settlement set forth in this Settlement Agreement may appear, either in person or through counsel, at that Person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant.  However, no such Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and considered by the Court, unless such Person properly submits a written objection that includes: (i) a notice of intention to appear; (ii) proof of membership in the Settlement Class, including documentation evidencing the purchase of Fragrance Products during the Class Period; (iii) the specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider; and (iv) a list of all cases in which they have acted as an objector or counsel for an objector in the last five years.  Such a written objection must be both filed with the Court no later than twenty-eight (28) days prior to the date set for the Fairness Hearing and mailed to Class Lead Counsel and IFF's Counsel at the addresses provided in the Class Notice and postmarked no later than twenty-eight (28) days prior to the date set for the Fairness Hearing.  Any Person that fails to object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objections in the Consolidated Action, unless otherwise excused for good cause shown, as determined by the Court.

39.    If the Preliminary Approval Order and the Notice Order are entered by the Court,

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

Plaintiffs shall seek, and IFF shall support, entry of a Final Judgment and Order of Dismissal that:

    a.    certifies the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) solely for the purpose of the settlement;

    b.    approves finally the settlement set forth in this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to Settlement Class members within the meaning of Fed. R. Civ. P. 23 and directing its consummation according to its terms;

    c.    finds that the Class Notice constituted due, adequate, and sufficient notice of the settlement set forth in this Settlement Agreement and the Fairness Hearing and meets the requirements of due process and the Federal Rules of Civil Procedure;

    d.    directs that, as to IFF, the Consolidated Action shall be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;

    e.    orders that Plaintiffs and the Settlement Class are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Settlement Class Released Claims against any IFF Released Party;

    f.    retains with the Court exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration and consummation of the settlement; and

    g.    determines under Fed. R. Civ. P. 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to IFF shall be final and entered forthwith.

40.    Class Lead Counsel shall share drafts of the proposed Final Judgment and Order of Dismissal with IFFs' Counsel to and shall obtain IFF's agreement to the form and content of the proposed Final Judgment and Order of Dismissal.

41.    Any Settlement Class member who does not submit a valid proof of claim and

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

release form will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Settlement Agreement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Consolidated Action and the releases provided for herein, and will be barred from bringing any action or proceeding against the IFF Released Parties concerning the Settlement Class Released Claims.

42.    The Claims Administrator shall process this settlement based upon proofs of claim submitted in connection with the settlement, and, after entry of the Class Distribution Order, distribute the Net Settlement Fund in accordance with the Class Distribution Order. Except for its obligation to pay the Settlement Amount as detailed in this Settlement Agreement, IFF shall have no liability, obligation, or responsibility for the administration of the settlement or disbursement of the Net Settlement Fund. Class Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Class Lead Counsel reasonably deems to be formal or technical defects in any proofs of claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

43.    For purposes of determining the extent, if any, to which a member of the Settlement Class shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.    Each member of the Settlement Class, at a time determined by the Court, shall be required to submit a proof of claim and release form (as shall be approved by the Court) which, *inter alia*, releases all Settlement Class Released Claims against all IFF Released Parties, is signed under penalty of perjury by an authorized Person, and is supported by such documents or proof as Class Lead Counsel and the Claims Administrator, in their discretion, may deem acceptable;

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

b.　　All proofs of claim must be submitted by the date specified by the Court, unless such period is extended by order of the Court.  Any member of the Settlement Class who fails to submit a proof of claim and release form by such date shall be forever barred from receiving any payment pursuant to this Settlement Agreement (unless, by order of the Court, a later submitted proof of claim and release form by such Settlement Class member is approved), but shall in all other respects be bound by all of the terms of this Settlement Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Consolidated Action and the releases provided for herein, and will be barred from bringing any action or proceeding against the IFF Released Parties concerning the Settlement Class Released Claims.  Provided that it is received before the motion for the Class Distribution Order is filed, a proof of claim and release form shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the proof of claim and release form shall be deemed to have been submitted when actually received by the Claims Administrator. Notwithstanding the foregoing, Class Lead Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the proceeds of Settlement Funds is not materially delayed.  Class Lead Counsel shall have no liability for failing to accept any late-submitted claims;

c.　　Each proof of claim and release form shall be submitted to and reviewed by the Claims Administrator who shall determine whether the proof of claim and release form is in accordance with this Settlement Agreement and any applicable orders of the Court, and the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

subparagraph 43(e) below. The Claims Administrator will review each approved proof of claim and release form and determine, in accordance with the Plan of Distribution, the amount to be distributed to that claimant. The Settling Parties shall not have any role in, or responsibility or liability to any Person for, the solicitation, review, or evaluation of proofs of claim;

      d.    Proofs of claim that do not meet the submission requirements may be rejected. Prior to rejection of a proof of claim and release form, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the proofs of claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose proofs of claim it proposes to reject, in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Claims Administrator. If the claimant so desires and complies with the requirements of subparagraph 43(e) below, the claimant may seek review by the Court;

      e.    If any claimant whose claim has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph 43(d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation. If a dispute concerning a claim cannot be otherwise resolved, Class Lead Counsel shall thereafter present the request for review to the Court; and

      f.    The administrative determinations of the Claims Administrator shall be presented to the Court, with notice to IFF's Counsel, for approval by the Court in the Class Distribution Order (as defined in paragraph 48).

      44.    Each claimant shall be deemed to have submitted to the jurisdiction of the Court

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

with respect to the claimant's claim, and the claim will be subject to investigation and discovery pursuant to the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Settlement Class member and the validity and amount of the claimant's claim.  No discovery shall be allowed to be directed to IFF and no discovery shall be allowed on the merits of the Consolidated Action in connection with processing of the proofs of claim.

45.    Payment pursuant to this Settlement Agreement and the Plan of Distribution shall be deemed final and conclusive against all Settlement Class members.  All Settlement Class members whose claims are not approved shall be barred from any participation in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Settlement Agreement and the settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Consolidated Action and the releases provided for herein, and will be barred from bringing any action or proceeding against the IFF Released Parties concerning the Settlement Class Released Claims.

46.    All proceedings with respect to the administration, processing, and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

47.    The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date and after: (i) all claims have been processed and evaluated by the Claims Administrator, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to the Fee and Expense Application have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iv) all fees and costs of administration have been paid.

48.     Class Lead Counsel will apply to the Court for an order (the "Class Distribution Order") approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to or for the account of Authorized Claimants, as the case may be.

49.     Plaintiffs and Settlement Class members shall look solely to the Settlement Fund tendered hereunder by IFF as full, final, and complete satisfaction of all Settlement Class Released Claims.

50.     IFF shall not have a reversionary interest in the Net Settlement Fund, subject to the provisions regarding termination of the Settlement Agreement set forth in paragraph 53.  If there is a balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), or reasonably soon thereafter, the Claims Administrator shall, if logistically feasible and economically justifiable, reallocate such balances among Authorized Claimants in an equitable fashion.  These redistributions shall be repeated until the remaining balance in the Net Settlement

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

Fund is *de minimis* and such remaining balance shall be donated to an appropriate 501(c)(3) non-profit organization selected by Class Lead Counsel.

## TERMINATION OF SETTLEMENT

51.     Plaintiffs, through Class Lead Counsel, and IFF, through IFF's Counsel, shall, in each of their separate discretions, have the right to terminate the settlement set forth in this Settlement Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of the date on which: (i) the Court enters an order declining to enter the Preliminary Approval Order in any material respect adverse to the terminating party; (ii) the Court enters an order refusing to approve this Settlement Agreement or any material part of it; (iii) the Court enters an order declining to enter the Final Judgment and Order of Dismissal in any material respect; (iv) the Court enters an Alternative Judgment; (v) the Final Judgment and Order of Dismissal is modified or reversed by a court of appeal or any higher court in any material respect; or (vi) an Alternative Judgment is modified or reversed by a court of appeal or any higher court in any material respect.  Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application and/or any Plan of Distribution, or any determination on appeal from any such order, shall not provide grounds for termination of this Settlement Agreement.

52.     Simultaneously herewith, the Parties are executing a "Supplemental Agreement" setting forth certain criteria under which this Settlement may be withdrawn or terminated at the sole discretion of IFF if potential class members who meet certain criteria exclude themselves from the Settlement Class.  The Supplemental Agreement shall not be filed with the Court except that

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

the substantive contents of the Supplemental Agreement may be brought to the attention of the Court, *in camera,* if so requested by the Court or as otherwise ordered by the Court. The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement.

53.    Except as otherwise provided herein, in the event the Settlement Agreement is terminated in accordance herewith, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties to this Settlement Agreement shall be deemed to have reverted to their respective status in the Consolidated Action as of the Execution Date (and the Parties shall be deemed to have preserved all claims and defenses), and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered, and any portion of the Settlement Fund previously paid by or on behalf of IFF, together with any interest earned thereon (and, if applicable, repayment of any Fee and Expense Award referred to in paragraph 30 hereof), less Taxes due, if any, with respect to such income, shall be returned to IFF within ten (10) business days from the date of the event causing such termination. At the request of IFF's Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to IFF.

54.    Neither IFF nor IFF's Counsel shall directly, or indirectly, solicit or encourage any Person to request exclusion from the Settlement Class.

## **EFFECTIVE DATE OF SETTLEMENT**

55.    The Effective Date of Settlement shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events:

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

a.    IFF has paid the Settlement Amount as set forth in this Settlement Agreement;

b.    entry of the Preliminary Approval Order;

c.    entry of the Notice Order;

d.    final approval by the Court of the settlement set forth in this Settlement Agreement, following Class Notice and the Fairness Hearing;

e.    no Party has exercised his, her, or its rights to terminate this Settlement Agreement pursuant to paragraphs 22, 51, or 52; and

f.    entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final, or, in the event that the Court enters an Alternative Judgment and neither Class Plaintiffs nor IFF elects to terminate this Settlement Agreement, such Alternative Judgment becomes final.

56.    Notwithstanding any other provision herein, any proceeding or order, or motion for reconsideration, appeal, petition for a writ of certiorari or its equivalent, pertaining solely to any Plan of Distribution and/or Fee and Expense Application, shall not in any way delay or preclude the Effective Date.

## MISCELLANEOUS

57.    The Supplemental Agreement and any the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein and are material and integral parts hereof, and all terms included therein shall have the same definition as the same terms when used herein.

58.    The headings herein are used for the purpose of convenience only and are not meant

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

to have legal effect.

59.     For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that it is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

60.     This Settlement Agreement, including the Supplemental Agreement and any exhibits hereto, shall constitute the entire agreement between the Settlement Class and IFF pertaining to the matters discussed herein and supersedes any and all prior and contemporaneous undertakings of the Settlement Class and IFF in connection therewith.  All terms of this Settlement Agreement are contractual and not mere recitals.  The terms of this Settlement Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class members.

61.     The Parties to this Settlement Agreement intend the settlement to be a final and complete resolution of all Settlement Class Released Claims and IFF Released Claims. Accordingly, Plaintiffs and IFF agree not to assert in any judicial proceeding that the Consolidated Action was brought by Plaintiffs or defended by IFF in bad faith or without a reasonable basis. The Parties further agree not to assert in any judicial proceeding that any Party violated Federal Rule of Civil Procedure 11.

62.     The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel and the Mediator.

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

63.     This Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs, through Class Lead Counsel, and IFF, through IFF's Counsel, subject (if after preliminary or final approval by the Court) to approval by the Court.

64.     Nothing in this Settlement Agreement constitutes an admission by IFF as to the merits of the allegations made in the Consolidated Action, the validity of any defenses that could be asserted by IFF, or the appropriateness of certification of any class other than the Settlement Class under Fed. R. Civ. P. 23 solely for settlement purposes.  This Settlement Agreement is without prejudice to the rights of IFF to: (i) challenge the Court's certification of any class, including the Settlement Class, in the Consolidated Action should the Settlement Agreement not be approved or implemented for any reason; and/or (ii) oppose any certification or request for certification in any other proposed or certified class action.

65.     All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice-of-law principles.

66.     Except as provided in paragraphs 18-20 and 36, IFF, Plaintiffs, their respective counsel, and the Settlement Class members hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the District of New Jersey, for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein.

67.     The Parties acknowledge that the Settlement Class includes both customers and non-customers of IFF, and that this Settlement Agreement makes no determination as to which

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

Settlement Class members are entitled to distribution of the Settlement Fund, or as to the formula for determining the amounts to be distributed.

68.     The proposed Plan of Distribution is not a necessary term of this Settlement Agreement and it is not a condition of this Settlement Agreement that any particular Plan of Distribution be approved.  The Released Parties will take no position with respect to the proposed Plan of Distribution or such Plan of Distribution as may be approved by the Court.  The Plan of Distribution is a matter separate and apart from the settlement between the Parties and any decision by the Court concerning a particular Plan of Distribution shall not affect the validity or finality of the proposed settlement, including the scope of the release.

69.     This Settlement Agreement may be executed in counterparts by Plaintiffs and IFF, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

70.     Plaintiffs and IFF acknowledge that they have been represented by counsel and have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  Therefore, Plaintiffs and IFF and their respective counsel agree that they will not seek to set aside any part of this Settlement Agreement on the grounds of mistake.  Moreover, Plaintiffs and IFF and their respective counsel understand, agree, and expressly assume the risk that any fact may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that this Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

71.    Each of the undersigned attorneys represents that they are fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to Court approval; and the undersigned Class Lead Counsel represent that they are authorized to execute this Settlement Agreement on behalf of Plaintiffs.  Each of the undersigned attorneys shall use their best efforts to effectuate this Settlement Agreement.

DATED: October 16, 2025

/s/ _Boris Bershteyn_

Steven R. Glaser
Boris Bershteyn
Matthew M. Martino
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, NY 10001
Phone: (212) 735-3834
boris.bershteyn@skadden.com

Frederic Depoortere
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Avenue Louise 480
1050 Brussels, Belgium
frederic.depoortere@skadden.com
Phone: + (322) 639-0300

*Counsel for International*
*Flavors & Fragrances, Inc.*

48

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

DATED: October 5, 2025

/s/ _____

Linda P. Nussbaum
NUSSBAUM LAW GROUP, PC
1133 Ave of the Americas, 31st Fl.
New York, NY 10036
Telephone: 917-438-9189
lnussbaum@nussbaumpc.com

DATED: October ___, 2025

/s/ _____

Christopher Burke
BURKE LLP
402 W. Broadway, Suite 1890
San Diego, CA 92101
Telephone: (619) 369-8244
cburke@burke.law

DATED: October ___, 2025

/s/ _____

Hilary K. Scherrer
HAUSFELD LLP
1200 17th Street, N.W.
Suite 600
Washington, DC  20006
Telephone: (202) 540-7200
hscherrer@hausfeld.com

DATED: October ___, 2025

/s/ _____

James E. Cecchi
CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
jcecchi@carellabyrne.com

*Counsel for Direct Purchaser Class
Plaintiffs*

49

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

DATED: October __, 2025                /s/_____

                                                  Linda P. Nussbaum
                                                  NUSSBAUM LAW GROUP, PC
1133 Ave of the Americas, 31st Fl.
New York, NY 10036
Telephone: 917-438-9189
lnussbaum@nussbaumpc.com

DATED: October 15, 2025                /s/_____

           Christopher Burke
BURKE LLP
402 W. Broadway, Suite 1890
San Diego, CA 92101
Telephone: (619) 369-8244
cburke@burke.law

DATED: October __, 2025                /s/_____

           Hilary K. Scherrer
HAUSFELD LLP
1200 17th Street, N.W.
Suite 600
Washington, DC  20006
Telephone: (202) 540-7200
hscherrer@hausfeld.com

DATED: October __, 2025                /s/_____

           James E. Cecchi
CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
jcecchi@carellabyrne.com

*Counsel for Direct Purchaser Class
Plaintiffs*

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

DATED: October __, 2025                /s/ _____

                    Linda P. Nussbaum
                    NUSSBAUM LAW GROUP, PC
                    1133 Ave of the Americas, 31st Fl.
                    New York, NY 10036
                    Telephone: 917-438-9189
                    lnussbaum@nussbaumpc.com

DATED: October __, 2025                /s/ _____

                    Christopher Burke
                    BURKE LLP
                    402 W. Broadway, Suite 1890
                    San Diego, CA 92101
                    Telephone: (619) 369-8244
                    cburke@burke.law

DATED: October 15, 2025                /s/ _HKScherrer_____

                    Hilary K. Scherrer
                    HAUSFELD LLP
                    1200 17th Street, N.W.
                    Suite 600
                    Washington, DC  20006
                    Telephone: (202) 540-7200
                    hscherrer@hausfeld.com

DATED: October __, 2025                /s/ _____

                    James E. Cecchi
                    CARELLA BYRNE CECCHI
                    BRODY & AGNELLO, P.C.
                    5 Becker Farm Road
                    Roseland, NJ 07068
                    Telephone: (973) 994-1700
                    jcecchi@carellabyrne.com

                    *Counsel for Direct Purchaser Class
                    Plaintiffs*

SUBMITTED FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FED. R. EVID. 408

DATED: October __, 2025               /s/ _____

                                      Linda P. Nussbaum
                                        NUSSBAUM LAW GROUP, PC
                                        1133 Ave of the Americas, 31st Fl.
                                        New York, NY 10036
                                        Telephone: 917-438-9189
                                        lnussbaum@nussbaumpc.com

DATED: October __, 2025               /s/ _____

                                        Christopher Burke
                                        BURKE LLP
                                        402 W. Broadway, Suite 1890
                                        San Diego, CA 92101
                                        Telephone: (619) 369-8244
                                        cburke@burke.law

DATED: October __, 2025               /s/ _____

                                        Hilary K. Scherrer
                                        HAUSFELD LLP
                                        1200 17th Street, N.W.
                                        Suite 600
                                        Washington, DC  20006
                                        Telephone: (202) 540-7200
                                        hscherrer@hausfeld.com

DATED: October 15, 2025               /s/ _____

                                        James E. Cecchi
                                        CARELLA BYRNE CECCHI
                                        BRODY & AGNELLO, P.C.
                                        5 Becker Farm Road
                                        Roseland, NJ 07068
                                        Telephone: (973) 994-1700
                                        jcecchi@carellabyrne.com

                                        *Counsel for Direct Purchaser Class*
                                        *Plaintiffs*