# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: FRAGRANCE DIRECT PURCHASER ANTITRUST LITIGATION | Case No. 23-cv-2174-WJM-JSA<br><br>ORDER |

**WILLIAM J. MARTINI, U.S.D.J:**

Before the Court is Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant International Flavors & Fragrances, Inc. pursuant to Fed. R. Civ. P. 23(e), and Provisional Certification of Settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) (the "Motion"). ECF No. 238.

WHEREAS the Direct Purchaser Plaintiffs ("DPPs") and Defendant International Flavors & Fragrances, Inc. ("IFF") reached a settlement agreement (the "Settlement Agreement") for a monetary payment of $26,000,000 and full and timely cooperation from IFF both in terms of effectuating the Settlement Agreement and in providing information, documents, and testimony that will aid the continued prosecution of the above-captioned litigation (the "Consolidated Action") against the non-settling Defendants. ECF No. 238-2, Ex. A. Having reviewed the Motion, Settlement Agreement, accompanying declaration of counsel, and all prior proceedings herein, and for other good cause shown,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED** as set forth herein.

## I.   CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

For settlement purposes only and pursuant to Fed. R. Civ. P. 23(a), (b)(3), and (e), the Court provisionally certifies a class in this matter (the "DPP Settlement Class") defined as follows:

> All Persons and entities, and their successors and assigns, in the United States and its territories who purchased Fragrance Products directly from any of the Defendants or their subsidiaries or affiliates during the period of time between January 1, 2018 and December 31, 2023.
>
> Excluded from the DPP Settlement Class are Defendants, IFF Released Parties, conspirators, the officers, directors, or employees of any Defendant or conspirator, any entity in which

any Defendant or conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or co-conspirator, and any person acting on their behalf. Also excluded from the Class are any judicial officer presiding over the Consolidated Action and the members of his/her immediate family and judicial staff, and any juror assigned to the Consolidated Action, as well as any Person or entity who or which submits a valid and timely request for exclusion in accordance with the requirements set forth in the Class Notice and whose request is accepted by the Court.

The Court provisionally finds, for settlement purposes only, that (a) the DPP Settlement Class is so numerous and geographically dispersed that their joinder before the Court would be impracticable; (b) there are issues of law and fact common to the DPP Settlement Class; (c) DPPs' claims are typical of the claims of the DPP Settlement Class, in that these claims arise from the same common course of alleged illegal anticompetitive conduct by Defendants, are based on the same alleged theories, and require the same kinds of evidence to prove those theories; (d) DPPs will fairly and adequately protect the interests of the DPP Settlement Class; (e) common questions of law and fact predominate over questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Consolidated Action.

## II. SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL

The Court hereby appoints the named DPPs B & E Associates, Inc. (d/b/a Keystone Candle Company), Cospro Development Corp., Demeter F.L., Inc. (d/b/a Demeter Fragrance Library), Hanna's Candle Company, and Our Own Candle Company, Inc. as the representatives for the DPP Settlement Class on a provisional basis. The Court provisionally finds that the Class Representatives are similarly situated to absent DPP Settlement Class Members, and therefore typical of the Class, and that they will be adequate Class Representatives.

Upon consideration of factors set forth in Rule 23(g)(1)(A), the Court provisionally appoints Linda Nussbaum, Christopher Burke, and Hilary Scherrer as DPP Settlement Class Counsel.

## III. PRELIMINARY SETTLEMENT APPROVAL

Upon preliminary review, the proposed settlement is fair, reasonable, and adequate to warrant providing notice of the settlement to the DPP Settlement Class and accordingly is preliminarily approved, subject to further consideration at the Fairness Hearing to be conducted as described below. Pursuant to Rule 23(e)(1), DPPs have shown that the Court will likely be able to approve the proposal under Rule 23(e)(2), which requires the Court to consider the following factors in determining whether a proposed settlement is fair, reasonable, and adequate:

2

(a) have the class representatives and class counsel adequately represented the class;
(b) was the proposal negotiated at arm's length;
(c) is the relief provided for the class adequate, taking into account:
    i. the costs, risks, and delay of trial and appeal;
    ii. the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    iii. the terms of any proposed award of attorneys' fees, including timing of payment; and
    iv. any agreement required to be identified under Rule 23(e)(3); and
(d) does the proposal treat class members equitably relative to each other.

For the purposes of preliminary approval, the Court finds (a) Plaintiffs and Settlement Class Counsel have adequately represented the DPP Settlement Class composed of the DPPs; (b) the settlement is the product of arm's length negotiations conducted under the guidance and oversight of non-party mediator Hon. Layn R. Phillips (Ret.); (c) the relief provided is adequate when considering (i) the substantial costs, risks, and delay of continued litigation; (ii) the proposed method for processing DPP Settlement Class Members' claims and distributing relief to eligible claimants is widely accepted in antitrust class action settlements and has been found to be effective in these types of settlements; and (iii) the conditions under which the Parties may terminate the settlement are standard and have no negative impact on the fairness of the settlement; and (d) the settlement treats DPP Settlement Class Members equitable relative to one another.

### IV. JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C.§ 1391(b)(1).

### V. NOTICE TO THE CLASS

DPPs shall submit a motion to approve the Notice Plan no later than 30 days following the Defendants' production of the DPP Settlement Class data, or within 90 days of the date of this Order, whichever is earlier. The motion shall include, for the Court's approval, the name of a proposed claims administrator to effectuate the Notice Plan to the DPP Settlement Class, as well as proposed dates for commencement of the Notice Plan and the Fairness Hearing.

### VI. FAIRNESS HEARING

After notice to the DPP Settlement Class has ultimately been approved and disseminated, the Court shall hold a hearing ("Fairness Hearing"), to determine whether, *inter alia*, the settlement is fair, reasonable and adequate, and whether final judgment should be entered,

terminating the litigation between DPPs and IFF. A Fairness Hearing will be held on a date to be determined as described in paragraph V.

DPPs' Motion for Final Approval of Settlement, and any of DPPs' Application for Attorneys' Fees, Costs, and Service Awards, shall be filed with the Court at least 45 days before the original date of the Fairness Hearing.

The Court may adjourn the Fairness Hearing without further notice to the Settlement Class Members and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class Members.

### VII. APPOINTMENT OF ESCROW AGENT

The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. § 1.468B-1. The Court appoints The Huntington National Bank as the Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund, as defined in the Settlement Agreement. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

### VIII. STAY OF CONSOLIDATED ACTION AS AGAINST IFF

All proceedings in the Consolidated Action with respect to IFF Released Parties (as defined in the Settlement Agreement) are stayed until further order of the Court, except as may be necessary to implement the Proposed Settlement as set forth in the Settlement Agreement or comply with the terms thereof. Pending final determination of whether the Proposed Settlement set forth in the Settlement Agreement should be approved, each DPP and each DPP Settlement Class member, either directly, representatively, or in any other capacity, is enjoined from prosecuting in any forum any Settlement Released Claims (as defined in the Settlement Agreement) or assisting any third party in commencing or maintaining any suit against any IFF Released Parties related in any way to any Settlement Class Released Claims.

### IX. EXCLUSION FROM CLASS

After notice to the DPP Settlement Class has been disseminated, members of the DPP Settlement Class who wish to exclude themselves from the DPP Settlement Class will be required to submit an appropriate and timely request for exclusion, postmarked no later than 50 days before the original date of the Fairness Hearing, and members of the DPP Settlement Class who wish to object to the Settlement Agreement will be required to submit an appropriate and timely written statement of the grounds for objection.

### X. OBJECTIONS TO SETTLEMENT

A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement and must do so no later than 30 days before the original date of the Fairness Hearing (the "Objection Period"). No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) filed with the Court by the last day of the Objection Period; and (b) served by first class mail on Defendants' Counsel and Class Counsel by

the last day of the Objection Period. For an objection to be considered by the Court, the objection must comply with the terms of the Notice.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the settlement shall be bound by the terms of the settlement. If Final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Approval Order and Judgment. All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

Members of the DPP Settlement Class who wish to appear in person to object to the Settlement Agreement may do so at the Fairness Hearing pursuant to directions by the Court.

## XI. TERMINATION OF SETTLEMENT

If final approval of the Proposed Settlement is not granted or if the Proposed Settlement is otherwise terminated pursuant to the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing immediately prior to the Execution Date of the Settlement Agreement.

Date: November 17, 2025

WILLIAM J. MARTINI, U.S.D.J.