# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: FRAGRANCE DIRECT PURCHASER ANTITRUST LITIGATION | Case No. 2:23-cv-02174-WJM-JSA<br><br>Jury Trial Demanded |

# MEMORANDUM OF LAW IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF IFF SETTLEMENT NOTICE PLAN AND APPOINTMENT OF CLAIMS ADMINISTRATOR

James E. Cecchi
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700
Fax: (973) 994-1744
jcecchi@carellabyrne.com

*Liaison Counsel for Direct Purchaser Plaintiffs*

[Additional Attorneys on Signature Page]

# TABLE OF CONTENTS

**TITLE**                                                                                      **PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ................................................................................................1

II.     ARGUMENT ........................................................................................................3

        A.      The Court Should Preliminarily Approve the Proposed Notice Plan ...3

        B.      The Court Should Appoint Simpluris as Claims Administrator ...........7

        C.      Proposed Schedule of Settlement Events ...............................................8

CONCLUSION ..................................................................................................................9

i

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*In re Baby Prods. Antitrust Litig.*,
    708 F.3d 163 (3d Cir. 2013) ...................................................................................4

*City of Greenville v. Syngenta Crop Prot., Inc.*,
    2012 WL 1948153 (S.D. Ill. May 30, 2012) .........................................................3

*Cunningham v. DG3 N. Am., Inc.*,
    No. 2:24-CV-07385, 2025 WL 2919331 (D.N.J. Oct. 14, 2025)..........................6

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974).............................................................................................4

*Hacker v. Elec. Last Mile Sols. Inc.*,
    722 F. Supp. 3d 480 (D.N.J. 2024)......................................................................3

*Holden v. Guardian Analytics, Inc.*,
    No. 2:23-CV-2115, 2024 WL 2845392 (D.N.J. June 5, 2024) ............................6

*In re Lipitor Antitrust Litig.*,
    12-cv-02389-PGS-JBD (ECF 1374) (Mar. 8, 2024) ............................................6

*Lupian v. Joseph Cory Holdings*,
    No. 16-CV-5172, 2019 WL 3283044 (D.N.J. July 22, 2019) ..............................6

*In re Mercedes-Benz Emissions Litig.*,
    No. 216CV881KMESK, 2021 WL 7833193 (D.N.J. Aug. 2, 2021) ....................4

*In re Metoprolol Succinate Direct Purchaser Antitrust Litig.*,
    No. CV 06-052 MPT, 2011 WL 13097266 (D. Del. Nov. 16, 2011)...................6

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
    339 U.S. 306 (1950)........................................................................................4, 6

*Mylan Pharms., Inc. v. Warner Chilcott Pub. Ltd. Co.*,
    No. CV 12-3824, 2014 WL 12778314 (E.D. Pa. Sept. 15, 2014).......................6

*In re Prudential Ins. Co. Am. Sales Pracs. Litig.*,
    148 F.3d 283 (3d Cir. 1998) .............................................................................4, 6

**Other Authorities**

Fed. R. Civ. P. 23(c)(2)(B) ....................................................................................3

Fed. R. Civ. P. 23 ...................................................................................*passim*

Pursuant to Federal Rule of Civil Procedure 23, Direct Purchaser Plaintiffs[1] ("Plaintiffs" or "DPPs") respectfully submit this memorandum of law in support of their Motion for Preliminary Approval of IFF Settlement Notice Plan and Appointment of Claims Administrator ("Notice Plan Motion") seeking entry of an Order (1) approving the proposed means and form of notice ("Notice Plan") for the settlement between DPPs, on behalf of themselves and the DPP Settlement Class, and Defendant International Flavors & Fragrances, Inc. ("IFF"), (2) appointing Simpluris, Inc. ("Simpluris") as the Claims Administrator, and (3) proposing a schedule for notice and final approval.[2] IFF supports entry of the Order.

## I.    INTRODUCTION

On October 16, 2025, DPPs entered into a settlement agreement with Defendant IFF (the "Settlement Agreement" or "Settlement"). This Settlement provides the Settlement Class with $26 million and valuable cooperation, which will

---

[1] Direct Purchaser Plaintiffs are B & E Associates, Inc. (d/b/a Keystone Candle Company); Cospro Development Corp., Demeter F.L., Inc. (d/b/a Demeter Fragrance Library); Hanna's Candle Company; and Our Own Candle Company, Inc. (the "DPPs" or "Plaintiffs").

[2] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Settlement Agreement, which is attached as Exhibit A to the Joint Declaration of Interim Co-Lead and Liaison Class Counsel in Support of Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement With Defendant International Flavors & Fragrances, Inc., and Provisional Certification of Settlement Class (ECF No. 238).

aid DPPs in their prosecution of the case against the Non-Settling Defendants.[3] (ECF No. 238, Exhibit A). The Court preliminarily approved the Settlement and provisionally certified the Settlement Class on November 17, 2025. (ECF 252.) DPPs now seek approval of the proposed Notice Plan.

Following a competitive bidding process, Class Counsel selected Simpluris as the Claim Administrator based on its competitive bid and qualifications. Simpluris has been appointed to administer over 10,000 cases and it has distributed over $10 billion in funds. It maintains robust data and cybersecurity practices, controls, and procedures to prevent both external and internal unauthorized access to sensitive client and company data. *See* Declaration of Julie Meichsner ("Meichsner Decl."), ¶¶ 3-9, attached hereto.

In consultation with Class Lead Counsel, Simpluris has designed a robust Notice Plan, which is consistent with the requirements of Federal Rules of Civil Procedure 23, the Due Process Clause of the United States Constitution, and The Federal Judicial Center's ("FJC") guidelines for the best practicable due process notice. *See* Meichsner Decl., ¶ 32. As described further below, the Notice Plan includes direct notice, which is expected to reach virtually all Settlement Class

---

[3] Non-Settling Defendants are DSM-Firmenich AG; Firmenich International SA; Firmenich Inc.; Agilex Flavors & Fragrances, Inc.; Givaudan SA; Givaudan Fragrances Corporation; Ungerer & Company, Inc.; Custom Essence LLC; Symrise AG; Symrise Inc.; and Symrise US LLC.

Members, supplemented by a media notice program designed to reinforce awareness of the Settlement within the fragrance and cosmetics industry. *See* Meichsner Decl. ¶¶ 12-28, 41. Moreover, the notice documents contain easy-to-read summaries of the Settlement and instructions on how to obtain more information. *Id.* at ¶ 33.

Accordingly, the Court should appoint Simpluris as the Claims Administrator and approve the proposed Notice Plan.

## II.   ARGUMENT

### A.   The Court Should Preliminarily Approve the Proposed Notice Plan

When certifying a Rule 23(b)(3) class, the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Where class members can be identified through reasonable effort, individual notice can be accomplished through United States mail or electronic means. *See* Fed. R. Civ. P. 23(c)(2)(B); *see also* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendments (recognizing that because of changing technology, email may be the most promising means of notice). Other members may be notified by publication. *See, e.g.*, *Hacker v. Elec. Last Mile Sols. Inc.*, 722 F. Supp. 3d 480, 503 (D.N.J. 2024) (collecting cases); *see also City of Greenville v. Syngenta Crop Prot., Inc.*, 2012 WL 1948153, at *4 (S.D. Ill. May 30, 2012). This standard does not require every conceivable class member to receive

actual notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974); *see also In re Mercedes-Benz Emissions Litig.*, No. 216CV881KMESK, 2021 WL 7833193, at *8 (D.N.J. Aug. 2, 2021) (recommending approval where some individual notices were returned as undeliverable).

In terms of content, a settlement notice need only be "reasonably calculated, under all of the circumstances, to apprise [the] interested parties of the pendency of the [settlement proposed] and [to] afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). "The Rule 23(e) notice is designed to summarize the litigation and the settlement and to apprise class members of the right and opportunity to inspect the complete settlement documents, papers, and pleadings filed in the litigation." *In re Prudential Ins. Co. Am. Sales Pracs. Litig.*, 148 F.3d 283, 327 (3d Cir. 1998) (quoting 2 Newberg on Class Actions § 8.32 at 8–109). The notice should "enable class members to make informed decisions on whether they should take steps to protect their rights." *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 180 (3d Cir. 2013).

It is DPPs' understanding that mailing and/or email addresses are available for the majority of Settlement Class Members.[4] Accordingly, the proposed Notice

---

[4] For purposes of developing the Notice Plan, IFF and the Non-Settling Defendants have provided information to DPPs' counsel regarding the extent to

Plan here includes: (1) for all Settlement Class Members for whom a postal address is available, direct notice via U.S. Mail; (2) for all Settlement Class Members for whom an email address is available, direct notice by email; (3) a supplemental media notice program designed to reinforce awareness of the Settlement within the fragrance and cosmetics industry, using both print and digital media outlets; (4) a settlement website established to allow Settlement Class Members to obtain information regarding the Settlement; and (5) a toll-free number to provide Settlement Class Members with a means of gaining further information regarding the Settlement. *See* Meichsner Decl. ¶¶ 12-28, Exhibits A-E. The Notice Plan readily satisfies the "best practicable notice" standard.

The Notice documents are designed to provide information about the Settlement, along with clear, concise, easily understood information about Settlement Class Members' legal rights. Specifically, the Notice describes (1) the nature of the proposed settlement and the proposed Plan of Allocation; (2) the nature and extent of the release of claims; (3) Class Counsel's intent to request attorneys'

---

which certain customer names and contact information (e.g., mailing and/or email addresses) are available in data kept in the ordinary course of business—i.e., the percentage of customers with physical billing addresses, the percentage of customers with physical shipping addresses, and the percentage of customers with email addresses. IFF and the Non-Settling Defendants have also agreed to provide certain customer contact information to the Claims Administrator for purposes of facilitating direct notice to Settlement Class Members ("Customer Lists").

fees and expenses; (4) the procedure and timing for opting out of the Settlement; (5) the procedure and timing for objecting to the Settlement; (6) the date, time, and place of the Final Approval Hearing; and (7) ways to receive additional information about the litigation and the proposed Settlement, including with a toll-free telephone number, email address, and a settlement website where Settlement Class Members may obtain additional information. *See* long form Detailed Notice, attached to the Declaration as Exhibit E; short form postcard Mail Notice, as Exhibit A. The Notices are reasonably calculated to apprise Settlement Class Members of the pendency of the Settlement and to afford them a fair opportunity to object. *See Mullane*, 339 U.S. at 314; *In re Prudential*, 148 F.3d at 327.

This Court has approved similar notice plans.[5] Other direct purchaser antitrust settlements in the District of New Jersey have implemented comparable notice plans.[6] Other district courts in the Third Circuit also follow this pattern.[7]

---

[5] *See, e.g.*, *Lupian v. Joseph Cory Holdings*, No. 16-CV-5172, 2019 WL 3283044, at *6 (D.N.J. July 22, 2019) (approving a settlement plan which would provide direct notice by mail and email); *Cunningham v. DG3 N. Am., Inc.*, No. 2:24-CV-07385, 2025 WL 2919331, at *3 (D.N.J. Oct. 14, 2025) (ordering that potential class members be notified by mail); *Holden v. Guardian Analytics, Inc.*, No. 2:23-CV-2115, 2024 WL 2845392, at *4 (D.N.J. June 5, 2024) (same).

[6] *See, e.g.*, *In re Lipitor Antitrust Litig.*, 12-cv-02389-PGS-JBD (ECF 1374) (Mar. 8, 2024) (approving a settlement of direct purchasers, requiring only dissemination of the notice via first-class mail to the recipients' last-known address).

[7] *See, e.g.*, *In re Metoprolol Succinate Direct Purchaser Antitrust Litig.*, No. CV 06-052 MPT, 2011 WL 13097266, at *3 (D. Del. Nov. 16, 2011) (ordering that notice be mailed to the last known address from defendants' sales database); *see also*

Accordingly, the Court should preliminarily approve the proposed Notice Plan.

### B.    The Court Should Appoint Simpluris as Claims Administrator

Plaintiffs respectfully request that the Court appoint Simpluris to serve as the Claims Administrator, which includes providing notice of the Settlement, administering the claims process, and distribution of the Net Settlement Fund. Prior to engaging Simpluris, Class Counsel sent a Request for Proposal ("RFP") to four other leading claims administrators. The RFP included a carefully drafted outline requiring the respondents to make the same fixed assumptions about notice and settlement administration. Class Counsel selected Simpluris as the Claims Administrator based on its competitive pricing and its proven experience administering claims in large class actions. Simpluris is a highly experienced and well-qualified settlement notice and claims administrator, *see* Meichsner Decl. ¶¶ 3-4. It has been administering class action settlements for over fifteen years, in which time we have been appointed in over 10,000 cases and distributed over $10 billion in funds. *See id.*, ¶ 3. Moreover, Simpluris maintains robust data and cybersecurity practices, controls, and procedures. *See id.*, ¶¶ 5-9. Class Counsel are confident in

---

*Mylan Pharms., Inc. v. Warner Chilcott Pub. Ltd. Co.*, No. CV 12-3824, 2014 WL 12778314, at *3 (E.D. Pa. Sept. 15, 2014) (notice mailed by first-class mail to the last known address of all class members in defendants' sales database, and posted on counsel's firm website).

the firm's ability to provide the successful administration of notice of this
Settlement.

### C.    Proposed Schedule of Settlement Events

The Court also directed that the Motion for Final Approval of Settlement, as
well as any application for Attorneys' Fees, Costs, and Service Awards, "shall be
filed with the Court at least 45 days before the original date of the Fairness Hearing."
*Id.* at 4.

DPPs respectfully submit the following proposed notice schedule:

| Event | Deadline |
|---|---|
| Order approving Notice Plan ("Order") | |
| Non-Settling Defendants to provide Customer Lists to DPPs | 60 days after the Order |
| Dissemination of mail and/or email notice; activation of settlement website and toll-free number | 90 days after the Order |
| Publication of digital and print notices | 90 days after the Order or as soon as practicable thereafter due to publication schedules |
| Deadline to Opt-Out from the Settlement (this is a postmark deadline) | 135 days after the Order |
| Final Approval Motion and Fee/Expenses Petition | 140 days after the Order |
| Deadline to Object to the Settlement (this is a postmark deadline) | 155 days after the Order |
| Plaintiffs' Responses to any objections to the Settlement and Fee Petition | 170 days after the Order |
| Final Approval Hearing | 185 days after the Order, or as soon thereafter as is convenient for the Court |

8

## CONCLUSION

For all the reasons stated above, DPPs respectfully request that the Court (1) preliminarily approve the Notice Plan for the settlement reached between DPPs, on behalf of themselves and the proposed settlement class, and Defendant IFF; (2) appoint Simpluris as the Claims Administrator, and (3) adopt the proposed schedule of settlement events.

Dated: March 30, 2026                    Respectfully submitted,

                                         */s/ James E. Cecchi*
                                         James E. Cecchi
                                         **CARELLA, BRYNE, CECCHI,**
                                         **BRODY & AGNELLO, P.C.**
                                         5 Becker Farm Road
                                         Roseland, NJ 07068
                                         Tel.: (973) 994-1700
                                         jcecchi@carellabyrne.com

                                         *Liaison Counsel for Direct Purchaser*
                                         *Plaintiffs*


                                         Linda P. Nussbaum
                                         **NUSSBAUM LAW GROUP, P.C.**
                                         1133 Avenue of the Americas
                                         31st Floor
                                         New York, NY 10036
                                         Tel.: (917) 438-9189
                                         lnussbaum@nussbaumpc.com

                                         Christopher M. Burke
                                         **BURKE LLP**
                                         402 W. Broadway, Suite 1890
                                         San Diego, CA 92101-8577
                                         Tel.: (619) 369-8244

9

cburke@burke.law

Hilary K. Scherrer
**HAUSFELD LLP**
1200 17th Street, N.W., Suite 600
Washington, DC 20006
Tel.: (202) 540-7200
hscherrer@hausfeld.com

*Interim Co-Lead Class Counsel for the
Direct Purchaser Plaintiffs*

10