

**Gavin J. Rooney**
Partner
Chair, Business & Class Action
Litigation

One Lowenstein Drive
Roseland, New Jersey 07068

T: (973) 597-2472
E: grooney@lowenstein.com

**VIA ECF**

August 3, 2026

Hon. Jessica S. Allen, U.S.M.J.
Martin Luther King Building U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:    *In re Fragrance Direct Purchaser Antitrust Litigation*
       **No. 23-cv-02174-WJM-JSA**

       *In re Fragrance Indirect Purchaser Antitrust Litigation*
       **No. 23-cv-03249-WJM-JSA**

       *In re Fragrance End-User Plaintiff Antitrust Litigation*
       **No. 23-cv-16127-WJM-JSA**

Dear Judge Allen:

This firm represents Conopco, Inc. and its parent entity, Unilever United States, Inc. (collectively, "Conopco").  While Conopco is itself not a party to these litigations, Conopco's highly confidential and proprietary procurement information is very much at issue.  Therefore, I write to request the Court's entry of an Addendum to the existing Confidentiality Order in order to protect Conopco's confidential and proprietary information from misuse and improper disclosure.

In general terms, these three antitrust class actions allege that the defendant fragrance suppliers engaged in anticompetitive conduct in the market for the supply of fragrance ingredients to finished-product manufacturers like Conopco.  Conopco, in fact, manufactures and markets a wide variety of consumer and personal-care products that incorporate fragrances supplied to it by each of the four major fragrance-supplier defendants sued in these actions.  The pricing and other terms of procurement between Conopco and any of these four suppliers is confidential.  Disclosure of those terms to a competing supplier would be highly prejudicial to Conopco and injurious to Conopco's future contract negotiations with that competing supplier. For these reasons, the procurement contracts with each supplier require the supplier to maintain the pricing and other terms in the strictest confidence.

Conopco's confidential pricing and other procurement terms are subject to discovery in these actions through two mechanisms.  First, each counterparty supplier itself has possession of its pricing and procurement terms with Conopco.  Indeed, we understand that one such supplier,

---

NEW YORK    PALO ALTO    NEW JERSEY    UTAH    WASHINGTON, D.C.    Lowenstein Sandler LLP

August 3, 2026
Page 2

DSM-Firmenich AG ("Firmenich"), has recently produced Conopco's pricing and terms to the direct-purchaser plaintiffs. Second, Conopco was served with non-party subpoenas *duces tecum* by the indirect-purchaser plaintiffs. Conopco is presently meeting and conferring with those plaintiffs to respond to the subpoenas.

The present Confidentiality Order is insufficient to protect Conopco's interests. As currently written, it permits disclosure of documents marked "Attorneys' Eyes Only" to unnamed and unlimited in-house counsel or, if a supplier defendant lacks in-house counsel, "one designated executive or officer." *See* Confidentiality Order, Section 19(b). As such, this provision permits the disclosure of Conopco's proprietary pricing and contract terms to officers, executives, and employees of competing market participants under certain circumstances.

To ensure adequate protection of its data, Conopco requests that the Confidentiality Order be amended to prohibit any disclosure of its pricing and related terms to any employee, executive or officer of a competing supplier, including in-house counsel; and that any such disclosure be limited to the supplier's outside counsel retained to defend the litigations. I have prepared the attached, proposed Addendum to the Confidentiality Order to effect these modifications.

We have attempted to resolve these issues on consent. We raised this concern with the indirect-purchaser plaintiffs who served the subpoenas and do not believe they object to this modification of the Confidentiality Order. However, DSM-Firmenich AG ("Firmenich"), the fragrance supplier who has already produced Conopco's information in discovery, has refused its consent to these modifications. Once Firmenich refused, we had no choice but to apply to the Court for this relief.

Conopco presents this informal application by letter in the hopes that this issue can be resolved without formal motion practice. If the Court so directs, however, Conopco is prepared to file a complaint in intervention and file a formal motion for a protective order seeking this relief.

We remain available for a conference with the Court to discuss this application. We thank the Court for its time and attention to this matter.


Respectfully submitted,

Gavin J. Rooney

cc:    All Counsel of Record (w/encl.; via ECF)